UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

T.M.,

      Plaintiff,               Case No. 23-cv-10852

v.                             Hon. George Caram Steeh
                                Magistrate Kimberly J. Altman

DETROIT PUBLIC SCHOOLS
COMMUNITY DISTRICT,

      Defendant.

| | |
|---|---|
| Elizabeth K. Abdnour P78203 | Vickie L. Coe (P72489) |
| Jacquelyn N. Babinski P83575 | Clark Hill PLC |
| ELIZABETH ABDNOUR LAW, PLLC | Attorneys for Defendant |
| 1100 W. Saginaw St., Ste. 4A-2 | 215 S. Washington Square, Suite 200 |
| Lansing, MI 48915 | Lansing, MI 48933 |
| Telephone: (517) 292-0067 | (517) 318-3013 |
| Fax: (517) 709-7700 | vcoe@clarkhill.com |
| elizabeth@abdnour.com | |
| jacquelyn.babinski@abdnour.com | |

## ANSWER AND AFFIRMATIVE DEFENSES

Defendant, Detroit Public Community School District, by and through its attorneys, Clark Hill PLC, hereby submits its Answer and Affirmative Defenses in Response to Plaintiff T.M.'s Complaint and states as follows.

## INTRODUCTION

1.  T.M.,[1] now eighteen years old, began receiving special education services in the District in preschool.

**ANSWER: Admitted on information and belief.**

2.  Despite T.M.'s diagnoses of Sickle Cell Anemia and Attention-Deficit/Hyperactivity Disorder ("ADHD"), her lack of academic progress year after year, as well as her mother, S.C.'s, persistent, vocal concerns about the inadequacy of T.M.'s accommodations and services, the District failed to comprehensively evaluate T.M. to assess her educational needs.

**ANSWER: Defendant admits that T.M. has a diagnosis of Sickle Cell Anemia and Attention-Deficit Hyperactivity Disorder ("ADHD"). Defendant complied with its legal obligations under the IDEA and either conducted appropriate evaluations or concluded, as permitted by the IDEA, that no further assessments were deemed needed to determine T.M.'s continued eligibility or her educational needs. Defendant denies the remaining allegations contained in Paragraph 2 and leaves Plaintiff to her proofs.**

3.  Without baseline data on T.M.'s academic and cognitive abilities or periodic reevaluations, T.M.'s Individualized Education Plan ("IEP") consisted of inappropriate, unattainable goals and inadequate services and accommodations.

**ANSWER: Defendant neither admits nor denies the allegations contained therein for lack of knowledge upon which to form a belief and, therefore, leaves Plaintiff to her proofs.**

---

[1] T.M. are the student's initials.

4. S.C. repeatedly asked the District for more frequent reporting on her daughter's progress and more data and tests to assess the appropriateness of T.M.'s IEP.

**ANSWER: Defendant neither admits nor denies the allegations contained therein for lack of knowledge upon which to form a belief and, therefore, leaves Plaintiff to her proofs.**

5. The District either ignored or rejected S.C.'s requests.

**ANSWER: Defendant neither admits nor denies the allegations contained therein for lack of knowledge upon which to form a belief and, therefore, leaves Plaintiff to her proofs.**

6. T.M. has now graduated high school with elementary or middle school level reading, writing, and math skills.

**ANSWER: Defendant neither admits nor denies the allegations contained therein for lack of knowledge upon which to form a belief and, therefore, leaves Plaintiff to her proofs.**

7. Accordingly, T.M. alleges that the District denied her a Free and Appropriate Public Education ("FAPE") by failing to evaluate her, failing to draft an IEP reasonably calculated to meet her educational needs, failing to revise her IEP to enable her to make progress, and by failing to implement her IEP as written.

**ANSWER: Defendant denies these allegations as untrue and inconsistent with the Administrative Law Judge's ("ALJ") findings of fact and law. A due process hearing complaint was filed against the Defendant alleging these allegations. Following a multi-day due process hearing, the ALJ, having weighed the evidence and testimony presented, properly held that the Defendant had provided T.M. with a free appropriate public education. Indeed,**

the ALJ rejected claims advanced on T.M.'s behalf that Defendant had failed to evaluate T.M. in accordance with the IDEA; failed to draft appropriate individualized education programs ("IEP") that were reasonably calculated to meet her unique educational needs, as required by the IDEA; failed to review and revise T.M.'s IEPs to enable her to make meaningful progress as required by the IDEA; and failed to implement T.M.'s IEPs.

8.  T.M. has an interest in doing hair and nails.

**ANSWER: Defendant neither admits nor denies the allegations contained therein for lack of knowledge upon which to form a belief and, therefore, leaves Plaintiff to her proofs.**

9.  She hopes to study business and cosmetology and to one day open her own salon.  (Tr. 204).

**ANSWER: Defendant neither admits nor denies the allegations contained therein for lack of knowledge upon which to form a belief and, therefore, leaves Plaintiff to her proofs.**

10. However, due to the District's denial of a FAPE, T.M. lacks the foundational skills needed to be a productive member of society and to succeed in her post-graduation plans.

**ANSWER: Defendant denies this these allegations contained therein for the reason that they are untrue and inconsistent with the ALJ's proper determination that Defendant did not deprive T.M. of a FAPE.**

11. Thus, she now seeks reversal of the ALJ's decision and compensatory education services to help her advance as far as possible towards the level of a high

school graduate in reading, writing, and math and to provide her behavioral and mental supports to address her underlying social-emotional needs.

**ANSWER: Defendant admits that Plaintiff seeks reversal of the ALJ's decision and seeks the relief set forth in Paragraph No. 11, but Defendant denies liability and further denies that Plaintiff is eligible for or entitled to the requested relief.**

## JURISDICTION AND VENUE

12. This Court has original jurisdiction over Plaintiff's federal claims under 29 U.S.C. § 626 and 28 U.S.C. § 1331.

**ANSWER: Defendant neither admits nor denies the allegations contained therein for lack of knowledge upon which to form a belief and, therefore, leaves Plaintiff to her proofs.**

13. This Court also has subject matter jurisdiction pursuant to 28 U.S.C. § 1343, which gives district courts original jurisdiction over: (a) any civil action authorized by law to be brought by any person to redress the deprivation, under color of any state law, statute, ordinance, regulation, custom, or usage, of any right, privilege, or immunity secured by the Constitution of the United States or by any Act of Congress providing for equal rights of citizens or of all persons within the jurisdiction of the United States; and (b) any civil action to recover damages or to secure equitable relief under any Act of Congress providing for the protection of civil rights.

**ANSWER: Defendant neither admits nor denies the allegations contained therein for lack of knowledge upon which to form a belief and, therefore, leaves Plaintiff to her proofs.**

14. The Court also has jurisdiction over Plaintiff's IDEA claims under 20 U.S.C. §§ 1415(i)(2)(A) and 1415(i)(3)(A), which confer jurisdiction without regard to the amount in controversy.

**ANSWER: Defendant neither admits nor denies the allegations contained therein for lack of knowledge upon which to form a belief and, therefore, leaves Plaintiff to her proofs.**

15. The Court has supplemental jurisdiction over Plaintiff's state-law claims under 28 U.S.C. § 1367.

**ANSWER: Defendant neither admits nor denies the allegations contained therein for lack of knowledge upon which to form a belief and, therefore, leaves Plaintiff to her proofs.**

16. Plaintiff has exhausted all administrative remedies pursuant to 20 U.S.C. § 1415(l).[2]

**ANSWER: Defendant neither admits nor denies the allegations contained therein for lack of knowledge upon which to form a belief and, therefore, leaves Plaintiff to her proofs.**

17. Pursuant to 28 U.S.C. § 1391(b), venue lies in the Eastern District of Michigan as the Defendant School District is located and operates in the Eastern District of

---

[2] On April 13, 2021, S.C., on behalf of T.M., filed a Due Process Complaint with the Michigan Department of Education against the District alleging violations of the IDEA, ADA, Section 504, and the PDCRA. In an order dated April 30, 2021, the ALJ dismissed all claims brought under the ADA, Section 504, and the PDCRA for lack of jurisdiction. A hearing was held on April 7, 8, 14, and 23, 2022, and the ALJ issued a decision and order dismissing Plaintiff's complaint on January 13, 2023.

Michigan and the events and omissions giving rise to this action occurred within the Eastern District.

**ANSWER: Admitted on information and belief.**

## PARTIES

18. Plaintiff T.M. is an eighteen-year-old individual who, at all relevant times, resided within the Detroit Public Schools Community District in Wayne County, Michigan.   T.M. has been diagnosed with Sickle Cell Anemia, ADHD, developmental delays, and speech and language delays.  T.M. is eligible for special education and related services under the IDEA.  T.M. is also an individual with a disability within the meaning of Title II of the ADA, Section 504, and PDCRA as she has a physical and mental impairment that substantially limits one or more major life activities including processing information, concentrating, and learning.

**ANSWER: Defendant admits that T.M. is eighteen-years-old and that during the time period of the underlying due process hearing before ALJ Smith, T.M. resided within the geographic boundaries. Defendant also admits that T.M. had been diagnosed with Sickle Cell Anemia.  Defendant denies that T.M. is currently eligible for special education and related services under the IDEA as this statement is untrue. As it relates to the remaining allegations in Paragraph No. 18, Defendant neither admits nor denies those allegations for lack of knowledge upon which to form a belief and, therefore, leaves Plaintiff to her proofs.**

19. Defendant Detroit Public Schools Community District is a local education agency subject to the provisions of the IDEA.  The District was responsible for

providing T.M. a FAPE under the IDEA.  20 U.S.C. §§ 1400-1419.  The District is a recipient of federal financial assistance, subject to the requirements of Section 504, 34 C.F.R. § 104.31 *et seq.*, and a public governmental entity subject to the provisions of the ADA, 42 U.S.C. § 12131, *et seq*.  The District is a place of public accommodation subject to the provisions of PDCRA, M.C.L. 37.1101 *et seq*.

**ANSWER: Defendant neither admits nor denies the allegations contained therein, to the extent it asserts a legal conclusion, rather than a factual allegation, which does not require a response and, therefore, leaves Plaintiff to her proofs thereon with a final determination of the Court. To the extent that a response is required, it is admitted that Defendant is the recipient of federal funds and a public governmental entity. The remaining allegations are only admitted to the extent that they accurately state governing law, and otherwise they are denied and Plaintiff is left to her proofs with a final determination of the Court.**

## LEGAL FRAMEWORK

20. The IDEA requires that qualifying children with disabilities receive a free and appropriate public education ("FAPE").  20 U.S.C. § 1412(a)(1)(A); 34 C.F.R. § 300.101(a).

**ANSWER: Defendant neither admits nor denies the allegations contained therein, to the extent it asserts a legal conclusion, rather than a factual allegation, which does not require a response and, therefore, leaves Plaintiff to her proofs thereon with a final determination by the Court.**

21. To achieve this goal, the IDEA and its implementing regulations require that school districts design and develop an individualized education program ("IEP") for each qualifying child.  20 U.S.C. §§ 1412(a)(4), 1414(d); 34 C.F.R. §§ 300.112, 300.320-24.

**ANSWER: Defendant neither admits nor denies the allegations contained therein, to the extent it asserts a legal conclusion, rather than a factual allegation, which does not require a response and, therefore, leaves Plaintiff to her proofs thereon with a final determination by the Court.**

22. In *Endrew F. v. Douglas County School District Re-1*, 137 S. Ct. 988, 999 (2017), the Supreme Court defined FAPE as an offer of education, "reasonably calculated to enable a child to make progress appropriate in light of the child's circumstances." The Court further clarified that, in designing an IEP, "every child should have the chance to meet challenging objectives," and the IEP Team must give, "careful consideration to the child's present levels of achievement, disability, and potential for growth." *Id.* at 999, 1000.

**ANSWER: Defendant neither admits nor denies the allegations contained therein, to the extent it asserts a legal conclusion, rather than a factual allegation, which does not require a response and, therefore, leaves Plaintiff to her proofs thereon with a final determination by the Court.**

23. Pursuant to the IDEA's Reevaluation mandate, a school district must ensure that "a reevaluation of each child with a disability is conducted . . . if the local educational agency determines that the educational or related service needs, including improved academic achievement and functional performance, of the child warrant a reevaluation." 20 U.S.C. § 1414(a)(2)(A)(i); 34 C.F.R. § 300.303(a)(1).

**ANSWER: Defendant neither admits nor denies the allegations contained therein, to the extent it asserts a legal conclusion, rather than a factual allegation, which does not require a response and, therefore, leaves Plaintiff to her proofs thereon with a final determination by the Court.**

24. In conducting an evaluation, the IDEA and its implementing regulations require school districts to, "use a variety of assessment tools and strategies to gather relevant functional, developmental, and academic information, including information provided by the parent, that may assist in determining . . . the content of a child's [IEP], including information related to enabling the child to be involved in and progress in the general education curriculum." 20 U.S.C. § 1412(b)(2)(A)(ii); 34 C.F.R. § 300.303(b)(2).

**ANSWER: Defendant neither admits nor denies the allegations contained therein, to the extent it asserts a legal conclusion, rather than a factual allegation, which does not require a response and, therefore, leaves Plaintiff to her proofs thereon with a final determination from the Court.**

25. The IDEA and its implementing regulations also require school districts to "ensure that the IEP Team . . . revises the IEP as appropriate to address any lack of expected progress toward the annual goals and in the general education curriculum . . . ; the results of any reevaluation conducted . . . ; the child's anticipated needs; or other matters." 20 U.S.C. § 1414(d)(4)(A)(ii); 34 C.F.R. § 300.324(b)(1)(ii).

**ANSWER: Defendant neither admits nor denies the allegations contained therein, to the extent it asserts a legal conclusion, rather than a factual allegation, which does not require a response and, therefore, leaves Plaintiff to her proofs thereon with a final determination from the Court.**

26. While the IDEA guarantees individually tailored educational services, the ADA and Section 504 mandate non-discriminatory access to federally funded programs. *See Fry v. Napoleon Cmty. Sch.*, 137 S. Ct. 743, 756 (2017).

**ANSWER: Defendant neither admits nor denies the allegations contained therein, to the extent it asserts a legal conclusion, rather than a factual allegation, which does not require a response and, therefore, leaves Plaintiff to her proofs thereon with a final determination by the Court.**

27. Public schools that receive federal funds must comply with all three statutes, and the same underlying conduct—including denial of a FAPE—can violate the IDEA, the ADA, and Section 504 all at once. *Id.* at 755-56.

**ANSWER: Defendant neither admits nor denies the allegations contained therein, to the extent it asserts a legal conclusion, rather than a factual allegation, which does not require a response and, therefore, leaves Plaintiff to her proofs thereon with a final determination by the Court.**

28. Title II of the ADA provides that "no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity."  42 U.S.C. § 12132.

**ANSWER: Defendant neither admits nor denies the allegations contained therein, to the extent it asserts a legal conclusion, rather than a factual allegation, which does not require a response and, therefore, leaves Plaintiff to her proofs thereon with a final determination by the Court.**

29. Further, under the Title II of the ADA, covered entities must make "reasonable modifications in policies, practices, or procedures when the modifications are necessary to avoid discrimination on the basis of disability . . . ."  28 C.F.R. § 35.130(b)(7).

**ANSWER: Defendant neither admits nor denies the allegations contained therein, to the extent it asserts a legal conclusion, rather than a factual allegation, which does not require a response and, therefore, leaves Plaintiff to her proofs thereon with a final determination by the Court.**

30. Similarly, Section 504 of the Rehabilitation Act and its implementing regulations provide that no one may be excluded from a program receiving federal funds "solely by reason" of her disability.  29 U.S.C. § 794(a); *see also* 34 C.F.R. § 104.4(a).

**ANSWER: Defendant neither admits nor denies the allegations contained therein, to the extent it asserts a legal conclusion, rather than a factual allegation, which does not require a response and, therefore, leaves Plaintiff to her proofs thereon with a final determination by the Court.**

31. Under Section 504, a school district must provide a FAPE, meaning "the provision of regular or special education and related aids and services that (i) are designed to meet individual educational needs of [a child with a disability] as adequately as the needs of [non-disabled students] are met and (iii) are based upon adherence to procedures that satisfy the requirements of [34 C.F.R. §§] 104.34, 104.35, and 104.36."  34 C.F.R. § 104.33(a)-(b).

**ANSWER: Defendant neither admits nor denies the allegations contained therein, to the extent it asserts a legal conclusion, rather than a factual allegation, which does not require a response and, therefore, leaves Plaintiff to her proofs thereon with a final determination by the Court.**

32. Michigan's Persons with Disabilities Civil Rights Act ("PDCRA") also guarantees full and equal use of public accommodations, public services, and educational facilities free from discrimination because of a disability. M.C.L. 37.1102.

**ANSWER: Defendant neither admits nor denies the allegations contained therein, to the extent it asserts a legal conclusion, rather than a factual allegation, which does not require a response and, therefore, leaves Plaintiff to her proofs thereon with a final determination by the Court.**

33. The Fourteenth Amendment to the U.S. Constitution, enforceable pursuant to 42 U.S.C. § 1983, provides that no State shall "deprive any person of life, liberty, or property, without due process of law" nor "deny to any person within its jurisdiction the equal protection of the laws." U.S. Const. amend. XIV, § 1.

**ANSWER: Defendant neither admits nor denies the allegations contained therein, to the extent it asserts a legal conclusion, rather than a factual allegation, which does not require a response and, therefore, leaves Plaintiff to her proofs thereon with a final determination by the Court.**

34. The PDCRA prohibits public educational institutions from "[d]iscriminat[ing] in any manner in the full utilization of or benefit from the institution, or the services provided and rendered by the institution to an individual because of a disability . . . ." M.C.L. 37.1402(a).

**ANSWER: Defendant neither admits nor denies the allegations contained therein, to the extent it asserts a legal conclusion, rather than a factual**

allegation, which does not require a response and, therefore, leaves Plaintiff to her proofs thereon with a final determination by the Court.

## FACTS

35. T.M. is diagnosed with Sickle Cell Anemia, Attention-Deficit/Hyperactivity Disorder ("ADHD"), developmental delays, and speech and language delays.

**ANSWER: Defendant admits that T.M. has been diagnosed with Sickle Cell Anemia. Defendant neither admits or denies the remaining allegations for lack of knowledge upon which to form a belief and, therefore, leaves Plaintiff to her proofs.**

36. T.M. is hospitalized as often as three to four times a year for three to fifteen days at a time due to her Sickle Cell Anemia.

**ANSWER: Defendant neither admits or denies the remaining allegations for lack of knowledge upon which to form a belief and, therefore, leaves Plaintiff to her proofs.**

37. The District initially evaluated T.M. for special education services in 2008 when she was three years old and found her to be eligible for special education and related services as a student with an "other health impairment" ("OHI") due to her Sickle Cell Anemia.

**ANSWER: Defendant neither admits or denies the remaining allegations for lack of knowledge upon which to form a belief and, therefore, leaves Plaintiff to her proofs.**

38. The District provided T.M. with special education services from preschool through her high-school graduation in June 2022.

**ANSWER: Admitted.**

39. During this time, T.M. remained eligible for special education and related

services under the OHI category.

**ANSWER: Defendant neither admits or denies the allegations therein for lack of knowledge upon which to form a belief and, therefore, leaves Plaintiff to her proofs.**

*2018-2019 School Year – Ninth Grade*

40. On February 13, 2019, an IEP meeting was held for T.M.

**ANSWER: Admitted.**

41. At that time, S.C. expressed her concerns about T.M.'s grades and requested

that the District keep her apprised of T.M.'s academic performance so that she could

be made aware of T.M.'s struggles before seeing a bad grade on her report card.

**ANSWER: Defendant neither admits or denies the allegations therein for lack of knowledge upon which to form a belief and, therefore, leaves Plaintiff to her proofs.**

42. S.C. also requested more parent-teacher dialogue to ensure T.M. was

receiving the resource support set forth in her IEP.

**ANSWER: Defendant neither admits or denies the allegations therein for lack of knowledge upon which to form a belief and, therefore, leaves Plaintiff to her proofs.**

43. Included in the February 13, 2019, IEP were T.M.'s results from the Brigance

Inventory of Basic Skills ("Brigance") Evaluation administered on February 7, 2019.

**ANSWER: Admitted.**

44. The results indicated that T.M. was performing significantly below the ninth-grade level, with word recognition at a seventh-grade level and math skills at a second-grade level.

**ANSWER: Defendant neither admits or denies the allegations therein for lack of knowledge upon which to form a belief and, therefore, leaves Plaintiff to her proofs.**

45. An Achieve 3000 evaluation revealed that T.M. had a second or third grade lexile level.

**ANSWER: Defendant denies this allegation to the extent that it does not, as worded, accurately reflect what is written in the February 13, 2019 IEP.**

46. Despite these alarming results, the District provided T.M. minimal support.

**ANSWER: Defendant denies these allegations for the reason that they are untrue.**

47. T.M.'s IEP gave her permission to complete assignments in a resource room and provided an unspecified amount of extended time to complete assignments.

**ANSWER: To the extent that the allegations are that the February 13, 2019 IEP allowed for T.M. to complete assignments in the resource room, Defendant admits such allegations as true. Defendant neither admits or denies the remaining allegations for lack of knowledge upon which to form a belief and, therefore, leaves Plaintiff to her proofs.**

48. The IEP also stated that T.M.'s teachers would modify all assignments, yet failed to include any details regarding how they would do so.

**ANSWER: To the extent that the allegations are that the February 13, 2019 IEP stated that general education teachers would modify T.M's general education assignments, Defendant admits such allegations as true. Defendant**

neither admits or denies the remaining allegations for lack of knowledge upon which to form a belief and, therefore, leaves Plaintiff to her proofs.

49. The only modification specifically related to improving T.M.'s second-grade math skills was use of a calculator on tests.

**ANSWER: Defendant denies this allegation as untrue.**

50. In terms of direct consultation, the IEP provided T.M. speech and language services for only thirty minutes, twice a month (1 hour per month) and social work services for thirty minutes, three times per month (1.5 hours per month).

**ANSWER: To the extent that Plaintiff alleges that the February 13, 2019 IEP reflects that T.M. would receive direct/consultation speech and language services for 30 minutes, 2 times per month; and direct/consultation school social work services for 15minutes to 30 minutes, 3 times per month; Defendant acknowledges these allegations as untrue. To the extent that Plaintiff alleges, in the wording of these allegations, that the aforementioned level of services was inappropriate, Defendant as untrue and leaves Plaintiffs to her proofs.**

51. This was despite documented concerns regarding T.M.'s ability to comprehend spoken language as well as her socio-emotional or behavior skills.

**ANSWER: Defendant neither admits or denies the allegations therein for lack of knowledge upon which to form a belief and, therefore, leaves Plaintiff to her proofs.**

52. The IEP stated that T.M. would continue to need "resource support" but did not specify how often or for what duration she would receive this support, nor did the IEP specify in what way "resource support" would be provided.

**ANSWER: Defendant neither admits or denies the allegations therein for lack of knowledge upon which to form a belief and, therefore, leaves Plaintiff to her proofs.**

53. Despite S.C.'s express request for more frequent reporting on T.M.'s progress so that she would be made aware of issues before seeing a bad grade on T.M.'s report card, the IEP only called for reporting to S.C. concurrent with the report card periods.

**ANSWER: Defendant neither admits or denies the allegations therein for lack of knowledge upon which to form a belief and, therefore, leaves Plaintiff to her proofs.**

54. At the IEP meeting, S.C. asked the District for additional testing to assess T.M.'s needs, as T.M. had not been comprehensively evaluated since 2008 when she was three years old.

**ANSWER: Defendant neither admits or denies the allegations therein for lack of knowledge upon which to form a belief and, therefore, leaves Plaintiff to her proofs.**

55. Despite S.C.'s request, no additional evaluations were done at this time.

**ANSWER: Defendant neither admits or denies the allegations therein for lack of knowledge upon which to form a belief and, therefore, leaves Plaintiff to her proofs.**

56. Following the February IEP meeting, S.C. had an email exchange with Charlene Mallory (principal) and Nikolai Vitti (superintendent) regarding the District having changed some items on T.M.'s IEP without her consent or knowledge (including a change in the speech therapy frequency) and to express her continued

18

concerns regarding the inadequacy of services provided by the District and T.M.'s continued lack of progress.

**ANSWER: Defendant neither admits or denies the allegations therein for lack of knowledge upon which to form a belief and, therefore, leaves Plaintiff to her proofs.**

57. On or around March 27, 2019, S.C. filed a state complaint with the Michigan Department of Education ("MDE") against the District based on the lack of resource hours, lack of social work services, and lack of speech services.  The complaint also raised the District's failure to meet T.M.'s transportation needs.

**ANSWER: Defendant neither admits or denies the allegations therein for lack of knowledge upon which to form a belief and, therefore, leaves Plaintiff to her proofs.**

58. On or around May 28, 2019, S.C. also filed a *pro se* due process complaint against the District for its failure to provide T.M. a FAPE for the 2017-2018 and 2018-2019 school years due to the lack of resource support and speech and social work services.

**ANSWER: Defendant admits that S.C. filed a pro se due process complaint against Defendant on May 28, 2019. As it relates to the remaining allegations thereon, Defendant neither admits or denies the allegations therein for lack of knowledge upon which to form a belief and, therefore, leaves Plaintiff to her proofs.**

59. On or around June 9, 2019, the MDE issued findings in the state complaint.

**ANSWER: Defendant neither admits or denies the allegations therein for lack of knowledge upon which to form a belief and, therefore, leaves Plaintiff to her proofs.**

60. MDE found that the District denied T.M. a FAPE, that the District failed to follow the procedures and processes required by the IDEA and MARSE, and that the District failed to review and revise T.M.'s IEP consistent with the regulations.

**ANSWER: Defendant neither admits or denies the allegations therein for lack of knowledge upon which to form a belief and, therefore, leaves Plaintiff to her proofs.**

61. MDE ordered the District to revise T.M.'s IEP, including by providing written notice of the District's determination regarding T.M.'s transportation to and from school.

**ANSWER: Defendant neither admits or denies the allegations therein for lack of knowledge upon which to form a belief and, therefore, leaves Plaintiff to her proofs.**

62. On or around July 3, 2019, the parties engaged in mediation and reached an agreement to resolve S.C.'s due process complaint.

**ANSWER: Admitted.**

63. The settlement included an award of $13,260 for compensatory education services to be provided upon receipt of an invoice and log of services.

**ANSWER: Defendant acknowledges that the Parties reached a resolution during its July 3, 2019 Mediation Session. Defendant neither admits nor denies the remaining allegations therein for lack of knowledge upon which to form a belief and, therefore, leaves Plaintiff to her proofs.**

*The District's Delay in Providing Compensatory Education*

64.S.C. selected Ms. Taylor to provide compensatory education to T.M. pursuant

to the parties' mediation agreement and submitted a letter from the instructor with

dates and times of services.

**ANSWER: Defendant neither admits or denies the allegations therein for lack of knowledge upon which to form a belief and, therefore, leaves Plaintiff to her proofs.**

65.More than two weeks later, on or around July 29, 2019, S.C. emailed Marlene

Hunter-Armstrong, Director of Compliance, to follow up about approval and

payment.

**ANSWER: Defendant neither admits or denies the allegations therein for lack of knowledge upon which to form a belief and, therefore, leaves Plaintiff to her proofs.**

66.The District failed to timely approve the request.

**ANSWER: Defendant neither admits nor denies the allegations contained therein, to the extent it asserts a legal conclusion, rather than a factual allegation, which does not require a response and, therefore, leaves Plaintiff to her proofs thereon with a final determination by the Court. To the extent that Plaintiff's allegations contain a factual assertion, Defendant neither admits or denies the allegations for lack of knowledge upon which to form a belief and, therefore, leaves Plaintiff to her proofs.**

67.On or around August 9, 2019, S.C. informed Ms. Hunter-Armstrong that Ms.

Taylor withdrew her services because of her concern about timely payments from

the District.

**ANSWER: Defendant neither admits or denies the allegations therein for lack of knowledge upon which to form a belief and, therefore, leaves Plaintiff to her proofs.**

68. On or around August 9, 2019, S.C. selected Ms. Carey to instruct T.M.

**ANSWER: Defendant neither admits or denies the allegations therein for lack of knowledge upon which to form a belief and, therefore, leaves Plaintiff to her proofs.**

69. Ms. Carey made several attempts to turn in her paperwork for approval and was eventually told that Tammora Green, Supervisor of Compliance, was out of the office until the end of August.

**ANSWER: Defendant neither admits or denies the allegations therein for lack of knowledge upon which to form a belief and, therefore, leaves Plaintiff to her proofs.**

70. Shortly thereafter, Ms. Carey withdrew her services to accept a more secure position.

**ANSWER: Defendant neither admits or denies the allegations therein for lack of knowledge upon which to form a belief and, therefore, leaves Plaintiff to her proofs.**

71. S.C. immediately submitted two additional candidates for approval, Ms. Devoe (occasionally referred to by maiden name Gaithers) and Mr. Ernst.

**ANSWER: Defendant neither admits or denies the allegations therein for lack of knowledge upon which to form a belief and, therefore, leaves Plaintiff to her proofs.**

72. Desperate for T.M.'s compensatory education to begin after the District's month-long delay, S.C. asked Ms. Devoe and Mr. Ernst to begin instructing T.M. and paid them out of her own pocket.

**ANSWER: Defendant neither admits or denies the allegations therein for lack of knowledge upon which to form a belief and, therefore, leaves Plaintiff to her proofs.**

73. T.M. again followed up with the District on September 10, 2019, this time through her counsel at the time, Jason Wine.

**ANSWER: Defendant neither admits or denies the allegations therein for lack of knowledge upon which to form a belief and, therefore, leaves Plaintiff to her proofs.**

74. On or around September 12, 2019, Marquita Sylvia, counsel for the District, responded stating that S.C. would need to submit a *certified teacher* for approval.

75. This certification requirement was not included in the parties' mediation agreement.

**ANSWER: Defendant neither admits or denies the allegations therein for lack of knowledge upon which to form a belief and, therefore, leaves Plaintiff to her proofs.**

76. S.C.'s counsel disputed this requirement in a follow-up email to Attorney Sylvia on October 29, 2019.

**ANSWER: Defendant neither admits or denies the allegations therein for lack of knowledge upon which to form a belief and, therefore, leaves Plaintiff to her proofs.**

77. This issue remained in dispute, and on or around December 12, 2019, Ms. Green called S.C. and informed her that the District would provide something in writing the following day regarding next steps.  S.C. never received anything in writing.

**ANSWER: Defendant neither admits or denies the allegations therein for lack of knowledge upon which to form a belief and, therefore, leaves Plaintiff to her proofs.**

78. S.C. followed up with Ms. Green via email on or around January 12, 2020. At this point, more than six months had elapsed since compensatory services were set to begin.

**ANSWER: Defendant neither admits or denies the allegations therein for lack of knowledge upon which to form a belief and, therefore, leaves Plaintiff to her proofs.**

79. In the meantime, S.C. received two Fs on her report card and continued to struggle at school.

**ANSWER: Defendant neither admits or denies the allegations therein for lack of knowledge upon which to form a belief and, therefore, leaves Plaintiff to her proofs.**

80. The first two candidates S.C. submitted for approval were certified teachers; however, both withdrew due to the District's delays.

**ANSWER: Defendant neither admits or denies the allegations therein for lack of knowledge upon which to form a belief and, therefore, leaves Plaintiff to her proofs.**

81.The subsequent two candidates, Ms. Devoe and Mr. Ernst, while not certified teachers, were a college professor with a Doctoral Degree and former Dean of Mathematics, respectively.

**ANSWER: Defendant neither admits or denies the allegations therein for lack of knowledge upon which to form a belief and, therefore, leaves Plaintiff to her proofs.**

82.The dispute remained unresolved through the summer of 2020.

**ANSWER: Defendant neither admits or denies the allegations therein for lack of knowledge upon which to form a belief and, therefore, leaves Plaintiff to her proofs.**

83.On or around July 7, 2020, Ms. Green emailed S.C. asking if S.C. was interested in summer virtual compensatory services from the compliance office.

**ANSWER: Defendant neither admits or denies the allegations therein for lack of knowledge upon which to form a belief and, therefore, leaves Plaintiff to her proofs.**

84.S.C. responded the same day declining virtual learning because she had already chosen her providers and was awaiting approval.

**ANSWER: Defendant neither admits or denies the allegations therein for lack of knowledge upon which to form a belief and, therefore, leaves Plaintiff to her proofs.**

85.As she explained, at this point, S.C. had lost confidence in the District and preferred to use providers of her choosing pursuant to terms of the mediation agreement.

**ANSWER: Defendant neither admits or denies the allegations therein for lack of knowledge upon which to form a belief and, therefore, leaves Plaintiff to her proofs.**

86.In an email from Attorney Sylvia on or around August 21, 2020, the District reiterated its erroneous position that S.C. was required to submit only certified teachers for approval.

**ANSWER: Defendant neither admits or denies the allegations therein for lack of knowledge upon which to form a belief and, therefore, leaves Plaintiff to her proofs.**

87.Given the District's persistent refusal to approve S.C.'s proffered candidates pursuant to the parties' mediation agreement, S.C. submitted a new provider, Darya Owens, on or around September 25, 2020.

**ANSWER: Defendant neither admits or denies the allegations therein for lack of knowledge upon which to form a belief and, therefore, leaves Plaintiff to her proofs.**

88.On or around October 26, 2020, S.C. emailed Ms. Green to follow up, as over a month had passed and the District had not yet approved Ms. Owens.

**ANSWER: Defendant neither admits or denies the allegations therein for lack of knowledge upon which to form a belief and, therefore, leaves Plaintiff to her proofs.**

89. Although the District had sent out a schedule for Ms. Owens' services, it had not approved Ms. Owens for payment.

**ANSWER: Defendant neither admits or denies the allegations therein for lack of knowledge upon which to form a belief and, therefore, leaves Plaintiff to her proofs.**

90. Ms. Owens was (reasonably) unwilling to begin instructing T.M. without District approval.

**ANSWER: Defendant neither admits or denies the allegations therein for lack of knowledge upon which to form a belief and, therefore, leaves Plaintiff to her proofs.**

91. At that point, Ms. Owens had already missed at least six sessions under the District's own schedule.

**ANSWER: Defendant neither admits or denies the allegations therein for lack of knowledge upon which to form a belief and, therefore, leaves Plaintiff to her proofs.**

92. On or around December 2, 2020, *a year and a half* after the mediation agreement was signed, the District finally approved a provider, Ms. Owens, to begin instructing T.M. so she could receive the compensatory education the District had agreed she was owed.

**ANSWER: Defendant neither admits or denies the allegations therein for lack of knowledge upon which to form a belief and, therefore, leaves Plaintiff to her proofs.**

93. By December of 2020, T.M. was well into her junior year of high school without having made progress towards achieving her math and language goals and obtaining the skills needed to succeed after graduating.

**ANSWER: Defendant denies the allegations contained therein for the reason that they are untrue.**

94. In addition to the District's detrimental delay, S.C. was ultimately pressured, against the terms of the mediation agreement, to select a less preferred and less credentialed instructor for her daughter's compensatory education.

**ANSWER: Defendant denies the allegations contained therein for the reason that they are untrue.**

95. Ms. Owens instructed T.M. after school from December 2020 through June 2021 for 20 hours per week.

**ANSWER: Defendant neither admits or denies the allegations therein for lack of knowledge upon which to form a belief and, therefore, leaves Plaintiff to her proofs.**

96. T.M. had a difficult time with compensatory education in part because it occurred for four hours each day after a full seven-hour school day.

**ANSWER: Defendant neither admits or denies the allegations therein for lack of knowledge upon which to form a belief and, therefore, leaves Plaintiff to her proofs.**

97.S.C. requested that the District provide compensatory education on the weekend to accommodate T.M.'s needs.  (Tr. 38).

**ANSWER: Defendant neither admits or denies the allegations therein for lack of knowledge upon which to form a belief and, therefore, leaves Plaintiff to her proofs.**

98.Despite T.M.'s documented difficulty with concentration and fatigue, the District refused her request.  (Tr. 32-33, 38).

**ANSWER: Defendant neither admits or denies the allegations therein for lack of knowledge upon which to form a belief and, therefore, leaves Plaintiff to her proofs.**

### *2019-2020 School Year – Tenth Grade*

99.When S.C. met with school staff on or around December 18, 2019, T.M.'s language arts teacher told S.C. that she did not know T.M. had an IEP.

**ANSWER: Defendant neither admits or denies the allegations therein for lack of knowledge upon which to form a belief and, therefore, leaves Plaintiff to her proofs.**

100.    On February 11, 2020, the District held a Review of Existing Evaluation Data ("REED") meeting for T.M.

**ANSWER: Admitted.**

101.    The REED form relied on T.M.'s results from a February 5, 2020, Brigance Evaluation, which had revealed that T.M. was performing two grade levels

below in word recognition and maintained a second-grade level in math.  T.M. also

performed at the seventh-grade level in reading comprehension.

**ANSWER: To the extent that Plaintiff characterizes or alleges specifics contained in the underlying administrative record, including ALJ Smith's Decision and Order finding that Defendant did not fail to comprehensively evaluate T.M. to determine her educational needs, the record speaks for itself. The District denies that it failed to comply with the applicable evaluation requirements and leaves Plaintiffs to her proofs.**

102.    The REED form did not include T.M.'s grades.

**ANSWER: To the extent that Plaintiff characterizes or alleges specifics contained in the underlying administrative record, including ALJ Smith's Decision and Order finding that Defendant did not fail to comprehensively evaluate T.M. to determine her educational needs, the record speaks for itself. The District denies that it failed to comply with the applicable evaluation requirements and leaves Plaintiffs to her proofs.**

103.    Under the parent input section, S.C. expressed her concern that the

District was not providing adequate educational services or fully implementing

T.M.'s IEP.

**ANSWER: To the extent that Plaintiff characterizes or alleges specifics contained in the underlying administrative record, including ALJ Smith's Decision and Order finding that Defendant did not fail to comprehensively evaluate T.M. to determine her educational needs, the record speaks for itself. The District denies that it failed to comply with the applicable evaluation requirements and leaves Plaintiffs to her proofs.**

104.    The REED form contained no observations by teachers or service

providers.

**ANSWER: To the extent that Plaintiff characterizes or alleges specifics contained in the underlying administrative record, including ALJ Smith's Decision and Order finding that Defendant did not fail to comprehensively**

evaluate T.M. to determine her educational needs, the record speaks for itself. **The District denies that it failed to comply with the applicable evaluation requirements and leaves Plaintiffs to her proofs.**

105.     Despite T.M.'s lack of progress including two failing grades and S.C.'s

persistent concerns, the District concluded that no additional data was needed to

determine T.M.'s educational needs.

**ANSWER: To the extent that Plaintiff characterizes or alleges specifics contained in the underlying administrative record, including ALJ Smith's Decision and Order finding that Defendant did not fail to provide T.M. with a FAPE and did not fail to comprehensively evaluate T.M. to determine her educational needs, the record speaks for itself. The District denies that it failed to comply with the applicable evaluation requirements and leaves Plaintiffs to her proofs.**

106.     The District seemed interested only in assessing T.M.'s continued

eligibility for special education services, which was never in doubt given T.M.'s

diagnosis of Sickle Cell Anemia and eligibility as "Otherwise Health Impaired."

**ANSWER: To the extent that Plaintiff characterizes or alleges specifics contained in the underlying administrative record, including ALJ Smith's Decision and Order finding that Defendant did not fail to comprehensively evaluate T.M. to determine her educational needs, the record speaks for itself. The District denies that it failed to comply with the applicable evaluation requirements and leaves Plaintiffs to her proofs.**

107.     On the same day, on or around February 11, 2020, the District also held

an IEP meeting.

**ANSWER: Defendant admits that an IEP meeting was held on February 11, 2020. As it relates to any allegations beyond this fact contained therein, the**

District neither admits nor denies the allegations therein for lack of knowledge upon which to form a belief, and therefore, leaves Plaintiff to her proofs.

108.    The IEP form reiterated S.C.'s concern that the District was not

providing T.M. an appropriate education.

**ANSWER: To the extent that Plaintiff characterizes or alleges specifics contained in the underlying administrative record, including ALJ Smith's Decision and Order finding that Defendant did not fail to draft an IEP that was reasonably calculated to meet T.M.'s educational needs and allow her to access an educational benefit and make progress, the record speaks for itself. The District denies that it failed to draft IEPs that were reasonably calculated to meet T.M.'s educational needs and that said IEPs failed to allow her to access an educational benefit and make appropriate progress.**

109.    The IEP was based on the same February 5, 2020, Brigance Evaluation

indicating below grade-level performance in all tested subjects.

**ANSWER: To the extent that Plaintiff characterizes or alleges specifics contained in the underlying administrative record, including ALJ Smith's Decision and Order finding that Defendant did not fail to draft an IEP that was reasonably calculated to meet T.M.'s educational needs and allow her to access an educational benefit and make progress, the record speaks for itself. The District denies that it failed to draft IEPs that were reasonably calculated to meet T.M.'s educational needs and that said IEPs failed to allow her to access an educational benefit and make appropriate progress.**

110.    The Present Levels of Academic Achievement and Functional

Performance ("PLAAFP") once again noted concerns in reading, math,

communication, and socio-emotional/behavioral skills.

**ANSWER: To the extent that Plaintiff characterizes or alleges specifics contained in the underlying administrative record, including ALJ Smith's Decision and Order finding that Defendant did not fail to draft an IEP that was reasonably calculated to meet T.M.'s educational needs and allow her to access**

**an educational benefit and make progress, the record speaks for itself. The District denies that it failed to draft IEPs that were reasonably calculated to meet T.M.'s educational needs and that said IEPs failed to allow her to access an educational benefit and make appropriate progress.**

111.     Despite T.M.'s lack of progress in all subjects, the PLAAFP removed writing as an area of concern with no explanation.

**ANSWER: Defendant neither admits nor denies the allegations contained therein to the extent that it characterizes or alleges specifics contained in the underlying administrative record, including ALJ Smith's Decision and Order, which speaks for itself. To the extent that the allegations do not accurately characterize or allege facts relating to the underlying administrative record, they are denied. Defendant further denies that it failed to draft IEPs that were reasonably calculated to meet T.M.'s educational needs and that said IEPs failed to allow her to access an educational benefit and make appropriate progress.**

112.     The District failed to include a writing goal in T.M.'s IEP despite S.C.'s express request that one be added.

**ANSWER: Defendant neither admits nor denies the allegations contained therein to the extent that it characterizes or alleges specifics contained in the underlying administrative record, including ALJ Smith's Decision and Order, which speaks for itself. To the extent that the allegations do not accurately characterize or allege facts relating to the underlying administrative record, they are denied. Defendant further denies that it failed to draft IEPs that were reasonably calculated to meet T.M.'s educational needs and that said IEPs failed to allow her to access an educational benefit and make appropriate progress.**

113.     When S.C. asked for a writing goal to be included, the District erroneously told her there was a maximum of two subject areas with a cap of two goals per subject area.

**ANSWER: Defendant denies the allegations contained therein as untrue. To the extent that the allegations do not accurately characterize or allege facts relating to the underlying administrative record, they are denied. Defendant further denies that it failed to draft IEPs that were reasonably calculated to meet T.M.'s educational needs and that said IEPs failed to allow her to access an educational benefit and make appropriate progress.**

114. Since T.M.'s IEP included two subject areas (reading and math) with

two goals apiece, the District told S.C. it could not add a writing goal.

**ANSWER: Defendant denies the allegations contained therein as untrue. To the extent that the allegations do not accurately characterize or allege facts relating to the underlying administrative record, they are denied. Defendant further denies that it failed to draft IEPs that were reasonably calculated to meet T.M.'s educational needs and that said IEPs failed to allow her to access an educational benefit and make appropriate progress.**

115. Despite T.M.'s lack of progress and the same listed academic and

functional performance concerns, the District reduced the supplementary aids and

services it provided T.M. The IEP no longer permitted teachers to modify all her

assignment and now specified that T.M. would receive only a one-day extension on

assignments.

**ANSWER: Defendant neither admits nor denies the allegations contained therein to the extent that it characterizes or alleges specifics contained in the underlying administrative record, including ALJ Smith's Decision and Order, which speaks for itself. To the extent that the allegations do not accurately characterize or allege facts relating to the underlying administrative record, they are denied. Defendant further denies that it failed to draft IEPs that were reasonably calculated to meet T.M.'s educational needs and that said IEPs failed to allow her to access an educational benefit and make appropriate progress.**

116.     The District continued to provide the same number of consultative

services hours for social work (1.5 hours per month) notwithstanding continued,

documented concerns regarding T.M.'s socio-emotional and behavior skills.

**ANSWER: Defendant neither admits nor denies the allegations contained
therein to the extent that it characterizes or alleges specifics contained in the
underlying administrative record, including ALJ Smith's Decision and Order,
which speaks for itself. To the extent that the allegations do not accurately
characterize or allege facts relating to the underlying administrative record,
they are denied. Defendant further denies that it failed to draft IEPs that were
reasonably calculated to meet T.M.'s educational needs and that said IEPs
failed to allow her to access an educational benefit and make appropriate
progress.**

117.     The District added only one thirty-minute session per month for speech

and language services (1.5 hours per month) despite T.M.'s lack of progress in this

area and documented concerns.

**ANSWER: Defendant neither admits nor denies the allegations contained
therein to the extent that it characterizes or alleges specifics contained in the
underlying administrative record, including ALJ Smith's Decision and Order,
which speaks for itself. To the extent that the allegations do not accurately
characterize or allege facts relating to the underlying administrative record,
they are denied. Defendant further denies that it failed to draft IEPs that were
reasonably calculated to meet T.M.'s educational needs and that said IEPs
failed to allow her to access an educational benefit and make appropriate
progress.**

118.     The IEP stated that T.M. would receive 300 minutes or five hours per

week of special education "resource support" but did not specify what this entailed.

**ANSWER: Defendant neither admits nor denies the allegations contained
therein to the extent that it characterizes or alleges specifics contained in the**

**underlying administrative record, including ALJ Smith's Decision and Order, which speaks for itself. To the extent that the allegations do not accurately characterize or allege facts relating to the underlying administrative record, they are denied. Defendant further denies that it failed to draft IEPs that were reasonably calculated to meet T.M.'s educational needs and that said IEPs failed to allow her to access an educational benefit and make appropriate progress.**

119.    The IEP once again stated that S.C. would be informed in writing of progress on goals and objectives only every grading period.

**ANSWER: Defendant neither admits nor denies the allegations contained therein to the extent that it characterizes or alleges specifics contained in the underlying administrative record, including ALJ Smith's Decision and Order, which speaks for itself. To the extent that the allegations do not accurately characterize or allege facts relating to the underlying administrative record, they are denied. Defendant further denies that it failed to draft IEPs that were reasonably calculated to meet T.M.'s educational needs and that said IEPs failed to allow her to access an educational benefit and make appropriate progress.**

120.    In any case, the District never provided S.C. progress reports along with T.M.'s report card.

**ANSWER: Defendant neither admits nor denies the allegations contained therein to the extent that it characterizes or alleges specifics contained in the underlying administrative record, including ALJ Smith's Decision and Order, which speaks for itself. To the extent that the allegations do not accurately characterize or allege facts relating to the underlying administrative record, they are denied. Defendant further denies that it failed to draft IEPs that were reasonably calculated to meet T.M.'s educational needs and that said IEPs failed to allow her to access an educational benefit and make appropriate progress.**

121.     At the IEP meeting, S.C. again asked the District to reevaluate T.M. to

assess her needs.

**ANSWER: To the extent that Plaintiff characterizes or alleges specifics contained in the underlying administrative record, including ALJ Smith's Decision and Order finding that Defendant did not fail to comprehensively evaluate T.M. to determine her educational needs, the record speaks for itself. The District denies that it failed to comply with the applicable evaluation requirements and leaves Plaintiffs to her proofs.**

122.     The District had not comprehensively evaluated T.M. since 2008.

**ANSWER: Defendant denies this allegation as untrue. To the extent that Plaintiff characterizes or alleges specifics contained in the underlying administrative record, including ALJ Smith's Decision and Order finding that Defendant did not fail to comprehensively evaluate T.M. to determine her educational needs, the record speaks for itself. The District denies that it failed to comply with the applicable evaluation requirements and leaves Plaintiffs to her proofs.**

123.     No additional evaluations were given at this time.

**ANSWER:   To the extent that Plaintiff characterizes or alleges specifics contained in the underlying administrative record, including ALJ Smith's Decision and Order finding that Defendant did not fail to comprehensively evaluate T.M. to determine her educational needs, the record speaks for itself. The District denies that it failed to comply with the applicable evaluation requirements and leaves Plaintiffs to her proofs.**

124.     The IEP included a provision regarding T.M.'s transportation to and

from school, stating that "[T.M] will be picked up by a small vehicle with curb to

curb services . . . ."

**ANSWER: Defendant neither admits nor denies the allegations contained therein to the extent that it characterizes or alleges specifics contained in the**

**underlying administrative record, including ALJ Smith's Decision and Order, which speaks for itself. To the extent that the allegations do not accurately characterize or allege facts relating to the underlying administrative record, they are denied. Defendant further denies that it failed to draft IEPs that were reasonably calculated to meet T.M.'s educational needs and that said IEPs failed to allow her to access an educational benefit and make appropriate progress.**

125.   However, T.M. continued to experience issues with transportation,

often arriving late to school.  (Tr. 102-103).

**ANSWER: Defendant neither admits nor denies the allegations contained therein to the extent that it characterizes or alleges specifics contained in the underlying administrative record, including ALJ Smith's Decision and Order, which speaks for itself. To the extent that the allegations do not accurately characterize or allege facts relating to the underlying administrative record, they are denied. Defendant further denies that it failed to draft IEPs that were reasonably calculated to meet T.M.'s educational needs. Defendant further denies that it failed to implement the IEPs that it developed for T.M.**

126.   Several times, T.M. had to start the school year late because the District

did not send someone to pick her up.  (Tr. 138).

**ANSWER: Defendant neither admits nor denies the allegations contained therein to the extent that it characterizes or alleges specifics contained in the underlying administrative record, including ALJ Smith's Decision and Order, which speaks for itself. To the extent that the allegations do not accurately characterize or allege facts relating to the underlying administrative record, they are denied. Defendant further denies that it failed to draft IEPs that were reasonably calculated to meet T.M.'s educational needs. Defendant further denies that it failed to implement the IEPs that it developed for T.M.**

127.   These issues continued through T.M.'s senior year.

**ANSWER: Defendant neither admits nor denies the allegations contained therein to the extent that it characterizes or alleges specifics contained in the underlying administrative record, including ALJ Smith's Decision and Order,**

**which speaks for itself. To the extent that the allegations do not accurately characterize or allege facts relating to the underlying administrative record, they are denied. Defendant further denies that it failed to draft IEPs that were reasonably calculated to meet T.M.'s educational needs. Defendant further denies that it failed to implement the IEPs that it developed for T.M.**

128.     T.M. also began experiencing a delay of two to three days in resumption

of transportation services after a hospital stay.  (Tr. 100-101).

**ANSWER: Defendant neither admits nor denies the allegations contained therein to the extent that it characterizes or alleges specifics contained in the underlying administrative record, including ALJ Smith's Decision and Order, which speaks for itself. To the extent that the allegations do not accurately characterize or allege facts relating to the underlying administrative record, they are denied. Defendant further denies that it failed to draft IEPs that were reasonably calculated to meet T.M.'s educational needs. Defendant further denies that it failed to implement the IEPs that it developed for T.M.**

129.     S.C. was not reimbursed for days she had to drive T.M. to school herself

when no transportation arrived.  (Tr. 138).

**ANSWER: Defendant neither admits nor denies the allegations contained therein to the extent that it characterizes or alleges specifics contained in the underlying administrative record, including ALJ Smith's Decision and Order, which speaks for itself. To the extent that the allegations do not accurately characterize or allege facts relating to the underlying administrative record, they are denied. Defendant further denies that it failed to draft IEPs that were reasonably calculated to meet T.M.'s educational needs. Defendant further denies that it failed to implement the IEPs that it developed for T.M.**

*2020-2021 School Year – Eleventh Grade*

130.     On or around October 1, 2020, S.C. emailed the IEP Team requesting a meeting to increase progress reporting and amend T.M.'s distance-learning modifications during the COVID-19 pandemic.

**ANSWER: Defendant neither admits nor denies the allegations contained therein for lack of knowledge upon which to form a belief and, therefore leaves Plaintiff to her proofs. To the extent that it characterizes or alleges specifics contained in the underlying administrative record, including ALJ Smith's Decision and Order, which speaks for itself. To the extent that the allegations do not accurately characterize or allege facts relating to the underlying administrative record, they are denied. Defendant further denies that it failed to draft and implement IEPs that were reasonably calculated to meet T.M.'s educational needs.**

131.     A meeting was held on or around October 12, 2020.

**ANSWER: Defendant neither admits nor denies the allegations contained therein for lack of knowledge upon which to form a belief and, therefore leaves Plaintiff to her proofs.**

132.     However, despite the presence of a mediator, no agreement was reached regarding additional accommodations, and T.M.'s IEP remained unchanged.

**ANSWER: Defendant neither admits nor denies the allegations contained therein for lack of knowledge upon which to form a belief and, therefore leaves Plaintiff to her proofs. To the extent that it characterizes or alleges specifics contained in the underlying administrative record, including ALJ Smith's Decision and Order, which speaks for itself. To the extent that the allegations do not accurately characterize or allege facts relating to the underlying administrative record, they are denied. Defendant further denies that it failed to draft  and implement IEPs that were reasonably calculated to meet T.M.'s educational needs.**

133.     On October 13, 2020, S.C. emailed Ms. Green reiterating her request that a writing goal be added to T.M.'s IEP so that this subject area could be included in her compensatory education instruction.

**ANSWER: Defendant neither admits nor denies the allegations contained therein for lack of knowledge upon which to form a belief and, therefore leaves Plaintiff to her proofs. To the extent that it characterizes or alleges specifics contained in the underlying administrative record, including ALJ Smith's Decision and Order, which speaks for itself. To the extent that the allegations do not accurately characterize or allege facts relating to the underlying administrative record, they are denied. Defendant further denies that it failed to draft and implement IEPs that were reasonably calculated to meet T.M.'s educational needs.**

134.     S.C. pointed out that the IEP did not include any new evaluations or other data supporting the District's position that T.M. did not have a deficit in writing.  Thus, S.C. requested that the District provide the underlying evaluations or data used to create T.M.'s IEP.

**ANSWER: Defendant neither admits nor denies the allegations contained therein for lack of knowledge upon which to form a belief and, therefore leaves Plaintiff to her proofs. To the extent that it characterizes or alleges specifics contained in the underlying administrative record, including ALJ Smith's Decision and Order, which speaks for itself. To the extent that the allegations do not accurately characterize or allege facts relating to the underlying administrative record, they are denied. Defendant further denies that it failed to draft and implement IEPs that were reasonably calculated to meet T.M.'s educational needs.**

135.     Another IEP meeting was held on or around October 20, 2020, but the District failed to address S.C.'s concerns and T.M.'s IEP remained unchanged.

**ANSWER: Defendant neither admits nor denies the allegations contained therein for lack of knowledge upon which to form a belief and, therefore leaves**

**Plaintiff to her proofs. To the extent that it characterizes or alleges specifics contained in the underlying administrative record, including ALJ Smith's Decision and Order, which speaks for itself. To the extent that the allegations do not accurately characterize or allege facts relating to the underlying administrative record, they are denied. Defendant further denies that it failed to draft and implement IEPs that were reasonably calculated to meet T.M.'s educational needs.**

136.    At the IEP meetings on or around October 12, 2020, and October 20,

2020, S.C. repeated her request that the District reevaluate T.M. to assess her needs.

**ANSWER: Defendant denies this allegation as untrue. To the extent that Plaintiff characterizes or alleges specifics contained in the underlying administrative record, including ALJ Smith's Decision and Order finding that Defendant did not fail to comprehensively evaluate T.M. to determine her educational needs, the record speaks for itself. The District denies that it failed to comply with the applicable evaluation requirements and leaves Plaintiffs to her proofs.**

137.    T.M. had not been comprehensively evaluated since 2008.

**ANSWER: Defendant denies this allegation as untrue. To the extent that Plaintiff characterizes or alleges specifics contained in the underlying administrative record, including ALJ Smith's Decision and Order finding that Defendant did not fail to comprehensively evaluate T.M. to determine her educational needs, the record speaks for itself. The District denies that it failed to comply with the applicable evaluation requirements and leaves Plaintiffs to her proofs.**

138.    S.C. also repeated her request for any data the District relied on to

formulate T.M.'s IEP.

**ANSWER: Defendant neither admits nor denies the allegations contained therein for lack of knowledge upon which to form a belief and, therefore leaves Plaintiff to her proofs. To the extent that it characterizes or alleges specifics contained in the underlying administrative record, including ALJ Smith's Decision and Order, which speaks for itself. To the extent that the allegations do not accurately characterize or allege facts relating to the underlying**

administrative record, they are denied. Defendant further denies that it failed to draft and implement IEPs that were reasonably calculated to meet T.M.'s educational needs.

139.     Because of the District's failure to provide the evaluations and data used to create T.M.'s IEP and the District's failure to amend the IEP to adequately support T.M., at this point, S.C. requested an independent educational evaluation ("IEE").

**ANSWER: Defendant denies the allegations contained therein because they are untrue. To the extent that it characterizes or alleges specifics contained in the underlying administrative record, including ALJ Smith's Decision and Order, which speaks for itself. To the extent that the allegations do not accurately characterize or allege facts relating to the underlying administrative record, they are denied. Defendant further denies that it failed to draft and implement IEPs that were reasonably calculated to meet T.M.'s educational needs.**

140.     In a letter dated October 16, 2020, the District denied S.C.'s request for an IEE.

**ANSWER: Defendant neither admits nor denies the allegations contained therein for lack of knowledge upon which to form a belief and, therefore, leaves Plaintiff to her proofs.**

141.     At the same time, the District agreed to conduct a further REED and an individualized evaluation "for any suspected areas of disability" "in an effort to resolve [the] matter without resorting to a due process hearing."

**ANSWER: Defendant neither admits nor denies the allegations contained therein for lack of knowledge upon which to form a belief and, therefore, leaves Plaintiff to her proofs.**

142.     On or around October 26, 2020, S.C. emailed Ms. Green to follow up

on her request for the data supporting T.M.'s IEP.

**ANSWER: Defendant admits that S.C. emailed Ms. Green on October 26, 2020 wherein she discussed data collection. Defendant neither admits nor denies the allegations contained therein, to the extent that they characterize or allege specifics contained in the underlying evidentiary administrative record, including ALJ Smith's Decision and Order, which speaks for itself. To the extent that the allegations do not accurately characterize or allege facts relating to the underlying administrative record, they are denied.**

143.     S.C. also pointed out that the service logs she received were incomplete

and inaccurate, and that multiple speech and resource sessions were missing.

**ANSWER: Defendant neither admits nor denies the allegations contained therein, to the extent that they characterize or allege specifics contained in the underlying evidentiary administrative record, including ALJ Smith's Decision and Order, which speaks for itself. To the extent that the allegations do not accurately characterize or allege facts relating to the underlying administrative record, they are denied. To the extent that Plaintiff alleges that Defendant (1) failed to draft and implement appropriate IEPs for T.M.; (2) failed to comprehensively evaluate T.M. to determine her educational needs; and (3) failed to revise T.M,'s IEPs to address her alleged inability to access an educational benefit and make progress, Defendant denies the allegations contained therein for the reason that they are untrue.**

144.     In addition, the District failed to properly complete T.M.'s progress

report forms.

**ANSWER: Defendant neither admits nor denies the allegations contained therein, to the extent that they characterize or allege specifics contained in the underlying evidentiary administrative record, including ALJ Smith's Decision and Order, which speaks for itself. To the extent that the allegations do not accurately characterize or allege facts relating to the underlying administrative record, they are denied. To the extent that Plaintiff alleges that Defendant (1) failed to draft and implement appropriate IEPs for T.M.; (2) failed to comprehensively evaluate T.M. to determine her educational needs; and (3)**

failed to revise T.M,'s IEPs to address her alleged inability to access an educational benefit and make progress, Defendant denies the allegations contained therein for the reason that they are untrue.

145.    The "comments on progress" sections were often completely blank or included only minimal boilerplate language such as "progressing as expected."

**ANSWER: Defendant neither admits nor denies the allegations contained therein, to the extent that they characterize or allege specifics contained in the underlying evidentiary administrative record, including ALJ Smith's Decision and Order, which speaks for itself. To the extent that the allegations do not accurately characterize or allege facts relating to the underlying administrative record, they are denied. To the extent that Plaintiff alleges that Defendant (1) failed to draft and implement appropriate IEPs for T.M.; (2) failed to comprehensively evaluate T.M. to determine her educational needs; and (3) failed to revise T.M,'s IEPs to address her alleged inability to access an educational benefit and make progress, Defendant denies the allegations contained therein for the reason that they are untrue.**

146.    Resource Provider Genise Turner testified that she did not recall why she did not put any data in the comment sections of T.M.'s progress reports.  (Tr. 492).

**ANSWER: Defendant neither admits nor denies the allegations contained therein, to the extent that they characterize or allege specifics contained in the underlying evidentiary administrative record, including ALJ Smith's Decision and Order, which speaks for itself. To the extent that the allegations do not accurately characterize or allege facts relating to the underlying administrative record, they are denied. To the extent that Plaintiff alleges that Defendant (1) failed to draft and implement appropriate IEPs for T.M.; (2) failed to comprehensively evaluate T.M. to determine her educational needs; and (3) failed to revise T.M,'s IEPs to address her alleged inability to access an educational benefit and make progress, Defendant denies the allegations contained therein for the reason that they are untrue.**

147.     Further, S.C. frequently contacted Ms. Turner either by phone or in person, but Ms. Turner did not discuss T.M.'s progress on goals with her.  (Tr. 490). This occurred only at T.M.'s IEP meetings.  (*Id.*).

**ANSWER: Defendant neither admits nor denies the allegations contained therein, to the extent that they characterize or allege specifics contained in the underlying evidentiary administrative record, including ALJ Smith's Decision and Order, which speaks for itself. To the extent that the allegations do not accurately characterize or allege facts relating to the underlying administrative record, they are denied. To the extent that Plaintiff alleges that Defendant (1) failed to draft and implement appropriate IEPs for T.M.; (2) failed to comprehensively evaluate T.M. to determine her educational needs; and (3) failed to revise T.M,'s IEPs to address her alleged inability to access an educational benefit and make progress, Defendant denies the allegations contained therein for the reason that they are untrue.**

148.     Special Education Teacher Gretchen Madison similarly testified that she did not know why she did not include data in the comment sections of T.M.'s progress reports and that she had never been trained to include whether the student is progressing towards the objective and at what criteria level.  (Tr. 378-379).

**ANSWER: Defendant neither admits nor denies the allegations contained therein, to the extent that they characterize or allege specifics contained in the underlying evidentiary administrative record, including ALJ Smith's Decision and Order, which speaks for itself. To the extent that the allegations do not accurately characterize or allege facts relating to the underlying administrative record, they are denied. To the extent that Plaintiff alleges that Defendant (1) failed to draft and implement appropriate IEPs for T.M.; (2) failed to comprehensively evaluate T.M. to determine her educational needs; and (3) failed to revise T.M,'s IEPs to address her alleged inability to access an educational benefit and make progress, Defendant denies the allegations contained therein for the reason that they are untrue.**

149.     A REED meeting was held on or around October 30, 2020.

**ANSWER: Admitted.**

150.    The REED form included T.M.'s prior Brigance Evaluation results from February 5, 2020.

**ANSWER: Admitted.**

151.    The observations by teachers and providers section consisted of two sentences addressing in general terms T.M.'s fatigue and motivation level.  It did not contain any specific observations related to T.M.'s current performance levels.

**ANSWER: Defendant admits that the REED document contained information relative to observations of teachers/providers. Defendant neither admits nor denies the allegations contained therein, to the extent that they characterize or allege specifics contained in the underlying evidentiary administrative record, including ALJ Smith's Decision and Order, which speaks for itself. To the extent that the allegations do not accurately characterize or allege facts relating to the underlying administrative record, they are denied. To the extent that Plaintiff alleges that Defendant (1) failed to draft and implement appropriate IEPs for T.M.; (2) failed to comprehensively evaluate T.M. to determine her educational needs; and (3) failed to revise T.M,'s IEPs to address her alleged inability to access an educational benefit and make progress, Defendant denies the allegations contained therein for the reason that they are untrue.**

152.    The REED form contained T.M.'s grades broken down by semester rather than quarter, so it did not include the two "Fs" T.M. received in the first quarter in language arts and economics.

**ANSWER: Defendant admits that the REED document contained T.M.'s grades. Defendant neither admits nor denies the allegations contained therein, to the extent that they characterize or allege specifics contained in the underlying evidentiary administrative record, including ALJ Smith's Decision and Order, which speaks for itself. To the extent that the allegations do not accurately characterize or allege facts relating to the underlying administrative record, they are denied. To the extent that Plaintiff alleges that Defendant (1)**

**failed to draft and implement appropriate IEPs for T.M.; (2) failed to comprehensively evaluate T.M. to determine her educational needs; and (3) failed to revise T.M,'s IEPs to address her alleged inability to access an educational benefit and make progress, Defendant denies the allegations contained therein for the reason that they are untrue.**

153.    The District concluded that additional data was needed to determine

T.M.'s "present level of academic achievement and developmental needs."

**ANSWER: Defendant admits that S.C. and the District agreed that to check the box on the REED document regarding whether additional data was needed to determine T.M.'s present level of academic achievement and developmental needs in the affirmative. To the extent that the allegations do not accurately characterize or allege facts relating to the underlying administrative record, they are denied. To the extent that Plaintiff alleges that Defendant (1) failed to draft and implement appropriate IEPs for T.M.; (2) failed to comprehensively evaluate T.M. to determine her educational needs; and (3) failed to revise T.M,'s IEPs to address her alleged inability to access an educational benefit and make progress, Defendant denies the allegations contained therein for the reason that they are untrue.**

154.    Despite the lack of data contained in the REED, T.M.'s 2.0 GPA, S.C.'s

persistent concerns, and the District's own acknowledgement that more data was

needed, the District proposed conducting only an academic achievement test.

**ANSWER: Defendant neither admits nor denies the allegations contained therein, to the extent that they characterize or allege specifics contained in the underlying evidentiary administrative record, including ALJ Smith's Decision and Order, which speaks for itself. To the extent that the allegations do not accurately characterize or allege facts relating to the underlying administrative record, they are denied. To the extent that Plaintiff alleges that Defendant (1) failed to draft and implement appropriate IEPs for T.M.; (2) failed to comprehensively evaluate T.M. to determine her educational needs; and (3) failed to revise T.M,'s IEPs to address her alleged inability to access an educational benefit and make progress, Defendant denies the allegations contained therein for the reason that they are untrue.**

155.     The District had not comprehensively evaluated T.M. since 2008 and

had never administered a cognitive evaluation.

**ANSWER: Defendant neither admits nor denies the allegations contained therein, to the extent that they characterize or allege specifics contained in the underlying evidentiary administrative record, including ALJ Smith's Decision and Order, which speaks for itself. To the extent that the allegations do not accurately characterize or allege facts relating to the underlying administrative record, they are denied. To the extent that Plaintiff alleges that Defendant (1) failed to draft and implement appropriate IEPs for T.M.; (2) failed to comprehensively evaluate T.M. to determine her educational needs; and (3) failed to revise T.M,'s IEPs to address her alleged inability to access an educational benefit and make progress, Defendant denies the allegations contained therein for the reason that they are untrue.**

156.     On or around November 13, 2020, Steven Portnoy, M.A. administered

the Woodcock-Johnson IV Tests of Achievement Form A to T.M.

**ANSWER: Admitted.**

157.     The test indicated the following results:

    a.  Basic Reading Skills – 9.6 grade level

    b.  Reading Comprehension Skills – 6.8 grade level

    c.  Reading Fluency Skills – 5.4 grade level

    d.  Math Calculation Skills – 3.2 grade level

    e.  Math Reasoning Skills – 4.3 grade level

    f.  Written Expression Skills – 5.4 grade level

**ANSWER: Defendant neither admits nor denies the allegations contained therein, to the extent that they characterize or allege specifics contained in the underlying evidentiary administrative record, including ALJ Smith's Decision**

and Order, which speaks for itself. To the extent that the allegations do not accurately characterize or allege facts relating to the underlying administrative record, they are denied. To the extent that Plaintiff alleges that Defendant (1) failed to draft and implement appropriate IEPs for T.M.; (2) failed to comprehensively evaluate T.M. to determine her educational needs; and (3) failed to revise T.M,'s IEPs to address her alleged inability to access an educational benefit and make progress, Defendant denies the allegations contained therein for the reason that they are untrue.

158.     Mr. Portnoy's Report recommended "Tier 2" supports in the subject areas of reading comprehension, reading fluency, written expression, and math.

ANSWER: Defendant neither admits nor denies the allegations contained therein, to the extent that they characterize or allege specifics contained in the underlying evidentiary administrative record, including ALJ Smith's Decision and Order, which speaks for itself. To the extent that the allegations do not accurately characterize or allege facts relating to the underlying administrative record, they are denied. To the extent that Plaintiff alleges that Defendant (1) failed to draft and implement appropriate IEPs for T.M.; (2) failed to comprehensively evaluate T.M. to determine her educational needs; and (3) failed to revise T.M,'s IEPs to address her alleged inability to access an educational benefit and make progress, Defendant denies the allegations contained therein for the reason that they are untrue.

159.     With respect to math, Mr. Portnoy recommended that the District specifically address both basic calculation and math reasoning skills in T.M.'s IEP and provide T.M. support from a special education resource teacher.

ANSWER: Defendant neither admits nor denies the allegations contained therein, to the extent that they characterize or allege specifics contained in the underlying evidentiary administrative record, including ALJ Smith's Decision and Order, which speaks for itself. To the extent that the allegations do not accurately characterize or allege facts relating to the underlying administrative record, they are denied. To the extent that Plaintiff alleges that Defendant (1) failed to draft and implement appropriate IEPs for T.M.; (2) failed to

comprehensively evaluate T.M. to determine her educational needs; and (3) failed to revise T.M,'s IEPs to address her alleged inability to access an educational benefit and make progress, Defendant denies the allegations contained therein for the reason that they are untrue.

160.    In addition to extended time on tests and assignments, access to a smaller classroom for tests and quizzes, and use of a calculator, Mr. Portnoy noted that assignments and homework may need modifying.

ANSWER: Defendant neither admits nor denies the allegations contained therein, to the extent that they characterize or allege specifics contained in the underlying evidentiary administrative record, including ALJ Smith's Decision and Order, which speaks for itself. To the extent that the allegations do not accurately characterize or allege facts relating to the underlying administrative record, they are denied. To the extent that Plaintiff alleges that Defendant (1) failed to draft and implement appropriate IEPs for T.M.; (2) failed to comprehensively evaluate T.M. to determine her educational needs; and (3) failed to revise T.M,'s IEPs to address her alleged inability to access an educational benefit and make progress, Defendant denies the allegations contained therein for the reason that they are untrue.

161.    On or around December 2, 2020, an IEP meeting was held to review the results of the evaluation and revise T.M.'s IEP.

ANSWER: Defendant admits that an IEP meeting was held on December 2, 2020 to review the results of Mr. Portnoy's evaluation and to revise, as appropriate, T.M.'s IEP in response to that evaluation. Defendant neither admits nor denies the allegations contained therein, to the extent that they characterize or allege specifics contained in the underlying evidentiary administrative record, including ALJ Smith's Decision and Order, which speaks for itself. To the extent that the allegations do not accurately characterize or allege facts relating to the underlying administrative record, they are denied. To the extent that Plaintiff alleges that Defendant (1) failed to draft and implement appropriate IEPs for T.M.; (2) failed to comprehensively evaluate T.M. to determine her educational needs; and (3) failed to revise

**T.M.'s IEPs to address her alleged inability to access an educational benefit and make progress, Defendant denies the allegations contained therein for the reason that they are untrue.**

162. Although the recent Woodcock-Johnson evaluation showed T.M. to be performing between three and four grade levels behind in Reading Comprehension and Reading fluency, the District removed reading as an "area of need."

**ANSWER: Defendant neither admits nor denies the allegations contained therein, to the extent that they characterize or allege specifics contained in the underlying evidentiary administrative record, including ALJ Smith's Decision and Order, which speaks for itself. To the extent that the allegations do not accurately characterize or allege facts relating to the underlying administrative record, they are denied. To the extent that Plaintiff alleges that Defendant (1) failed to draft and implement appropriate IEPs for T.M.; (2) failed to comprehensively evaluate T.M. to determine her educational needs; and (3) failed to revise T.M.'s IEPs to address her alleged inability to access an educational benefit and make progress, Defendant denies the allegations contained therein for the reason that they are untrue.**

163. Further, despite T.M.'s alarmingly low results on the Woodcock-Johnson evaluation in math, the District did not provide any direct services for math.

**ANSWER: Defendant neither admits nor denies the allegations contained therein, to the extent that they characterize or allege specifics contained in the underlying evidentiary administrative record, including ALJ Smith's Decision and Order, which speaks for itself. To the extent that the allegations do not accurately characterize or allege facts relating to the underlying administrative record, they are denied. To the extent that Plaintiff alleges that Defendant (1) failed to draft and implement appropriate IEPs for T.M.; (2) failed to comprehensively evaluate T.M. to determine her educational needs; and (3) failed to revise T.M.'s IEPs to address her alleged inability to access an educational benefit and make progress, Defendant denies the allegations contained therein for the reason that they are untrue.**

164. The number of direct/consultative services hours for speech and language and social work services remained at 1.5 hours per month.

**ANSWER: Defendant neither admits nor denies the allegations contained therein, to the extent that they characterize or allege specifics contained in the underlying evidentiary administrative record, including ALJ Smith's Decision and Order, which speaks for itself. To the extent that the allegations do not accurately characterize or allege facts relating to the underlying administrative record, they are denied. To the extent that Plaintiff alleges that Defendant (1) failed to draft and implement appropriate IEPs for T.M.; (2) failed to comprehensively evaluate T.M. to determine her educational needs; and (3) failed to revise T.M,'s IEPs to address her alleged inability to access an educational benefit and make progress, Defendant denies the allegations contained therein for the reason that they are untrue.**

165. Like the February 11, 2020, IEP, the December 2, 2020, IEP failed to include as an accommodation that T.M.'s teachers would modify her assignments.

**ANSWER: Defendant neither admits nor denies the allegations contained therein, to the extent that they characterize or allege specifics contained in the underlying evidentiary administrative record, including ALJ Smith's Decision and Order, which speaks for itself. To the extent that the allegations do not accurately characterize or allege facts relating to the underlying administrative record, they are denied. To the extent that Plaintiff alleges that Defendant (1) failed to draft and implement appropriate IEPs for T.M.; (2) failed to comprehensively evaluate T.M. to determine her educational needs; and (3) failed to revise T.M,'s IEPs to address her alleged inability to access an educational benefit and make progress, Defendant denies the allegations contained therein for the reason that they are untrue.**

166. The IEP provided a mere 300 minutes (five hours) total of special education "resource support" per week.

**ANSWER: Defendant neither admits nor denies the allegations contained therein, to the extent that they characterize or allege specifics contained in the**

**underlying evidentiary administrative record, including ALJ Smith's Decision and Order, which speaks for itself. To the extent that the allegations do not accurately characterize or allege facts relating to the underlying administrative record, they are denied. To the extent that Plaintiff alleges that Defendant (1) failed to draft and implement appropriate IEPs for T.M.; (2) failed to comprehensively evaluate T.M. to determine her educational needs; and (3) failed to revise T.M,'s IEPs to address her alleged inability to access an educational benefit and make progress, Defendant denies the allegations contained therein for the reason that they are untrue.**

167. The District also removed assistive technology from T.M.'s IEP without providing any explanation or justification for the removal.

**ANSWER: Defendant neither admits nor denies the allegations contained therein, to the extent that they characterize or allege specifics contained in the underlying evidentiary administrative record, including ALJ Smith's Decision and Order, which speaks for itself. To the extent that the allegations do not accurately characterize or allege facts relating to the underlying administrative record, they are denied. To the extent that Plaintiff alleges that Defendant (1) failed to draft and implement appropriate IEPs for T.M.; (2) failed to comprehensively evaluate T.M. to determine her educational needs; and (3) failed to revise T.M,'s IEPs to address her alleged inability to access an educational benefit and make progress, Defendant denies the allegations contained therein for the reason that they are untrue.**

168. Although S.C. repeated her request for more frequent progress reporting, the IEP continued to only call for progress reporting concurrent with the regular grading periods.

**ANSWER: Defendant neither admits nor denies the allegations contained therein, to the extent that they characterize or allege specifics contained in the underlying evidentiary administrative record, including ALJ Smith's Decision and Order, which speaks for itself. To the extent that the allegations do not accurately characterize or allege facts relating to the underlying administrative record, they are denied. To the extent that Plaintiff alleges that Defendant (1)**

**failed to draft and implement appropriate IEPs for T.M.; (2) failed to comprehensively evaluate T.M. to determine her educational needs; and (3) failed to revise T.M,'s IEPs to address her alleged inability to access an educational benefit and make progress, Defendant denies the allegations contained therein for the reason that they are untrue.**

169.     The District continued to fail to provide progress reports to S.C.

**ANSWER: Defendant neither admits nor denies the allegations contained therein, to the extent that they characterize or allege specifics contained in the underlying evidentiary administrative record, including ALJ Smith's Decision and Order, which speaks for itself. To the extent that the allegations do not accurately characterize or allege facts relating to the underlying administrative record, they are denied. To the extent that Plaintiff alleges that Defendant (1) failed to draft and implement appropriate IEPs for T.M.; (2) failed to comprehensively evaluate T.M. to determine her educational needs; and (3) failed to revise T.M,'s IEPs to address her alleged inability to access an educational benefit and make progress, Defendant denies the allegations contained therein for the reason that they are untrue.**

170.     Unsatisfied with the District's limited reevaluation of T.M. and continued failure to provide adequate support for T.M. in her IEP, S.C. reiterated her request for an independent evaluation at the December 2, 2020, IEP meeting.

**ANSWER: Defendant neither admits nor denies the allegations contained therein due to lack of knowledge upon which to form a belief and, therefore, leaves Plaintiff to her proofs.**

171.     On or around December 8, 2020, the District granted S.C.'s request for an IEE, capping the cost for such at $1,500.

**ANSWER: Defendant neither admits nor denies the allegations contained therein for it lack knowledge upon which to form a belief and, therefore, leave T.M. to her proofs.**

172.     Due to complications arising from the COVID-19 pandemic (closed agencies, backlogs, etc.) and inflation which had increased provider costs, S.C. was unable to find a provider within the District's budget.

**ANSWER: Defendant neither admits nor denies the allegations contained therein for lack of knowledge upon which to form a belief and, therefore leaves Plaintiff to her proofs.**

173.     The District delayed approving S.C.'s request for an increase in funds.

**ANSWER: Defendant neither admits nor denies the allegations contained therein for lack of knowledge upon which to form a belief and, therefore leaves Plaintiff to her proofs.**

174.     S.C. ultimately had to compel payment for the evaluation.

**ANSWER: Defendant denies the allegation contained therein for the reason that it is untrue and, therefore, leaves Plaintiff to her proofs.**

175.     Due to the District's delays, the IEE was not conducted until on or around September 1, 2021.

**ANSWER: Defendant denies the allegation contained therein for the reason that it is untrue and, therefore, leaves Plaintiff to her proofs.**

176.     On or around January 21, 2021, another IEP meeting was held.

**ANSWER: Admitted.**

177.     At this point—halfway through T.M.'s junior year of high school—the District finally increased T.M.'s resource support.

**ANSWER: Defendant neither admits nor denies the allegations contained therein, to the extent that they characterize or allege specifics contained in the underlying evidentiary administrative record, including ALJ Smith's Decision**

and Order, which speaks for itself. To the extent that the allegations do not accurately characterize or allege facts relating to the underlying administrative record, they are denied. To the extent that Plaintiff alleges that Defendant (1) failed to draft and implement appropriate IEPs for T.M.; (2) failed to comprehensively evaluate T.M. to determine her educational needs; and (3) failed to revise T.M,'s IEPs to address her alleged inability to access an educational benefit and make progress, Defendant denies the allegations contained therein for the reason that they are untrue.

178.    T.M.'s resource support increased from 300 minutes per week to 600 minutes (ten hours) per week.

ANSWER: Admitted.

179.    The nature of this support was still undefined.

ANSWER: Defendant denies the allegations contained therein for the reason that they are untrue.

180.    Ms. Madison, who provided T.M.'s special education services, testified that there were not enough hours in the day for resource room time, and that T.M. would have to skip one of her regular general education courses to attend.  (Tr. 358-359).

ANSWER: Defendant neither admits nor denies the allegations contained therein, to the extent that they characterize or allege specifics contained in the underlying evidentiary administrative record, including ALJ Smith's Decision and Order, which speaks for itself. To the extent that the allegations do not accurately characterize or allege facts relating to the underlying administrative record, they are denied. To the extent that Plaintiff alleges that Defendant (1) failed to draft and implement appropriate IEPs for T.M.; (2) failed to comprehensively evaluate T.M. to determine her educational needs; and (3) failed to revise T.M,'s IEPs to address her alleged inability to access an educational benefit and make progress, Defendant denies the allegations contained therein for the reason that they are untrue.

181.    The District also added a reading fluency goal.

**ANSWER: Defendant neither admits nor denies the allegations contained therein, to the extent that they characterize or allege specifics contained in the underlying evidentiary administrative record, including ALJ Smith's Decision and Order, which speaks for itself. To the extent that the allegations do not accurately characterize or allege facts relating to the underlying administrative record, they are denied. To the extent that Plaintiff alleges that Defendant (1) failed to draft and implement appropriate IEPs for T.M.; (2) failed to comprehensively evaluate T.M. to determine her educational needs; and (3) failed to revise T.M,'s IEPs to address her alleged inability to access an educational benefit and make progress, Defendant denies the allegations contained therein for the reason that they are untrue.**

182.    However, the District did not add any additional services, programming, or accommodations, despite continuing to document T.M.'s significantly below-grade-level performance.

**ANSWER: Defendant neither admits nor denies the allegations contained therein, to the extent that they characterize or allege specifics contained in the underlying evidentiary administrative record, including ALJ Smith's Decision and Order, which speaks for itself. To the extent that the allegations do not accurately characterize or allege facts relating to the underlying administrative record, they are denied. To the extent that Plaintiff alleges that Defendant (1) failed to draft and implement appropriate IEPs for T.M.; (2) failed to comprehensively evaluate T.M. to determine her educational needs; and (3) failed to revise T.M,'s IEPs to address her alleged inability to access an educational benefit and make progress, Defendant denies the allegations contained therein for the reason that they are untrue.**

183.    The District continued to provide only 1.5 hours per month of direct/consultative services for speech and language and social work.

**ANSWER: Defendant neither admits nor denies the allegations contained therein, to the extent that they characterize or allege specifics contained in the underlying evidentiary administrative record, including ALJ Smith's Decision and Order, which speaks for itself. To the extent that the allegations do not accurately characterize or allege facts relating to the underlying administrative record, they are denied. To the extent that Plaintiff alleges that Defendant (1) failed to draft and implement appropriate IEPs for T.M.; (2) failed to comprehensively evaluate T.M. to determine her educational needs; and (3) failed to revise T.M,'s IEPs to address her alleged inability to access an educational benefit and make progress, Defendant denies the allegations contained therein for the reason that they are untrue.**

184.   T.M.'s math goals (both computational and reasoning) remained the same or were less ambitious than those listed in her December 2020 IEP indicating a complete lack of progress.

**ANSWER: Defendant neither admits nor denies the allegations contained therein, to the extent that they characterize or allege specifics contained in the underlying evidentiary administrative record, including ALJ Smith's Decision and Order, which speaks for itself. To the extent that the allegations do not accurately characterize or allege facts relating to the underlying administrative record, they are denied. To the extent that Plaintiff alleges that Defendant (1) failed to draft and implement appropriate IEPs for T.M.; (2) failed to comprehensively evaluate T.M. to determine her educational needs; and (3) failed to revise T.M,'s IEPs to address her alleged inability to access an educational benefit and make progress, Defendant denies the allegations contained therein for the reason that they are untrue.**

185.   The District aimed, once again, for T.M.—now in eleventh grade—to achieve a third or fourth grade level in basic math skills like addition and subtraction without providing any additional support.

**ANSWER: Defendant neither admits nor denies the allegations contained therein, to the extent that they characterize or allege specifics contained in the**

underlying evidentiary administrative record, including ALJ Smith's Decision and Order, which speaks for itself. To the extent that the allegations do not accurately characterize or allege facts relating to the underlying administrative record, they are denied. To the extent that Plaintiff alleges that Defendant (1) failed to draft and implement appropriate IEPs for T.M.; (2) failed to comprehensively evaluate T.M. to determine her educational needs; and (3) failed to revise T.M,'s IEPs to address her alleged inability to access an educational benefit and make progress, Defendant denies the allegations contained therein for the reason that they are untrue.

186. The January 21, 2021, IEP, like the prior December 2, 2020, IEP, did

not provide any direct services to address T.M.'s stark deficits in math.

**ANSWER: Defendant neither admits nor denies the allegations contained therein, to the extent that they characterize or allege specifics contained in the underlying evidentiary administrative record, including ALJ Smith's Decision and Order, which speaks for itself. To the extent that the allegations do not accurately characterize or allege facts relating to the underlying administrative record, they are denied. To the extent that Plaintiff alleges that Defendant (1) failed to draft and implement appropriate IEPs for T.M.; (2) failed to comprehensively evaluate T.M. to determine her educational needs; and (3) failed to revise T.M,'s IEPs to address her alleged inability to access an educational benefit and make progress, Defendant denies the allegations contained therein for the reason that they are untrue.**

187. The IEP also failed to include as an accommodation that T.M.'s

teachers would modify her assignments.

**ANSWER: Defendant neither admits nor denies the allegations contained therein, to the extent that they characterize or allege specifics contained in the underlying evidentiary administrative record, including ALJ Smith's Decision and Order, which speaks for itself. To the extent that the allegations do not accurately characterize or allege facts relating to the underlying administrative record, they are denied. To the extent that Plaintiff alleges that Defendant (1) failed to draft and implement appropriate IEPs for T.M.; (2) failed to comprehensively evaluate T.M. to determine her educational needs; and (3) failed to revise T.M,'s IEPs to address her alleged inability to access an**

educational benefit and make progress, Defendant denies the allegations contained therein for the reason that they are untrue.

*Independent Evaluation*

188.     On September 1, 2021, Dr. Jessica Garrett conducted a comprehensive psychological evaluation of T.M. as an IEE.

**ANSWER: Admitted.**

189.     As part of that evaluation, Dr. Garrett conducted a clinical interview of T.M. and S.C., reviewed T.M.'s results from the Woodcock-Johnson evaluation by Mr. Portnoy, reviewed T.M.'s current IEP, observed T.M.'s relevant performance behaviors, and administered the following assessments: Wechsler Adult Intelligence Scale – 4th Edition, Wechsler Individual Achievement Test – 3rd Edition, Child Behavior Checklist for Ages 6-18, and the Vineland Adaptive Behavior Scales – 3rd Edition.

**ANSWER: Defendant neither admits nor denies the allegations contained therein, to the extent that they characterize or allege specifics contained in the underlying evidentiary administrative record, including ALJ Smith's Decision and Order, which speaks for itself. To the extent that the allegations do not accurately characterize or allege facts relating to the underlying administrative record, they are denied. To the extent that Plaintiff alleges that Defendant (1) failed to draft and implement appropriate IEPs for T.M.; (2) failed to comprehensively evaluate T.M. to determine her educational needs; and (3) failed to revise T.M,'s IEPs to address her alleged inability to access an educational benefit and make progress, Defendant denies the allegations contained therein for the reason that they are untrue.**

190.     Dr. Garrett's evaluation found that T.M. had an extremely low IQ (2nd percentile) making it difficult to "keep[] up with her peers in a wide variety of situations that require thinking and reasoning abilities."

**ANSWER: Defendant neither admits nor denies the allegations contained therein, to the extent that they characterize or allege specifics contained in the underlying evidentiary administrative record, including ALJ Smith's Decision and Order, which speaks for itself. To the extent that the allegations do not accurately characterize or allege facts relating to the underlying administrative record, they are denied. To the extent that Plaintiff alleges that Defendant (1) failed to draft and implement appropriate IEPs for T.M.; (2) failed to comprehensively evaluate T.M. to determine her educational needs; and (3) failed to revise T.M,'s IEPs to address her alleged inability to access an educational benefit and make progress, Defendant denies the allegations contained therein for the reason that they are untrue.**

191.     Dr. Garrett also found that T.M. had an extremely low ability to process simple or routine visual material (processing speed).

**ANSWER: Defendant neither admits nor denies the allegations contained therein, to the extent that they characterize or allege specifics contained in the underlying evidentiary administrative record, including ALJ Smith's Decision and Order, which speaks for itself. To the extent that the allegations do not accurately characterize or allege facts relating to the underlying administrative record, they are denied. To the extent that Plaintiff alleges that Defendant (1) failed to draft and implement appropriate IEPs for T.M.; (2) failed to comprehensively evaluate T.M. to determine her educational needs; and (3) failed to revise T.M,'s IEPs to address her alleged inability to access an educational benefit and make progress, Defendant denies the allegations contained therein for the reason that they are untrue.**

192.     T.M.'s academic abilities were also found to be in the extremely low range.  T.M.'s reading level fell at the 2nd percentile and her math and writing levels fell at or below the 1st percentile.

**ANSWER: Defendant neither admits nor denies the allegations contained therein, to the extent that they characterize or allege specifics contained in the underlying evidentiary administrative record, including ALJ Smith's Decision and Order, which speaks for itself. To the extent that the allegations do not accurately characterize or allege facts relating to the underlying administrative record, they are denied. To the extent that Plaintiff alleges that Defendant (1) failed to draft and implement appropriate IEPs for T.M.; (2) failed to comprehensively evaluate T.M. to determine her educational needs; and (3) failed to revise T.M,'s IEPs to address her alleged inability to access an educational benefit and make progress, Defendant denies the allegations contained therein for the reason that they are untrue.**

193.    At the same time, T.M.'s adaptive skills (i.e., real life skills such as personal grooming, dressing, safety, ability to work, social skills, and personal responsibility) fell in an average range.

**ANSWER: Defendant neither admits nor denies the allegations contained therein, to the extent that they characterize or allege specifics contained in the underlying evidentiary administrative record, including ALJ Smith's Decision and Order, which speaks for itself. To the extent that the allegations do not accurately characterize or allege facts relating to the underlying administrative record, they are denied. To the extent that Plaintiff alleges that Defendant (1) failed to draft and implement appropriate IEPs for T.M.; (2) failed to comprehensively evaluate T.M. to determine her educational needs; and (3) failed to revise T.M,'s IEPs to address her alleged inability to access an educational benefit and make progress, Defendant denies the allegations contained therein for the reason that they are untrue.**

194.    Dr. Garrett noted that T.M.'s observed fatigue while testing "may have had a moderate effect on her capacity to fully express her true abilities."

**ANSWER: Defendant neither admits nor denies the allegations contained therein, to the extent that they characterize or allege specifics contained in the underlying evidentiary administrative record, including ALJ Smith's Decision and Order, which speaks for itself. To the extent that the allegations do not accurately characterize or allege facts relating to the underlying administrative record, they are denied. To the extent that Plaintiff alleges that Defendant (1)**

**failed to draft and implement appropriate IEPs for T.M.; (2) failed to comprehensively evaluate T.M. to determine her educational needs; and (3) failed to revise T.M,'s IEPs to address her alleged inability to access an educational benefit and make progress, Defendant denies the allegations contained therein for the reason that they are untrue.**

195. Nevertheless, she concluded that the results were valid and suggested using the upper end of confidence intervals when possible.

**ANSWER: Defendant neither admits nor denies the allegations contained therein, to the extent that they characterize or allege specifics contained in the underlying evidentiary administrative record, including ALJ Smith's Decision and Order, which speaks for itself. To the extent that the allegations do not accurately characterize or allege facts relating to the underlying administrative record, they are denied. To the extent that Plaintiff alleges that Defendant (1) failed to draft and implement appropriate IEPs for T.M.; (2) failed to comprehensively evaluate T.M. to determine her educational needs; and (3) failed to revise T.M,'s IEPs to address her alleged inability to access an educational benefit and make progress, Defendant denies the allegations contained therein for the reason that they are untrue.**

196. Despite T.M.'s low cognitive and academic scores, because of her average adaptive skills, Dr. Garrett concluded that, "T.M. does not fit the profile of either a student with a Cognitive Impairment or a student with a Specific Learning Disability."

**ANSWER: Defendant neither admits nor denies the allegations contained therein, to the extent that they characterize or allege specifics contained in the underlying evidentiary administrative record, including ALJ Smith's Decision and Order, which speaks for itself. To the extent that the allegations do not accurately characterize or allege facts relating to the underlying administrative record, they are denied. To the extent that Plaintiff alleges that Defendant (1) failed to draft and implement appropriate IEPs for T.M.; (2) failed to comprehensively evaluate T.M. to determine her educational needs; and (3) failed to revise T.M,'s IEPs to address her alleged inability to access an**

educational benefit and make progress, Defendant denies the allegations contained therein for the reason that they are untrue.

197.     Based on T.M.'s results, Dr. Garrett concluded that "intensive special educations services and support" were warranted.

**ANSWER: Defendant neither admits nor denies the allegations contained therein, to the extent that they characterize or allege specifics contained in the underlying evidentiary administrative record, including ALJ Smith's Decision and Order, which speaks for itself. To the extent that the allegations do not accurately characterize or allege facts relating to the underlying administrative record, they are denied. To the extent that Plaintiff alleges that Defendant (1) failed to draft and implement appropriate IEPs for T.M.; (2) failed to comprehensively evaluate T.M. to determine her educational needs; and (3) failed to revise T.M,'s IEPs to address her alleged inability to access an educational benefit and make progress, Defendant denies the allegations contained therein for the reason that they are untrue.**

*Administrative Due Process Complaint*

198.     On or around April 13, 2021, S.C. filed a due process complaint against the District with MDE.

**ANSWER: Admitted.**

199.     On April 7, 8, 14, and 23, 2022, a hearing was held before an Administrative Law Judge ("ALJ") to address whether the District denied T.M. a FAPE by:

1. Failing to comprehensively evaluate T.M. to determine her educational needs;

2. Failing to revise T.M.'s Individual Education Program (IEP) to address her alleged inability to access an educational benefit and make appropriate progress;

3. Failing to draft an IEP reasonably calculated to meet T.M.'s educational needs and allow her to access an education benefit and make appropriate progress; and

4. Failing to implement T.M.'s IEP as written.

**ANSWER: Admitted.**

200.   At the hearing, Dr. Garrett testified to the importance of performing comprehensive evaluations for students with IEPs, particularly cognitive assessments, to identify a student's current level of performance and its impact in the classroom.  (*See* Tr. 267-268, 275-276).

**ANSWER: Defendant neither admits nor denies the allegations contained therein, to the extent that they characterize or allege specifics contained in the underlying evidentiary administrative record, including ALJ Smith's Decision and Order, which speaks for itself. To the extent that the allegations do not accurately characterize or allege facts relating to the underlying administrative record, they are denied. To the extent that Plaintiff alleges that Defendant (1) failed to draft and implement appropriate IEPs for T.M.; (2) failed to comprehensively evaluate T.M. to determine her educational needs; and (3) failed to revise T.M,'s IEPs to address her alleged inability to access an educational benefit and make progress, Defendant denies the allegations contained therein for the reason that they are untrue.**

201.   According to Dr. Garrett, in her experience as a school psychologist, the District would have had access to cognitive evaluations.  (Tr. 275).  She was surprised the District had never performed a cognitive evaluation on T.M., testifying that "even . . . with T.M.'s educational eligibility being otherwise health impaired, with what we know about sickle cell anemia, with what we know about ADHD . . . it would be really important to see where her cognitive levels fell at some point [in

66

order to] have a baseline going forward to see if there was any sort of cognitive

impairment or loss of cognitive skills based on [ ] her complex medical history."

(Tr. 275).

**ANSWER: Defendant neither admits nor denies the allegations contained therein, to the extent that they characterize or allege specifics contained in the underlying evidentiary administrative record, including ALJ Smith's Decision and Order, which speaks for itself. To the extent that the allegations do not accurately characterize or allege facts relating to the underlying administrative record, they are denied. To the extent that Plaintiff alleges that Defendant (1) failed to draft and implement appropriate IEPs for T.M.; (2) failed to comprehensively evaluate T.M. to determine her educational needs; and (3) failed to revise T.M,'s IEPs to address her alleged inability to access an educational benefit and make progress, Defendant denies the allegations contained therein for the reason that they are untrue.**

202.    If presented with a student like T.M., diagnosed with sickle cell anemia

and ADHD, Dr. Garrett testified that she would have initially conducted a cognitive

assessment and full academic assessment to establish baselines.  (Tr. 275-276).  Dr.

Garrett would also reevaluate "a student with this complex medical history" every

three years to "see how her cognitive skills are . . . trending . . . [and] to continue to

assess academics to see what's working [and] what's not."  (*Id.*).

**ANSWER: Defendant neither admits nor denies the allegations contained therein, to the extent that they characterize or allege specifics contained in the underlying evidentiary administrative record, including ALJ Smith's Decision and Order, which speaks for itself. To the extent that the allegations do not accurately characterize or allege facts relating to the underlying administrative record, they are denied. To the extent that Plaintiff alleges that Defendant (1) failed to draft and implement appropriate IEPs for T.M.; (2) failed to comprehensively evaluate T.M. to determine her educational needs; and (3) failed to revise T.M,'s IEPs to address her alleged inability to access an**

**educational benefit and make progress, Defendant denies the allegations contained therein for the reason that they are untrue.**

203.    In addition to conducting further testing as part of an initial, comprehensive evaluation, Dr. Garrett testified that T.M.'s results on the 2020 Woodcock-Johnson evaluation should have prompted the District to conduct follow-up evaluations to determine "why her scores were so [far] below where we would expect them to be." (Tr. 274-275).

**ANSWER: Defendant neither admits nor denies the allegations contained therein, to the extent that they characterize or allege specifics contained in the underlying evidentiary administrative record, including ALJ Smith's Decision and Order, which speaks for itself. To the extent that the allegations do not accurately characterize or allege facts relating to the underlying administrative record, they are denied. To the extent that Plaintiff alleges that Defendant (1) failed to draft and implement appropriate IEPs for T.M.; (2) failed to comprehensively evaluate T.M. to determine her educational needs; and (3) failed to revise T.M,'s IEPs to address her alleged inability to access an educational benefit and make progress, Defendant denies the allegations contained therein for the reason that they are untrue.**

204.    Dr. Garrett testified that given T.M.'s results, she would "understand[] much less of what was said in a general education classroom [and] what was expected of her in a general education classroom" and that "we would expect that her performance would be much lower than those of her peers." (Tr. 272). In other words, she would have difficulty "sitting in a general education classroom . . . grasping grade level material." (Tr. 267, 268).

**ANSWER: Defendant neither admits nor denies the allegations contained therein, to the extent that they characterize or allege specifics contained in the underlying evidentiary administrative record, including ALJ Smith's Decision**

**and Order, which speaks for itself. To the extent that the allegations do not accurately characterize or allege facts relating to the underlying administrative record, they are denied. To the extent that Plaintiff alleges that Defendant (1) failed to draft and implement appropriate IEPs for T.M.; (2) failed to comprehensively evaluate T.M. to determine her educational needs; and (3) failed to revise T.M,'s IEPs to address her alleged inability to access an educational benefit and make progress, Defendant denies the allegations contained therein for the reason that they are untrue.**

205.    According to Dr. Garrett, with appropriate education services including intensive and individualized support, T.M. would be capable of learning and achieving higher scores than her reading, writing, and math evaluations indicated. (Tr. 269, 270-271, 287).

**ANSWER: Defendant neither admits nor denies the allegations contained therein, to the extent that they characterize or allege specifics contained in the underlying evidentiary administrative record, including ALJ Smith's Decision and Order, which speaks for itself. To the extent that the allegations do not accurately characterize or allege facts relating to the underlying administrative record, they are denied. To the extent that Plaintiff alleges that Defendant (1) failed to draft and implement appropriate IEPs for T.M.; (2) failed to comprehensively evaluate T.M. to determine her educational needs; and (3) failed to revise T.M,'s IEPs to address her alleged inability to access an educational benefit and make progress, Defendant denies the allegations contained therein for the reason that they are untrue.**

206.    For reading, Dr. Garrett opined that T.M. would need "maximum, intensive, research-based . . . reading support" such as the Orton-Gillingham program with built in measures to determine if she was making progress, emphasizing that "it would . . . be important that it [have] multiple checkpoints throughout to check her progress." (Tr. 269-270).

**ANSWER: Defendant neither admits nor denies the allegations contained therein, to the extent that they characterize or allege specifics contained in the underlying evidentiary administrative record, including ALJ Smith's Decision and Order, which speaks for itself. To the extent that the allegations do not accurately characterize or allege facts relating to the underlying administrative record, they are denied. To the extent that Plaintiff alleges that Defendant (1) failed to draft and implement appropriate IEPs for T.M.; (2) failed to comprehensively evaluate T.M. to determine her educational needs; and (3) failed to revise T.M,'s IEPs to address her alleged inability to access an educational benefit and make progress, Defendant denies the allegations contained therein for the reason that they are untrue.**

207.    Dr. Garrett recommended interventions and accommodations including, "intensive interventions in as small a group as possible" with modified and shortened assignments, as T.M. would not be "expected to do grade level work when . . . her scores [were] as such." (Tr. 272). Dr. Garrett also recommended having "someone . . . sitting with her to . . . gauge what [T.M. is] grasping out of general education classes." (Tr. 278). Dr. Garrett further opined that T.M. would need "frequent breaks" with "a plan so she knew how to utilize those breaks." (Tr. 273, 279).

**ANSWER: Defendant neither admits nor denies the allegations contained therein, to the extent that they characterize or allege specifics contained in the underlying evidentiary administrative record, including ALJ Smith's Decision and Order, which speaks for itself. To the extent that the allegations do not accurately characterize or allege facts relating to the underlying administrative record, they are denied. To the extent that Plaintiff alleges that Defendant (1) failed to draft and implement appropriate IEPs for T.M.; (2) failed to comprehensively evaluate T.M. to determine her educational needs; and (3) failed to revise T.M,'s IEPs to address her alleged inability to access an educational benefit and make progress, Defendant denies the allegations contained therein for the reason that they are untrue.**

208.     Dr. Garrett also testified that T.M. would have benefited from assistive

technology, like audio books and speech to text software.  (Tr. 286-287).

**ANSWER: Defendant neither admits nor denies the allegations contained therein, to the extent that they characterize or allege specifics contained in the underlying evidentiary administrative record, including ALJ Smith's Decision and Order, which speaks for itself. To the extent that the allegations do not accurately characterize or allege facts relating to the underlying administrative record, they are denied. To the extent that Plaintiff alleges that Defendant (1) failed to draft and implement appropriate IEPs for T.M.; (2) failed to comprehensively evaluate T.M. to determine her educational needs; and (3) failed to revise T.M,'s IEPs to address her alleged inability to access an educational benefit and make progress, Defendant denies the allegations contained therein for the reason that they are untrue.**

209.     When a student experiences an extended absence due to hospitalization

like T.M., Dr. Garrett explained that, based on her experience as a school

psychologist, a school district would typically provide special education services by

sending a certified teacher to the hospital or child's home.  (Tr. 294-295).

**ANSWER: Defendant neither admits nor denies the allegations contained therein, to the extent that they characterize or allege specifics contained in the underlying evidentiary administrative record, including ALJ Smith's Decision and Order, which speaks for itself. To the extent that the allegations do not accurately characterize or allege facts relating to the underlying administrative record, they are denied. To the extent that Plaintiff alleges that Defendant (1) failed to draft and implement appropriate IEPs for T.M.; (2) failed to comprehensively evaluate T.M. to determine her educational needs; and (3) failed to revise T.M,'s IEPs to address her alleged inability to access an educational benefit and make progress, Defendant denies the allegations contained therein for the reason that they are untrue.**

210.     The District never considered this option for T.M. even though her

Special Education Teacher, Ms. Madison, had concerns about the amount of school

T.M. missed due to her hospitalizations and the fact that T.M.'s resource providers

had discussed amongst themselves how such a program could have benefited T.M.

(Tr. 440-442).

**ANSWER: Defendant neither admits nor denies the allegations contained therein, to the extent that they characterize or allege specifics contained in the underlying evidentiary administrative record, including ALJ Smith's Decision and Order, which speaks for itself. To the extent that the allegations do not accurately characterize or allege facts relating to the underlying administrative record, they are denied. To the extent that Plaintiff alleges that Defendant (1) failed to draft and implement appropriate IEPs for T.M.; (2) failed to comprehensively evaluate T.M. to determine her educational needs; and (3) failed to revise T.M,'s IEPs to address her alleged inability to access an educational benefit and make progress, Defendant denies the allegations contained therein for the reason that they are untrue.**

211.    Dr. Garrett concluded that the District's current accommodations and

services for T.M. were insufficient to allow her to make progress in the general

education curriculum.  (Tr. 272, 273, 278, 279).

**ANSWER: Defendant neither admits nor denies the allegations contained therein, to the extent that they characterize or allege specifics contained in the underlying evidentiary administrative record, including ALJ Smith's Decision and Order, which speaks for itself. To the extent that the allegations do not accurately characterize or allege facts relating to the underlying administrative record, they are denied. To the extent that Plaintiff alleges that Defendant (1) failed to draft and implement appropriate IEPs for T.M.; (2) failed to comprehensively evaluate T.M. to determine her educational needs; and (3) failed to revise T.M,'s IEPs to address her alleged inability to access an educational benefit and make progress, Defendant denies the allegations contained therein for the reason that they are untrue.**

212.    In particular, Dr. Garrett stated that the duration (five hours per week)

and type of resource support the District provided were inadequate.  In her opinion,

T.M. would need someone "sitting with her every class throughout the school day to ensure that she's understanding [the material]." (Tr. 278-279, 285).

**ANSWER: Defendant neither admits nor denies the allegations contained therein, to the extent that they characterize or allege specifics contained in the underlying evidentiary administrative record, including ALJ Smith's Decision and Order, which speaks for itself. To the extent that the allegations do not accurately characterize or allege facts relating to the underlying administrative record, they are denied. To the extent that Plaintiff alleges that Defendant (1) failed to draft and implement appropriate IEPs for T.M.; (2) failed to comprehensively evaluate T.M. to determine her educational needs; and (3) failed to revise T.M,'s IEPs to address her alleged inability to access an educational benefit and make progress, Defendant denies the allegations contained therein for the reason that they are untrue.**

213.    Moreover, Dr. Garrett testified that T.M.'s current reading, writing, and math goals were not appropriate for T.M. based on her current performance levels, and that the goals expected significantly more than T.M. was capable of performing given their focus on grade level criteria and T.M.'s significantly lower performance. (Tr. 279-280, 282, 285).

**ANSWER: Defendant neither admits nor denies the allegations contained therein, to the extent that they characterize or allege specifics contained in the underlying evidentiary administrative record, including ALJ Smith's Decision and Order, which speaks for itself. To the extent that the allegations do not accurately characterize or allege facts relating to the underlying administrative record, they are denied. To the extent that Plaintiff alleges that Defendant (1) failed to draft and implement appropriate IEPs for T.M.; (2) failed to comprehensively evaluate T.M. to determine her educational needs; and (3) failed to revise T.M,'s IEPs to address her alleged inability to access an educational benefit and make progress, Defendant denies the allegations contained therein for the reason that they are untrue.**

214.     Dr. Garrett did not believe that the frequency and duration of services

provided would have allowed T.M. to meet the stated goals.  (Tr. 285-286).

**ANSWER: Defendant neither admits nor denies the allegations contained
therein, to the extent that they characterize or allege specifics contained in the
underlying evidentiary administrative record, including ALJ Smith's Decision
and Order, which speaks for itself. To the extent that the allegations do not
accurately characterize or allege facts relating to the underlying administrative
record, they are denied. To the extent that Plaintiff alleges that Defendant (1)
failed to draft and implement appropriate IEPs for T.M.; (2) failed to
comprehensively evaluate T.M. to determine her educational needs; and (3)
failed to revise T.M,'s IEPs to address her alleged inability to access an
educational benefit and make progress, Defendant denies the allegations
contained therein for the reason that they are untrue.**

215.     For example, Dr. Garrett was perplexed by how the District expected

T.M. to advance from a third grade to a fourth or fifth grade level in math by

attending a high school math class without more support.  (Tr. 280).

**ANSWER: Defendant neither admits nor denies the allegations contained
therein, to the extent that they characterize or allege specifics contained in the
underlying evidentiary administrative record, including ALJ Smith's Decision
and Order, which speaks for itself. To the extent that the allegations do not
accurately characterize or allege facts relating to the underlying administrative
record, they are denied. To the extent that Plaintiff alleges that Defendant (1)
failed to draft and implement appropriate IEPs for T.M.; (2) failed to
comprehensively evaluate T.M. to determine her educational needs; and (3)
failed to revise T.M,'s IEPs to address her alleged inability to access an
educational benefit and make progress, Defendant denies the allegations
contained therein for the reason that they are untrue.**

216.     Similarly, Dr. Garrett felt it would be "impossible" for T.M. to achieve

her speech and language goals with "just three . . . 30 minute sessions a month."  (Tr.

285-286).

**ANSWER: Defendant neither admits nor denies the allegations contained therein, to the extent that they characterize or allege specifics contained in the underlying evidentiary administrative record, including ALJ Smith's Decision and Order, which speaks for itself. To the extent that the allegations do not accurately characterize or allege facts relating to the underlying administrative record, they are denied. To the extent that Plaintiff alleges that Defendant (1) failed to draft and implement appropriate IEPs for T.M.; (2) failed to comprehensively evaluate T.M. to determine her educational needs; and (3) failed to revise T.M,'s IEPs to address her alleged inability to access an educational benefit and make progress, Defendant denies the allegations contained therein for the reason that they are untrue.**

217.    Mr. Portnoy, who conducted T.M.'s 2020 Woodcock-Johnson evaluation, testified that without additional testing "it's hard to say what's causing [T.M.'s] scores," further stating that "the fact that [the District] asked for only achievement testing . . . leaves me at a little bit of a loss to say why any of this would be one way or another."  (Tr. 457).

**ANSWER: Defendant neither admits nor denies the allegations contained therein, to the extent that they characterize or allege specifics contained in the underlying evidentiary administrative record, including ALJ Smith's Decision and Order, which speaks for itself. To the extent that the allegations do not accurately characterize or allege facts relating to the underlying administrative record, they are denied. To the extent that Plaintiff alleges that Defendant (1) failed to draft and implement appropriate IEPs for T.M.; (2) failed to comprehensively evaluate T.M. to determine her educational needs; and (3) failed to revise T.M,'s IEPs to address her alleged inability to access an educational benefit and make progress, Defendant denies the allegations contained therein for the reason that they are untrue.**

218.    However, Mr. Portnoy testified that he did not request additional testing because "The REED [ ] made pretty clear that [the District] did not feel that she was going to be changing her eligibility."  (Tr. 458).

**ANSWER: Defendant neither admits nor denies the allegations contained therein, to the extent that they characterize or allege specifics contained in the underlying evidentiary administrative record, including ALJ Smith's Decision and Order, which speaks for itself. To the extent that the allegations do not accurately characterize or allege facts relating to the underlying administrative record, they are denied. To the extent that Plaintiff alleges that Defendant (1) failed to draft and implement appropriate IEPs for T.M.; (2) failed to comprehensively evaluate T.M. to determine her educational needs; and (3) failed to revise T.M,'s IEPs to address her alleged inability to access an educational benefit and make progress, Defendant denies the allegations contained therein for the reason that they are untrue.**

219.    Thus, Mr. Portnoy's testimony confirms that his only aim was assessing T.M.'s eligibility for special education services—which was never in doubt—rather than assessing her individual educational needs.

**ANSWER: Defendant neither admits nor denies the allegations contained therein, to the extent that they characterize or allege specifics contained in the underlying evidentiary administrative record, including ALJ Smith's Decision and Order, which speaks for itself. To the extent that the allegations do not accurately characterize or allege facts relating to the underlying administrative record, they are denied. To the extent that Plaintiff alleges that Defendant (1) failed to draft and implement appropriate IEPs for T.M.; (2) failed to comprehensively evaluate T.M. to determine her educational needs; and (3) failed to revise T.M,'s IEPs to address her alleged inability to access an educational benefit and make progress, Defendant denies the allegations contained therein for the reason that they are untrue.**

220.    Mr. Portnoy acknowledged that additional testing, such as a cognitive evaluation would have provided useful information for understanding T.M.'s low achievement scores and would have informed appropriate accommodations and services.  (Tr. 458).

**ANSWER: Defendant neither admits nor denies the allegations contained therein, to the extent that they characterize or allege specifics contained in the**

underlying evidentiary administrative record, including ALJ Smith's Decision and Order, which speaks for itself. To the extent that the allegations do not accurately characterize or allege facts relating to the underlying administrative record, they are denied. To the extent that Plaintiff alleges that Defendant (1) failed to draft and implement appropriate IEPs for T.M.; (2) failed to comprehensively evaluate T.M. to determine her educational needs; and (3) failed to revise T.M,'s IEPs to address her alleged inability to access an educational benefit and make progress, Defendant denies the allegations contained therein for the reason that they are untrue.

221.    Mr. Portnoy reiterated his recommendation for "Tier 2" supports,

which according to his testimony could include small group work, a study buddy,

additional remedial work, a multi-tiered support system ("MTSS"), and modified

assignments.  (Tr. 459-460).

**ANSWER: Defendant neither admits nor denies the allegations contained therein, to the extent that they characterize or allege specifics contained in the underlying evidentiary administrative record, including ALJ Smith's Decision and Order, which speaks for itself. To the extent that the allegations do not accurately characterize or allege facts relating to the underlying administrative record, they are denied. To the extent that Plaintiff alleges that Defendant (1) failed to draft and implement appropriate IEPs for T.M.; (2) failed to comprehensively evaluate T.M. to determine her educational needs; and (3) failed to revise T.M,'s IEPs to address her alleged inability to access an educational benefit and make progress, Defendant denies the allegations contained therein for the reason that they are untrue.**

222.    With respect to math, Mr. Portnoy acknowledged that T.M. would

"need[] remediation to bring her up," given that she was performing at the third grade

level while taking a high school math course.  (Tr. 462).

**ANSWER: Defendant neither admits nor denies the allegations contained therein, to the extent that they characterize or allege specifics contained in the underlying evidentiary administrative record, including ALJ Smith's Decision and Order, which speaks for itself. To the extent that the allegations do not accurately characterize or allege facts relating to the underlying administrative**

**record, they are denied. To the extent that Plaintiff alleges that Defendant (1) failed to draft and implement appropriate IEPs for T.M.; (2) failed to comprehensively evaluate T.M. to determine her educational needs; and (3) failed to revise T.M,'s IEPs to address her alleged inability to access an educational benefit and make progress, Defendant denies the allegations contained therein for the reason that they are untrue.**

223.     Ms. Owens, who instructed T.M. from December 2020 through June 2021 for 20 hours per week as part of compensatory education ordered in the June 2019 mediation agreement testified that she quickly found that the information in T.M.'s IEPs about T.M.'s abilities and academic levels was "very misleading."  (Tr. 18-23, 25).

**ANSWER: Defendant neither admits nor denies the allegations contained therein, to the extent that they characterize or allege specifics contained in the underlying evidentiary administrative record, including ALJ Smith's Decision and Order, which speaks for itself. To the extent that the allegations do not accurately characterize or allege facts relating to the underlying administrative record, they are denied. To the extent that Plaintiff alleges that Defendant (1) failed to draft and implement appropriate IEPs for T.M.; (2) failed to comprehensively evaluate T.M. to determine her educational needs; and (3) failed to revise T.M,'s IEPs to address her alleged inability to access an educational benefit and make progress, Defendant denies the allegations contained therein for the reason that they are untrue.**

224.     For example, Ms. Owens thought, based on T.M.'s IEP, that she knew how to do division and began working on an algebraic expression that involved division, but realized T.M. did not know how to divide – so she had to "work back" and come up with entirely different, more basic, material to work on.  (Tr. 25).

**ANSWER: Defendant neither admits nor denies the allegations contained therein, to the extent that they characterize or allege specifics contained in the underlying evidentiary administrative record, including ALJ Smith's Decision**

and Order, which speaks for itself. To the extent that the allegations do not accurately characterize or allege facts relating to the underlying administrative record, they are denied. To the extent that Plaintiff alleges that Defendant (1) failed to draft and implement appropriate IEPs for T.M.; (2) failed to comprehensively evaluate T.M. to determine her educational needs; and (3) failed to revise T.M,'s IEPs to address her alleged inability to access an educational benefit and make progress, Defendant denies the allegations contained therein for the reason that they are untrue.

225.    Ms. Owens had to undo and reformulate her whole program due to the discrepancies between what she read in T.M.'s IEP and what she found T.M.'s actual abilities to be while working with her.  (Tr. 25).

**ANSWER: Defendant neither admits nor denies the allegations contained therein, to the extent that they characterize or allege specifics contained in the underlying evidentiary administrative record, including ALJ Smith's Decision and Order, which speaks for itself. To the extent that the allegations do not accurately characterize or allege facts relating to the underlying administrative record, they are denied. To the extent that Plaintiff alleges that Defendant (1) failed to draft and implement appropriate IEPs for T.M.; (2) failed to comprehensively evaluate T.M. to determine her educational needs; and (3) failed to revise T.M,'s IEPs to address her alleged inability to access an educational benefit and make progress, Defendant denies the allegations contained therein for the reason that they are untrue.**

226.    Ms. Owens further testified that this need to constantly backtrack made T.M. feel unmotivated and caused her to "shut[] down" because T.M. felt that she was being seen or treated "as a baby." (Tr. 25-27).  According to Ms. Owens, things would have started out more smoothly if the District provided her an accurate assessment.  (Tr. 27).  In sum, Ms. Owens testified that she would have been able to instruct T.M. more effectively if the District had provided an accurate assessment. (Tr. 25, 27).

**ANSWER: Defendant neither admits nor denies the allegations contained therein, to the extent that they characterize or allege specifics contained in the underlying evidentiary administrative record, including ALJ Smith's Decision and Order, which speaks for itself. To the extent that the allegations do not accurately characterize or allege facts relating to the underlying administrative record, they are denied. To the extent that Plaintiff alleges that Defendant (1) failed to draft and implement appropriate IEPs for T.M.; (2) failed to comprehensively evaluate T.M. to determine her educational needs; and (3) failed to revise T.M,'s IEPs to address her alleged inability to access an educational benefit and make progress, Defendant denies the allegations contained therein for the reason that they are untrue.**

227.     The ALJ issued an opinion on January 13, 2023, finding that the District did not deny T.M. a FAPE.

**ANSWER: Admitted.**

## COUNT I
### Violation of the Individuals with
### Disabilities in Education Act, 20 U.S.C. § 1400, *et seq.*,
### and implementing federal regulations

228.     The ALJ ignored much of the ample evidence in the record demonstrating the District's denial of a FAPE, reached several erroneous conclusions of fact and law, and gave undue deference to the District's witnesses. The ALJ also committed errors of law by not considering several issues properly submitted for consideration.    Accordingly, Plaintiff seeks review of the administrative decision as to all issues presented.   Reversal is warranted under the "modified de novo" standard and based upon a preponderance of the evidence in the record.

**ANSWER: Defendant admits that Plaintiff seeks review of the underlying administrative decision. Defendant neither admits nor denies the allegations contained therein to the extent that they assert a legal conclusion rather than a factual allegation, which does not require a response and, therefore, leaves Plaintiff to her proofs thereon with a final determination by the Court. To the extent that Plaintiff's allegations contain a factual assertion, Defendant denies these allegations as untrue and leaves Plaintiff to her proofs.**

### *The District Failed to Evaluate T.M.*

229.     The ALJ first erroneously concluded that the record does not support a finding that T.M. failed to make academic progress and that consequently, additional evaluations of T.M. were not needed.   The ALJ specifically held that the fact that T.M. graduated on time despite her circumstances precluded a finding that she failed

to make academic progress.  Yet, in doing so, the ALJ applied the long-rejected

reasoning that "every handicapped child who is advancing from grade to grade in a

regular public school system in automatically receiving a 'free appropriate public

education.'"  *Bd. of Educ. of Hendrick Hudson Cent. Sch. Dist. v. Rowley*, 458 U.S.

176, 203, n.25 (1982)).

**ANSWER: Defendant neither admits nor denies the allegations contained therein to the extent that they assert a legal conclusion rather than a factual allegation, which does not require a response and, therefore, leaves Plaintiff to her proofs thereon with a final determination by the Court. To the extent that Plaintiff's allegations contain a factual assertion, Defendant denies these allegations as untrue and leaves Plaintiff to her proofs.**

230.     Further, the ALJ ignored the ample evidence in the record evincing

T.M.'s lack of progress, including the fact that T.M.'s IEP goals remained largely

unchanged—or even decreased in ambition, as was the case with her math goals—

year after year (which the ALJ later acknowledged).

**ANSWER: Defendant neither admits nor denies the allegations contained therein, to the extent that they characterize or allege specifics contained in the underlying evidentiary administrative record, including ALJ Smith's Decision and Order, which speaks for itself. To the extent that the allegations do not accurately characterize or allege facts relating to the underlying administrative record, they are denied. To the extent that Plaintiff alleges that Defendant (1) failed to draft and implement appropriate IEPs for T.M.; (2) failed to comprehensively evaluate T.M. to determine her educational needs; and (3) failed to revise T.M,'s IEPs to address her alleged inability to access an educational benefit and make progress, Defendant denies the allegations contained therein for the reason that they are untrue.**

231.     The ALJ also ignored evidence in T.M.'s IEPs and academic achievement evaluation results demonstrating that she continued to perform significantly below grade level.  For example, on both the 2019 Brigance evaluation and 2020 Woodcock-Johnson, T.M. performed *seven years-plus* below her grade level in math despite advancing from the ninth to eleventh grade.  To give another example, on both a February 2020 Brigance evaluation and the November 2020 Woodcock-Johnson evaluation, T.M. maintained an approximately seventh-grade level in reading comprehension despite advancing from the tenth to eleventh grade.

**ANSWER: Defendant neither admits nor denies the allegations contained therein, to the extent that they characterize or allege specifics contained in the underlying evidentiary administrative record, including ALJ Smith's Decision and Order, which speaks for itself. To the extent that the allegations do not accurately characterize or allege facts relating to the underlying administrative record, they are denied. To the extent that Plaintiff alleges that Defendant (1) failed to draft and implement appropriate IEPs for T.M.; (2) failed to comprehensively evaluate T.M. to determine her educational needs; and (3) failed to revise T.M,'s IEPs to address her alleged inability to access an educational benefit and make progress, Defendant denies the allegations contained therein for the reason that they are untrue.**

232.     The ALJ also ignored the testimony of T.M.'s compensatory education instructor, Ms. Owens, that T.M. did progress in her time with her.

**ANSWER: Defendant neither admits nor denies the allegations contained therein, to the extent that they characterize or allege specifics contained in the underlying evidentiary administrative record, including ALJ Smith's Decision and Order, which speaks for itself. To the extent that the allegations do not accurately characterize or allege facts relating to the underlying administrative record, they are denied. To the extent that Plaintiff alleges that Defendant (1) failed to draft and implement appropriate IEPs for T.M.; (2) failed to**

**comprehensively evaluate T.M. to determine her educational needs; and (3) failed to revise T.M,'s IEPs to address her alleged inability to access an educational benefit and make progress, Defendant denies the allegations contained therein for the reason that they are untrue.**

233.    By the time T.M. graduated, she continued to maintain elementary and

middle school levels in core subjects of math, reading, and writing.

**ANSWER: Defendant neither admits nor denies the allegations contained therein for lack of knowledge upon which to form a belief.**

234.    In short, a review of the record reveals by the preponderance of the

evidence that T.M. failed to make meaningful academic progress.

**ANSWER: Defendant neither admits nor denies the allegations contained therein to the extent that they assert a legal conclusion rather than a factual allegation, which does not require a response and, therefore, leaves Plaintiff to her proofs thereon with a final determination by the Court. To the extent that Plaintiff's allegations contain a factual assertion, Defendant denies these allegations as untrue and leaves Plaintiff to her proofs.**

235.    The ALJ next attempted to place the blame on T.M.'s mother, S.C., for

not specifically requesting a cognitive evaluation.

**ANSWER: Defendant neither admits nor denies the allegations contained therein, to the extent that they characterize or allege specifics contained in the underlying evidentiary administrative record, including ALJ Smith's Decision and Order, which speaks for itself. To the extent that the allegations do not accurately characterize or allege facts relating to the underlying administrative record, they are denied. To the extent that Plaintiff alleges that Defendant (1) failed to draft and implement appropriate IEPs for T.M.; (2) failed to comprehensively evaluate T.M. to determine her educational needs; and (3) failed to revise T.M,'s IEPs to address her alleged inability to access an educational benefit and make progress, Defendant denies the allegations contained therein for the reason that they are untrue.**

236.     This ignored evidence in the record that the District did not provide

S.C. with progress reports or otherwise keep S.C. apprised of T.M.'s progress despite

S.C.'s repeated requests for more frequent reporting and complaints about the

incomplete nature of the reports that she did eventually receive.

**ANSWER: Defendant neither admits nor denies the allegations contained therein, to the extent that they characterize or allege specifics contained in the underlying evidentiary administrative record, including ALJ Smith's Decision and Order, which speaks for itself. To the extent that the allegations do not accurately characterize or allege facts relating to the underlying administrative record, they are denied. To the extent that Plaintiff alleges that Defendant (1) failed to draft and implement appropriate IEPs for T.M.; (2) failed to comprehensively evaluate T.M. to determine her educational needs; and (3) failed to revise T.M,'s IEPs to address her alleged inability to access an educational benefit and make progress, Defendant denies the allegations contained therein for the reason that they are untrue.**

237.     Thus, S.C. did not have adequate information to judge what specific

further testing would help understand her daughter's educational needs.

**ANSWER: Defendant neither admits nor denies the allegations contained therein, to the extent that they characterize or allege specifics contained in the underlying evidentiary administrative record, including ALJ Smith's Decision and Order, which speaks for itself. To the extent that the allegations do not accurately characterize or allege facts relating to the underlying administrative record, they are denied. To the extent that Plaintiff alleges that Defendant (1) failed to draft and implement appropriate IEPs for T.M.; (2) failed to comprehensively evaluate T.M. to determine her educational needs; and (3) failed to revise T.M,'s IEPs to address her alleged inability to access an educational benefit and make progress, Defendant denies the allegations contained therein for the reason that they are untrue.**

238.     That S.C. was interested in a comprehensive test of her daughter is

demonstrated by the fact that she requested an independent, comprehensive

evaluation both before and after Mr. Portnoy's limited academic achievement

testing—which the District denied and then delayed.

**ANSWER: Defendant neither admits nor denies the allegations contained therein, to the extent that they characterize or allege specifics contained in the underlying evidentiary administrative record, including ALJ Smith's Decision and Order, which speaks for itself. To the extent that the allegations do not accurately characterize or allege facts relating to the underlying administrative record, they are denied. To the extent that Plaintiff alleges that Defendant (1) failed to draft and implement appropriate IEPs for T.M.; (2) failed to comprehensively evaluate T.M. to determine her educational needs; and (3) failed to revise T.M,'s IEPs to address her alleged inability to access an educational benefit and make progress, Defendant denies the allegations contained therein for the reason that they are untrue.**

239.     Further, the ALJ mischaracterized and ignored relevant portions of Mr.

Portnoy's testimony regarding the utility of a cognitive evaluation.

**ANSWER: Defendant neither admits nor denies the allegations contained therein, to the extent that they characterize or allege specifics contained in the underlying evidentiary administrative record, including ALJ Smith's Decision and Order, which speaks for itself. To the extent that the allegations do not accurately characterize or allege facts relating to the underlying administrative record, they are denied. To the extent that Plaintiff alleges that Defendant (1) failed to draft and implement appropriate IEPs for T.M.; (2) failed to comprehensively evaluate T.M. to determine her educational needs; and (3) failed to revise T.M,'s IEPs to address her alleged inability to access an educational benefit and make progress, Defendant denies the allegations contained therein for the reason that they are untrue.**

240.     The ALJ paraphrased Mr. Portnoy's testimony as conveying that "cognitive testing may provide evidence of a learning disability, depending on the score," concluding that "[b]eyond Mr. Portnoy's comment, [ ] Petitioner has presented no argument or evidence showing how cognitive testing may have been indicative of a learning disability."

**ANSWER: Defendant neither admits nor denies the allegations contained therein, to the extent that they characterize or allege specifics contained in the underlying evidentiary administrative record, including ALJ Smith's Decision and Order, which speaks for itself. To the extent that the allegations do not accurately characterize or allege facts relating to the underlying administrative record, they are denied. To the extent that Plaintiff alleges that Defendant (1) failed to draft and implement appropriate IEPs for T.M.; (2) failed to comprehensively evaluate T.M. to determine her educational needs; and (3) failed to revise T.M.'s IEPs to address her alleged inability to access an educational benefit and make progress, Defendant denies the allegations contained therein for the reason that they are untrue.**

241.     This summation misses the mark.  The District had an ongoing obligation to evaluate T.M. both initially and every three years thereafter not only to determine her eligibility but also to assess her disability-related needs in the classroom.  34 C.F.R. §§ 300.301, 303.

**ANSWER: Defendant neither admits nor denies the allegations contained therein to the extent that they assert a legal conclusion rather than a factual allegation, which does not require a response and, therefore, leaves Plaintiff to her proofs thereon with a final determination by the Court. To the extent that Plaintiff's allegations contain a factual assertion, Defendant denies these allegations as untrue and leaves Plaintiff to her proofs.**

242.     To that end, Mr. Portnoy more relevantly testified that additional testing, including a cognitive evaluation, would have provided information relevant to understanding T.M.'s low achievement scores and would have informed appropriate accommodations and services.  (Tr. 458).

**ANSWER: Defendant neither admits nor denies the allegations contained therein, to the extent that they characterize or allege specifics contained in the underlying evidentiary administrative record, including ALJ Smith's Decision and Order, which speaks for itself. To the extent that the allegations do not accurately characterize or allege facts relating to the underlying administrative record, they are denied. To the extent that Plaintiff alleges that Defendant (1) failed to draft and implement appropriate IEPs for T.M.; (2) failed to comprehensively evaluate T.M. to determine her educational needs; and (3) failed to revise T.M,'s IEPs to address her alleged inability to access an educational benefit and make progress, Defendant denies the allegations contained therein for the reason that they are untrue.**

243.     As noted above, Mr. Portnoy and the District did not seek additional testing because T.M. remained eligible for special education services under the IDEA classification of OHI.  The District demonstrated a complete lack of curiosity to understand T.M.'s individual educational needs despite her low performance, and in doing so violated T.M.'s rights under the regulations and denied her a FAPE.

**ANSWER: Defendant neither admits nor denies the allegations contained therein, to the extent that they characterize or allege specifics contained in the underlying evidentiary administrative record, including ALJ Smith's Decision and Order, which speaks for itself. To the extent that the allegations do not accurately characterize or allege facts relating to the underlying administrative record, they are denied. To the extent that Plaintiff alleges that Defendant (1) failed to draft and implement appropriate IEPs for T.M.; (2) failed to comprehensively evaluate T.M. to determine her educational needs; and (3) failed to revise T.M,'s IEPs to address her alleged inability to access an**

**educational benefit and make progress, Defendant denies the allegations contained therein for the reason that they are untrue.**

244.     Similarly, the ALJ erroneously reasoned that because Dr. Garrett's comprehensive evaluation showed that T.M. did not qualify as either cognitively impaired or as a student with a specific learning disability ". . . there is no reason to conclude that a full psychological evaluation of [T.M.] in 2020 would have merited any different approach to her eligibility *or the services provided*."  (emphasis added). This conclusion is both illogical and ignores the more relevant portions of Dr. Garrett's testimony.

**ANSWER: Defendant neither admits nor denies the allegations contained therein to the extent that they assert a legal conclusion rather than a factual allegation, which does not require a response and, therefore, leaves Plaintiff to her proofs thereon with a final determination by the Court. To the extent that Plaintiff's allegations contain a factual assertion, Defendant denies these allegations as untrue and leaves Plaintiff to her proofs.**

245.     Dr. Garrett testified that the District should have performed a cognitive evaluation of T.M. at the outset to gain a baseline with reevaluations every three years and that the District had further cause to perform such an evaluation after T.M.'s poor results on the 2020 Woodcock-Johnson evaluation.

**ANSWER: Defendant neither admits nor denies the allegations contained therein, to the extent that they characterize or allege specifics contained in the underlying evidentiary administrative record, including ALJ Smith's Decision and Order, which speaks for itself. To the extent that the allegations do not accurately characterize or allege facts relating to the underlying administrative record, they are denied. To the extent that Plaintiff alleges that Defendant failed**

**to draft and implement appropriate IEPs for T.M., Defendant denies the allegations contained therein for the reason that they are untrue.**

246.     Like Mr. Portnoy, Dr. Garrett testified that further testing, including a cognitive evaluation, would have provided insights into why her achievement scores were so low.  (Tr. 274-275).

**ANSWER: Defendant neither admits nor denies the allegations contained therein, to the extent that they characterize or allege specifics contained in the underlying evidentiary administrative record, including ALJ Smith's Decision and Order, which speaks for itself. To the extent that the allegations do not accurately characterize or allege facts relating to the underlying administrative record, they are denied. To the extent that Plaintiff alleges that Defendant failed to draft and implement appropriate IEPs for T.M., Defendant denies the allegations contained therein for the reason that they are untrue.**

247.     Further, Dr. Garrett testified that based on her own, comprehensive evaluation, the District should have indeed taken a different approach to T.M.'s services, most notably by giving modified assignments and frequent breaks, (273, 279), and having someone "sit[] with her *every class throughout the school day* to ensure that she's understanding [the material]."  (Tr. 278-279) (emphasis added). T.M. needed "maximum[,]" "intensive, individualized support," (269, 270), and the District did not provide that.

**ANSWER: Defendant neither admits nor denies the allegations contained therein, to the extent that they characterize or allege specifics contained in the underlying evidentiary administrative record, including ALJ Smith's Decision and Order, which speaks for itself. To the extent that the allegations do not accurately characterize or allege facts relating to the underlying administrative record, they are denied. To the extent that Plaintiff alleges that Defendant failed**

**to draft and implement appropriate IEPs for T.M., Defendant denies the
allegations contained therein for the reason that they are untrue.**

248.     T.M.'s resource providers did "push-in" to some extent meaning they

attended her classes at times to follow what material was being covered, but from

February 2019 to January 2021 the District provided a mere 300 minutes or five

hours per week of total special education resource support.  This increased to 600

minutes or ten hours per week in January 2021 (halfway through T.M.'s junior year).

**ANSWER: Defendant neither admits nor denies the allegations contained
therein, to the extent that they characterize or allege specifics contained in the
underlying evidentiary administrative record, including ALJ Smith's Decision
and Order, which speaks for itself. To the extent that the allegations do not
accurately characterize or allege facts relating to the underlying administrative
record, they are denied. To the extent that Plaintiff alleges that Defendant failed
to draft and implement appropriate IEPs for T.M., Defendant denies the
allegations contained therein for the reason that they are untrue.**

249.     Moreover, resource provider Gretchen Madison testified that there was

not enough time in the day for T.M. to take advantage of the resource room.  (Tr.

358-359).  T.M. would have to skip one of her regular general education courses to

seek support in the resource room, and thus she did not frequently do this to avoid

falling further behind.  (*Id.*). \

**ANSWER: Defendant neither admits nor denies the allegations contained
therein, to the extent that they characterize or allege specifics contained in the
underlying evidentiary administrative record, including ALJ Smith's Decision
and Order, which speaks for itself. To the extent that the allegations do not
accurately characterize or allege facts relating to the underlying administrative
record, they are denied. To the extent that Plaintiff alleges that Defendant failed**

**to draft and implement appropriate IEPs for T.M., Defendant denies the allegations contained therein for the reason that they are untrue.**

250.     The ALJ also gave undue weight to the opinions of the District's professional staff, reasoning that they spent more time with T.M.

**ANSWER: Defendant neither admits nor denies the allegations contained therein to the extent that they assert a legal conclusion rather than a factual allegation, which does not require a response and, therefore, leaves Plaintiff to her proofs thereon with a final determination by the Court. To the extent that Plaintiff's allegations contain a factual assertion, Defendant denies these allegations as untrue and leaves Plaintiff to her proofs.**

251.     The Sixth Circuit has recognized the flaw in this approach, explaining that "[i]f the law were that a court must defer to the opinions of those who spend the most time with the student and presumably know him best, then there would be no place for experts." *L.H. v. Hamilton Cnty. Dep't of Educ.*, 900 F.3d 779, 794 (6th Cir. 2018).  If deference were always given to the student's teachers, "parents could never prevail because the student's teachers will always spend more time with the student or know the student better than the parents' hired experts." *Id.*

**ANSWER: Defendant neither admits nor denies the allegations contained therein to the extent that they assert a legal conclusion rather than a factual allegation, which does not require a response and, therefore, leaves Plaintiff to her proofs thereon with a final determination by the Court. To the extent that Plaintiff's allegations contain a factual assertion, Defendant denies these allegations as untrue and leaves Plaintiff to her proofs.**

252.     Unlike the District, Dr. Garrett performed a comprehensive evaluation of T.M., and she thus had information about T.M.'s abilities that the District never bothered to obtain.

**ANSWER: Defendant neither admits nor denies the allegations contained therein, to the extent that they characterize or allege specifics contained in the underlying evidentiary administrative record, including ALJ Smith's Decision and Order, which speaks for itself. To the extent that the allegations do not accurately characterize or allege facts relating to the underlying administrative record, they are denied. To the extent that Plaintiff alleges that Defendant failed to draft and implement appropriate IEPs for T.M., Defendant denies the allegations contained therein for the reason that they are untrue.**

253.     Further, Dr. Garrett's testimony that the District's services were inadequate to meet T.M.'s needs is corroborated by the testimony of T.M.'s compensatory education instructor, Ms. Owens, who immediately realized upon beginning to work with T.M. that her academic levels and abilities were far below how they were portrayed by the District in her IEP.  (Tr. 18-23, 25).

**ANSWER: Defendant neither admits nor denies the allegations contained therein, to the extent that they characterize or allege specifics contained in the underlying evidentiary administrative record, including ALJ Smith's Decision and Order, which speaks for itself. To the extent that the allegations do not accurately characterize or allege facts relating to the underlying administrative record, they are denied. To the extent that Plaintiff alleges that Defendant failed to draft and implement appropriate IEPs for T.M., Defendant denies the allegations contained therein for the reason that they are untrue.**

254.     The ALJ also failed to consider how a comprehensive evaluation and periodic reevaluations of T.M. would have not only changed the District's approach

to the type and degree of services she received but would have also made the services she did receive more effective.

**ANSWER: Defendant neither admits nor denies the allegations contained therein, to the extent that they characterize or allege specifics contained in the underlying evidentiary administrative record, including ALJ Smith's Decision and Order, which speaks for itself. To the extent that the allegations do not accurately characterize or allege facts relating to the underlying administrative record, they are denied. To the extent that Plaintiff alleges that Defendant failed to draft and implement appropriate IEPs for T.M., Defendant denies the allegations contained therein for the reason that they are untrue.**

255.    With a better understanding of T.M.'s true abilities, the District could have formulated appropriate goals, her teachers and resource providers could have been more aware of how much of the general education curriculum T.M. was understanding and provided appropriate help, and her compensatory education with Ms. Owens could have been more successful.

**ANSWER: Defendant denies the allegations contained therein for the reason that they are untrue. To the extent that Plaintiff alleges that Defendant failed to draft and implement appropriate IEPs for T.M., Defendant denies the allegations therein for the reason that they are untrue.**

256.    These considerations all demonstrate how the District's failure to evaluate T.M. resulted in denial of a FAPE.

**ANSWER: Defendant denies the allegations contained therein for the reason that they are untrue.**

257.    Moreover, the ALJ erroneously held that to the extent Plaintiff argued the District violated the IDEA by not conducting an initial cognitive evaluation in

2008, that issue was outside the scope of the proceeding which was limited to actions and omissions after the July 2019 mediation agreement resolving Plaintiff's prior due process complaint.

**ANSWER: Defendant neither admits nor denies the allegations contained therein to the extent that they assert a legal conclusion rather than a factual allegation, which does not require a response and, therefore, leaves Plaintiff to her proofs thereon with a final determination by the Court. To the extent that Plaintiff's allegations contain a factual assertion, Defendant denies these allegations as untrue and leaves Plaintiff to her proofs.**

258.    This is clear legal error.  As the record makes plain, the District *never* conducted a cognitive evaluation of T.M., including after July 2019.

**ANSWER: Defendant neither admits nor denies the allegations contained therein to the extent that they assert a legal conclusion rather than a factual allegation, which does not require a response and, therefore, leaves Plaintiff to her proofs thereon with a final determination by the Court. To the extent that Plaintiff's allegations contain a factual assertion, Defendant denies these allegations as untrue and leaves Plaintiff to her proofs.**

259.    S.C. obtained a cognitive evaluation for her daughter independently in September 2021 only after it became clear to her that the District was not interested in understanding T.M.'s lack of progress and low academic achievement scores.

**ANSWER: Defendant neither admits nor denies the allegations contained therein for lack of knowledge upon which to form a belief.**

260.    The District's failure to comprehensively evaluate and reevaluate T.M., as required by the regulations continuously denied her a FAPE.

**ANSWER: Defendant denies the allegations therein for the reason that they are untrue.**

*The District Failed to Draft Reasonably Calculated IEPs*

261.     The ALJ also made several errors of fact with respect to Plaintiff's claim that the District failed to draft appropriate IEPs.

**ANSWER: Defendant neither admits nor denies the allegations contained therein to the extent that they assert a legal conclusion rather than a factual allegation, which does not require a response and, therefore, leaves Plaintiff to her proofs thereon with a final determination by the Court. To the extent that Plaintiff's allegations contain a factual assertion, Defendant denies these allegations as untrue and leaves Plaintiff to her proofs.**

262.     In the recitation of facts, the ALJ acknowledged that T.M.'s speech and language goals remained "largely unchanged" and that her math goals in fact became *less ambitious* between February 2020 and January 2021.  Yet, the ALJ later concluded that the District modified T.M.'s goals "in a manner consistent with [her] progress or lack thereof."

**ANSWER: Defendant neither admits nor denies the allegations contained therein, to the extent that they characterize or allege specifics contained in the underlying evidentiary administrative record, including ALJ Smith's Decision and Order, which speaks for itself. To the extent that the allegations do not accurately characterize or allege facts relating to the underlying administrative record, they are denied.**

263.     With respect to speech and language, the ALJ correctly recognized at T.M.'s goals remained the same despite her advancement to the next grade level year

after year.  This is evidence that the initial goals were unattainable based on T.M.'s

abilities and the insufficient services provided.

**ANSWER: Defendant neither admits nor denies the allegations contained therein, to the extent that they characterize or allege specifics contained in the underlying evidentiary administrative record, including ALJ Smith's Decision and Order, which speaks for itself. To the extent that the allegations do not accurately characterize or allege facts relating to the underlying administrative record, they are denied.**

264.    Similarly, the fact that T.M.'s math goals became significantly less

ambitious over time indicates that for years, the goals were inappropriately

ambitious, and that the District provided inadequate and inappropriate support in this

subject area.

**ANSWER: Defendant neither admits nor denies the allegations contained therein, to the extent that they characterize or allege specifics contained in the underlying evidentiary administrative record, including ALJ Smith's Decision and Order, which speaks for itself. To the extent that the allegations do not accurately characterize or allege facts relating to the underlying administrative record, they are denied.**

265.    The inappropriateness of T.M.'s goals is corroborated by Ms. Owens'

testimony that she began working on algebraic equations with T.M. only to find that

she did not know how to divide.  (Tr. 25).

**ANSWER: Defendant neither admits nor denies the allegations contained therein, to the extent that they characterize or allege specifics contained in the underlying evidentiary administrative record, including ALJ Smith's Decision and Order, which speaks for itself. To the extent that the allegations do not accurately characterize or allege facts relating to the underlying administrative record, they are denied.**

266.    The inappropriateness of T.M.'s goals is also corroborated by Dr. Garrett's testimony, (Tr. 279-281, 283-285), which the ALJ did not consider.

**ANSWER: Defendant neither admits nor denies the allegations contained therein, to the extent that they characterize or allege specifics contained in the underlying evidentiary administrative record, including ALJ Smith's Decision and Order, which speaks for itself. To the extent that the allegations do not accurately characterize or allege facts relating to the underlying administrative record, they are denied.**

267.    The ALJ makes several errors of fact with respect to the District's inclusion of a writing goal in T.M.'s IEP.

**ANSWER: Defendant neither admits nor denies the allegations contained therein to the extent that they assert a legal conclusion rather than a factual allegation, which does not require a response and, therefore, leaves Plaintiff to her proofs thereon with a final determination by the Court. To the extent that Plaintiff's allegations contain a factual assertion, Defendant denies these allegations as untrue and leaves Plaintiff to her proofs.**

268.    The ALJ simply states that the District added a writing goal to T.M.'s 2020 IEP at S.C.'s request.  This omits the fact that the District first inexplicably removed the writing goal from T.M.'s February 11, 2020, IEP despite S.C.'s express request that one be included.  The District told S.C. it could not add more than two subjects with two goals each.

**ANSWER: Defendant neither admits nor denies the allegations contained therein, to the extent that they characterize or allege specifics contained in the underlying evidentiary administrative record, including ALJ Smith's Decision and Order, which speaks for itself. To the extent that the allegations do not**

accurately characterize or allege facts relating to the underlying administrative record, they are denied.

269.    The ALJ agreed that there is no such cap of four goals but did not address why then the District gave S.C. this blatantly erroneous response to her request for an additional goal.

**ANSWER: Defendant neither admits nor denies the allegations contained therein, to the extent that they characterize or allege specifics contained in the underlying evidentiary administrative record, including ALJ Smith's Decision and Order, which speaks for itself. To the extent that the allegations do not accurately characterize or allege facts relating to the underlying administrative record, they are denied.**

270.    That the District finally added a writing goal back in almost a full year later is a prime example of the District's lack of responsiveness to S.C.'s concerns as well as the District's repeated formulation of T.M.'s IEPs without a grounding in data about her abilities and educational needs.

**ANSWER: Defendant denies the allegations contained therein for the reason that they are untrue.**

271.    In addition, the ALJ made an error of law by failing to consider whether the District's denial of S.C. a meaningful participatory role in formulating T.M.'s IEPs amounted to denial of a FAPE, including the District's failure to provide S.C. with data they relied on to draft T.M.'s IEPs.

**ANSWER: Defendant neither admits nor denies the allegations contained therein to the extent that they assert a legal conclusion rather than a factual allegation, which does not require a response and, therefore, leaves Plaintiff to**

**her proofs thereon with a final determination by the Court. To the extent that Plaintiff's allegations contain a factual assertion, Defendant denies these allegations as untrue and leaves Plaintiff to her proofs.**

272. As set forth in 20 U.S.C. § 1415(b)(7)(A)(iii), a due process complaint need only include "a description of the nature of the problem of the child relating to such proposed initiation or change, including facts relating to such problem." This is a low pleading standard that requires providing enough specificity "to allow the responding party to understand what the Petitioner believes the Respondent has done or failed to do . . . and how that action or inaction has harmed or interfered with Petitioner's education." *F.C. v. Tenn. Dep't of Educ.*, No. 3:16-cv-613 (M.D. Tenn Mar. 6, 2017).

**ANSWER: Defendant neither admits nor denies the allegations contained therein to the extent that they assert a legal conclusion rather than a factual allegation, which does not require a response and, therefore, leaves Plaintiff to her proofs thereon with a final determination by the Court. To the extent that Plaintiff's allegations contain a factual assertion, Defendant denies these allegations as untrue and leaves Plaintiff to her proofs.**

273. As a 2003 Senate Committee Report elaborates, the pleading standard for a due process complaint need not "reach the level of specificity and detail of a pleading or complaint filed in a court of law" with its purpose being to "ensure that the other party . . . will have an awareness and understanding of the issues forming the basis of the complaint." S. Rep. No. 108-185, at 34 (2003), https://www.congress.gov/108/crpt/srpt/CRPT-108srpt185.pdf (accessed Mar. 12, 2023).

**ANSWER: Defendant neither admits nor denies the allegations contained therein to the extent that they assert a legal conclusion rather than a factual allegation, which does not require a response and, therefore, leaves Plaintiff to her proofs thereon with a final determination by the Court. To the extent that Plaintiff's allegations contain a factual assertion, Defendant denies these allegations as untrue and leaves Plaintiff to her proofs.**

274.     T.M.'s due process complaint contained numerous allegations related to the District's refusal to allow S.C. to meaningfully participate, including the District's failure to provide information it relied on to develop T.M.'s IEPs. (*See, e.g.*, Due Process Complaint at ¶¶ 16, 55, 58, 63, 82). This issue was also addressed at length during the administrative hearing. (*See, e.g.*, Tr. 86, 145-146, 159, 166).

**ANSWER: Defendant neither admits nor denies the allegations contained therein to the extent that they assert a legal conclusion rather than a factual allegation, which does not require a response and, therefore, leaves Plaintiff to her proofs thereon with a final determination by the Court. To the extent that Plaintiff's allegations contain a factual assertion, Defendant denies these allegations as untrue and leaves Plaintiff to her proofs. Further, Defendant neither admits nor denies the allegations contained therein, to the extent that they characterize or allege specifics contained in the underlying evidentiary administrative record, including ALJ Smith's Decision and Order, which speaks for itself. To the extent that the allegations do not accurately characterize or allege facts relating to the underlying administrative record, they are denied.**

275.     The April 30, 2021 Order identifying the issues to be covered at the administrative hearing included whether the District denied T.M. a FAPE by "[f]ailing to draft an IEP reasonably calculated to meet T.M.'s educational needs and allow her to access an educational benefit and make appropriate progress." Plaintiff's allegation that T.M.'s IEPs were not reasonably calculated to meet her

educational needs because of the District's failure to meaningfully inform and involve S.C. in the process fits squarely within this identified issue.

**ANSWER: Defendant admits that ALJ Smith's April 30, 2021 Order identifies as one of the issues to be covered at the administrative hearing included whether the District denied T.M. a FAPE by failing to draft an IEP reasonably calculated to meet T.M.'s educational needs and allow her access to an education benefit and make appropriate progress. As it relates to the remaining allegations contained therein, Defendant neither admits nor denies the allegations contained therein to the extent that they assert a legal conclusion rather than a factual allegation, which does not require a response and, therefore, leaves Plaintiff to her proofs thereon with a final determination by the Court. To the extent that Plaintiff's allegations contain a factual assertion, Defendant denies these allegations as untrue and leaves Plaintiff to her proofs.**

276. This issue was properly presented for review, yet not addressed by the ALJ, and should therefore be considered de novo. *See Metro. Nashville Davidson Cty. Sch. v. Guest*, 900 F. Supp. 905, 907 (M.D. Tenn. 1995) (addressing issue not decided by ALJ de novo).

**ANSWER: Defendant neither admits nor denies the allegations contained therein to the extent that they assert a legal conclusion rather than a factual allegation, which does not require a response and, therefore, leaves Plaintiff to her proofs thereon with a final determination by the Court. To the extent that Plaintiff's allegations contain a factual assertion, Defendant denies these allegations as untrue and leaves Plaintiff to her proofs.**

277. The ALJ's finding that the District *did* adequately involve S.C. and respond to her concerns is not supported by the preponderance of the evidence in the record.

**ANSWER: Defendant neither admits nor denies the allegations contained therein to the extent that they assert a legal conclusion rather than a factual**

**allegation, which does not require a response and, therefore, leaves Plaintiff to her proofs thereon with a final determination by the Court. To the extent that Plaintiff's allegations contain a factual assertion, Defendant denies these allegations as untrue and leaves Plaintiff to her proofs.**

278.     Most notably, the ALJ ignored S.C.'s testimony that the District never provided her progress reports, (Tr. 166), and that T.M.'s resource providers did not meaningfully fill out T.M.'s progress reports in a way that would have allowed S.C. to assess her progress or needs.  (Tr. 378-379, 492).   Nor did the ALJ consider that the District denied S.C.'s persistent requests to increase the frequency of the reporting requirement in T.M.'s IEPs.  The ALJ did not consider that the District ignored S.C.'s requests—at the February 2019, February 2020, and October 2020 IEP meetings—for additional evaluations of T.M., and that the District provided the 2020 Woodcock-Johnson evaluation only after denying S.C.'s request for an independent evaluation to avoid a further due process complaint.  (Tr. 46).  The District then impeded and delayed S.C.'s efforts to obtain an independent evaluation after finally approving her request.  Finally, as discussed above, the ALJ omitted the fact that the District baselessly denied S.C.'s request for the addition of a writing goal in T.M.'s February 11, 2020, IEP.  The District prevented S.C. from gaining information that would have allowed her to understand her daughter's needs, and thus would have allowed her to meaningfully participate.

**ANSWER: Defendant denies the allegations contained therein for the reason that they are untrue. To the extent that the allegations do not accurately**

**characterize or allege facts relating to the underlying administrative record, they are denied.**

279. The ALJ's factual conclusions to the contrary were unsupported and ignored critical evidence in the record.

**ANSWER: Defendant denies the allegations contained therein for the reason that they are untrue.**

*The District Failed to Revise T.M.'s IEPs*

280. With respect to the District's failure to revise T.M.'s IEPs in light of T.M.'s lack of progress, the ALJ held that he could not rely on Ms. Owens' progress notes indicating T.M.'s true, lower abilities and lack of progress, as they were not submitted in the record, even though Ms. Owens testified at the hearing that she found T.M.'s abilities in math, reading, and writing to be lower than represented on her IEP, that T.M. failed to make progress while working with her, and that she sent weekly progress reports to the District reflecting as much. (Tr. 18-23, 25-27). In any case, T.M. plans to seek leave to expand the record to include Ms. Owens' progress notes.

**ANSWER: Defendant neither admits nor denies the allegations contained therein, to the extent that they characterize or allege specifics contained in the underlying evidentiary administrative record, including ALJ Smith's Decision and Order, which speaks for itself. To the extent that the allegations do not accurately characterize or allege facts relating to the underlying administrative record, they are denied. To the extent that the allegations contained therein allege that the Defendant failed to review/revise, draft and implement appropriate IEPs for T.M. and/or that Defendant failed to provide T.M. with a FAPE, Defendant denies these allegations as they are untrue.**

281.    Moreover, as detailed above, the ALJ did not consider other evidence in the record evincing T.M.'s lack of progress, including the fact that T.M.'s IEP goals remained largely unchanged—or decreased in ambition—year after year while the type and degree of services remained the same.  For example, T.M.'s February 2019 math goal indicated she would aim to solve multi-step problems, while her February 2020 math goal included the much more basic skills of subtraction and division.  Yet, the District did not add any accommodations or services to specifically address T.M.'s elementary-school math abilities, such as modified assignments or direct services.

**ANSWER: Defendant denies these allegations as they are untrue. Defendant neither admits nor denies the allegations contained therein to the extent that they assert a legal conclusion rather than a factual allegation, which does not require a response and, therefore, leaves Plaintiff to her proofs thereon with a final determination by the Court. To the extent that Plaintiff's allegations contain a factual assertion, Defendant denies these allegations as untrue and leaves Plaintiff to her proofs.**

282.    The District's failure to meaningfully revise T.M.'s IEP became even more egregious following Mr. Portnoy's 2020 Woodcock-Johnson evaluation.  On this score, the ALJ simply concluded that "most if not all of [Mr. Portnoy's recommendations] were . . . incorporated into [T.M.'s] IEPs."

**ANSWER: Defendant denies the allegations that it failed to meaningfully revise T.M. IEPs as untrue. Defendant neither admits nor denies the allegations contained therein, to the extent that they characterize or allege specifics contained in the underlying evidentiary administrative record, including ALJ Smith's Decision and Order, which speaks for itself. To the extent that the**

allegations do not accurately characterize or allege facts relating to the underlying administrative record, they are denied.

283.     This conclusion is not supported by the record.

**ANSWER: Defendant neither admits nor denies the allegations contained therein, to the extent that they characterize or allege specifics contained in the underlying evidentiary administrative record, including ALJ Smith's Decision and Order, which speaks for itself. To the extent that the allegations do not accurately characterize or allege facts relating to the underlying administrative record, they are denied. To the extent that the allegations contained therein allege that the Defendant failed to draft and implement appropriate IEPs for T.M. and/or that Defendant failed to provide T.M. with a FAPE, Defendant denies these allegations as they are untrue.**

284.     For math, Mr. Portnoy's Report specifically recommended that the District provide support from a special education resource teacher and noted that modification of assignments may be needed.   At the hearing, Mr. Portnoy emphasized that T.M. would "need[] remediation [in math] to bring her up," (Tr. 462), as she was performing at the third grade level while taking a high school math course.   Yet, in T.M.'s December 2020 IEP, the District did not provide any new accommodations or services to specifically address T.M.'s poor math performance, such as modified assignments or direct services.   Further, Mr. Portnoy's report simply identified "Tier 2" as the appropriate level of support for T.M. and provided examples, generally, of what that may entail.   The report expressly stated that the list provided was not exhaustive.   Mr. Portnoy clarified at the hearing that his report merely provided examples of what Tier 2 supports could include, noting that Tier 2

support entails "all sorts of possibilities" and could include remedial work.  (Tr.

439).

**ANSWER: Defendant neither admits nor denies the allegations contained therein, to the extent that they characterize or allege specifics contained in the underlying evidentiary administrative record, including ALJ Smith's Decision and Order, which speaks for itself. To the extent that the allegations do not accurately characterize or allege facts relating to the underlying administrative record, they are denied. To the extent that the allegations contained therein allege that the Defendant failed to draft and implement appropriate IEPs for T.M. and/or that Defendant failed to provide T.M. with a FAPE, Defendant denies these allegations as they are untrue.**

285.    Beyond the District's failure to revise T.M.'s IEP to provide adequate

support in math after the Woodcock-Johnson evaluation, the District also failed to

revise her IEP with respect to her other identified areas of need.  For example,

although the November 2020 Woodcock-Johnson evaluation demonstrated that, in

eleventh grade, T.M. continued to have roughly a seventh-grade reading

comprehension level and a fifth-grade reading fluency level, the District removed

reading as an area of need from T.M.'s December 2020 IEP.  The District added a

reading goal back in in January 2021, this time inexplicably focusing only on reading

fluency rather than reading comprehension.

**ANSWER: Defendant neither admits nor denies the allegations contained therein, to the extent that they characterize or allege specifics contained in the underlying evidentiary administrative record, including ALJ Smith's Decision and Order, which speaks for itself. To the extent that the allegations do not accurately characterize or allege facts relating to the underlying administrative record, they are denied. To the extent that the allegations contained therein allege that the Defendant failed to draft and implement appropriate IEPs for**

**T.M. and/or that Defendant failed to provide T.M. with a FAPE, Defendant denies these allegations as they are untrue.**

286.     In December 2020 and January 2021, the District continued to provide only 1.5 hours per month of direct services for speech and language.

**ANSWER: Defendant neither admits nor denies the allegations contained therein, to the extent that they characterize or allege specifics contained in the underlying evidentiary administrative record, including ALJ Smith's Decision and Order, which speaks for itself. To the extent that the allegations do not accurately characterize or allege facts relating to the underlying administrative record, they are denied. To the extent that the allegations contained therein allege that the Defendant failed to draft and implement appropriate IEPs for T.M. and/or that Defendant failed to provide T.M. with a FAPE, Defendant denies these allegations as they are untrue.**

287.     Further, the ALJ did not consider the District's failure to revise T.M.'s IEPs in light of S.C.'s persistent concerns about the adequacy of T.M.'s educational services.  As discussed above, one example of this is the District's refusal to add a writing goal into T.M.'s February 11, 2020, IEP despite S.C.'s request.

**ANSWER: Defendant neither admits nor denies the allegations contained therein, to the extent that they characterize or allege specifics contained in the underlying evidentiary administrative record, including ALJ Smith's Decision and Order, which speaks for itself. To the extent that the allegations do not accurately characterize or allege facts relating to the underlying administrative record, they are denied. To the extent that the allegations contained therein allege that the Defendant failed to draft and implement appropriate IEPs for T.M. and/or that Defendant failed to provide T.M. with a FAPE, Defendant denies these allegations as they are untrue.**

288.     As detailed above, S.C. repeatedly expressed concern that her daughter

was not receiving adequate services, but those concerns were largely ignored.

**ANSWER: Defendant neither admits nor denies the allegations contained therein, to the extent that they characterize or allege specifics contained in the underlying evidentiary administrative record, including ALJ Smith's Decision and Order, which speaks for itself. To the extent that the allegations do not accurately characterize or allege facts relating to the underlying administrative record, they are denied. To the extent that the allegations contained therein allege that the Defendant failed to draft and implement appropriate IEPs for T.M. and/or that Defendant failed to provide T.M. with a FAPE, Defendant denies these allegations as they are untrue.**

### The District Failed to Implement T.M.'s IEPs

289.     Finally, the ALJ did not fully address T.M.'s claim that the District

failed to implement her IEPs.

**ANSWER: Defendant neither admits nor denies the allegations contained therein, to the extent that they characterize or allege specifics contained in the underlying evidentiary administrative record, including ALJ Smith's Decision and Order, which speaks for itself. To the extent that the allegations do not accurately characterize or allege facts relating to the underlying administrative record, they are denied.**

290.     Plaintiff asserted that Ms. Owens, who provided compensatory

education to assist T.M. in meeting her IEP goals, was unable to effectively

implement T.M.'s IEP because the plan, as written, did not accurately reflect T.M.'s

abilities in reading or math.  In addition, the District did not allow T.M.'s

compensatory education to occur on the weekend, requiring the four-hour-long

instructional sessions to occur after a full school day despite of the District's

awareness of T.M.'s struggles with concentration and fatigue.  In short, Plaintiff asserted that the District prevented Ms. Owens from implementing T.M.'s IEP.

**ANSWER: Defendant neither admits nor denies the allegations contained therein, to the extent that they characterize or allege specifics contained in the underlying evidentiary administrative record, including ALJ Smith's Decision and Order, which speaks for itself. To the extent that the allegations do not accurately characterize or allege facts relating to the underlying administrative record, they are denied.**

291.     T.M.'s classroom teachers provided testimony about not having enough hours in a day and one even testified to not even knowing that she had an IEP. These teachers were responsible for implementing the IEP services and accommodations themselves.

**ANSWER: Defendant neither admits nor denies the allegations contained therein, to the extent that they characterize or allege specifics contained in the underlying evidentiary administrative record, including ALJ Smith's Decision and Order, which speaks for itself. To the extent that the allegations do not accurately characterize or allege facts relating to the underlying administrative record, they are denied.**

292.     The ALJ mistakenly interpreted Plaintiff's claim to be that Ms. Owens' testimony concerning T.M.'s low academic abilities demonstrated that the District had not been properly implementing her IEPs.

**ANSWER: Defendant neither admits nor denies the allegations contained therein, to the extent that they characterize or allege specifics contained in the underlying evidentiary administrative record, including ALJ Smith's Decision and Order, which speaks for itself. To the extent that the allegations do not accurately characterize or allege facts relating to the underlying administrative record, they are denied.**

293. Accordingly, Plaintiff's failure to implement claim, as clarified above, should be addressed de novo. *See Metro. Nashville Davidson Cty. Sch.*, 900 F. Supp. at 907.

**ANSWER: Defendant neither admits nor denies the allegations contained therein, to the extent that they characterize or allege specifics contained in the underlying evidentiary administrative record, including ALJ Smith's Decision and Order, which speaks for itself. To the extent that the allegations do not accurately characterize or allege facts relating to the underlying administrative record, they are denied.**

**Defendant neither admits nor denies the allegations contained therein, to the extent it asserts a legal conclusion, rather than a factual allegation, which does not require a response and, therefore, leaves Plaintiff to her proofs thereon with a final determination by the Court. To the extent that Plaintiff's allegations contain a factual assertion, Defendant denies these allegations as untrue and leaves Plaintiff to her proofs.**

294. In any case, the ALJ erroneously concluded that, "Petitioner has not shown by a preponderance of the evidence that Darya Owens's estimation of [T.M.'s] abilities . . . were a more reliable and accurate indicator than [T.M.'s] performance on the academic achievement evaluation administered by Mr. Portnoy."

**ANSWER: Defendant neither admits nor denies the allegations contained therein, to the extent that they characterize or allege specifics contained in the underlying evidentiary administrative record, including ALJ Smith's Decision and Order, which speaks for itself. To the extent that the allegations do not accurately characterize or allege facts relating to the underlying administrative record, they are denied.**

295.     Mr. Portnoy's evaluation of T.M., unlike Dr. Garrett's later evaluation, did not provide a complete picture of T.M. abilities, as it did not include a cognitive evaluation.  Dr. Garrett's comprehensive evaluation corroborated Ms. Owen's observations about T.M.'s low academic abilities.

**ANSWER: Defendant neither admits nor denies the allegations contained therein, to the extent that they characterize or allege specifics contained in the underlying evidentiary administrative record, including ALJ Smith's Decision and Order, which speaks for itself. To the extent that the allegations do not accurately characterize or allege facts relating to the underlying administrative record, they are denied.**

296.     Thus, the ALJ both failed to account for Dr. Garrett's testimony and to explain why he found Mr. Portnoy's testimony more reliable despite Mr. Portnoy's more limited evaluation.

**ANSWER: Defendant neither admits nor denies the allegations contained therein, to the extent that they characterize or allege specifics contained in the underlying evidentiary administrative record, including ALJ Smith's Decision and Order, which speaks for itself. To the extent that the allegations do not accurately characterize or allege facts relating to the underlying administrative record, they are denied.**

### *The ALJ erroneously failed to consider Plaintiff's failure to train and transportation-related allegations*

297.     The ALJ committed an error of law by failing to address three additional issues that were properly presented for decision.

**ANSWER: Defendant neither admits nor denies the allegations contained therein, to the extent that they characterize or allege specifics contained in the underlying evidentiary administrative record, including ALJ Smith's Decision and Order, which speaks for itself. To the extent that the allegations do not accurately characterize or allege facts relating to the underlying administrative record, they are denied. To the extent that T.M. alleges that the District failed to draft and implement appropriate IEPs and/or had appropriately trained staff to implement the IEPs for T.M., the District denies these allegations as untrue and leaves T.M. to her proofs.**

**Defendant neither admits nor denies the allegations contained therein, to the extent it asserts a legal conclusion, rather than a factual allegation, which does not require a response and, therefore, leaves Plaintiff to her proofs thereon with a final determination by the Court. To the extent that Plaintiff's allegations contain a factual assertion, Defendant denies these allegations as untrue and leaves Plaintiff to her proofs.**

298.     The first issue relates to the District's failure to properly train its professional staff.  The factual "failure to train" allegations contained in Plaintiff's closing brief, which were also covered at length at the due process hearing, (*see, e.g.,* Tr. 378-379, 492), relate to T.M.'s resource providers' failure to properly fill out progress reports and service logs, which would have allowed S.C. to be informed of her daughter's progress or lack thereof.  This would have in turn allowed S.C. to meaningfully participate in the drafting of T.M.'s IEPs.  It would also have informed other members of T.M.'s IEP team of the need for further evaluations of T.M., the need to revise her IEP goals to correspond with her abilities, and the need to revise the type and degree of services provided to enable T.M. to make appropriate

progress. Accordingly, these facts relate to several identified issues for review—

failure to evaluate, draft, and revise T.M.'s IEPs.

**ANSWER: Defendant neither admits nor denies the allegations contained therein, to the extent that they characterize or allege specifics contained in the underlying evidentiary administrative record, including ALJ Smith's Decision and Order, which speaks for itself. To the extent that the allegations do not accurately characterize or allege facts relating to the underlying administrative record, they are denied. To the extent that T.M. alleges that the District failed to draft and implement appropriate IEPs and/or had appropriately trained staff to implement the IEPs for T.M., the District denies these allegations as untrue and leaves T.M. to her proofs.**

**Defendant neither admits nor denies the allegations contained therein, to the extent it asserts a legal conclusion, rather than a factual allegation, which does not require a response and, therefore, leaves Plaintiff to her proofs thereon with a final determination by the Court. To the extent that Plaintiff's allegations contain a factual assertion, Defendant denies these allegations as untrue and leaves Plaintiff to her proofs.**

299. As discussed above, the pleading standard for due process complaints

is lower than that of complaints filed in federal court and need only put the

respondent on notice of the nature of the alleged violation and how that impacted the

child's education. Plaintiff's due process complaint contained several allegations

related to the District's failure to properly track and inform S.C. of T.M.'s progress,

including the incomplete nature of service logs provided to S.C. (*See, e.g.*, Due

Process Complaint at ¶¶ 21, 78). Thus, Defendant was on notice of this issue.

**ANSWER: Defendant neither admits nor denies the allegations contained therein, to the extent that they characterize or allege specifics contained in the underlying evidentiary administrative record, including ALJ Smith's Decision and Order, which speaks for itself. To the extent that the allegations do not**

**accurately characterize or allege facts relating to the underlying administrative record, they are denied. To the extent that T.M. alleges that the District failed to draft and implement appropriate IEPs and/or had appropriately trained staff to implement the IEPs for T.M., the District denies these allegations as untrue and leaves T.M. to her proofs.**

**Defendant neither admits nor denies the allegations contained therein, to the extent it asserts a legal conclusion, rather than a factual allegation, which does not require a response and, therefore, leaves Plaintiff to her proofs thereon with a final determination by the Court. To the extent that Plaintiff's allegations contain a factual assertion, Defendant denies these allegations as untrue and leaves Plaintiff to her proofs.**

300.    The second issue the ALJ erroneously deemed outside the scope of review is the District's failure to adequately provide T.M. transportation to and from school.  Again, this issue was sufficiently raised in Plaintiff's due process complaint which contained allegations related to initial issues T.M. experienced with transportation which then continued through her senior year.  (*See, e.g.*, Due Process Complaint at ¶ 21).  The complaint also contained allegations related generally to S.C.'s concerns that T.M.'s IEPs were not being properly implemented. (*See id.* at ¶¶ 78, 83).  The issue of transportation was also covered at the due process hearing.  (Tr. 101-103, 138).  In fact, the ALJ overruled defense counsel's objection that testimony concerning the District's failure to provide transportation was outside the agreed-upon scope of the hearing, accepting Plaintiff counsel's explanation that the topic relates to the District's failure to implementation of T.M.'s IEPs—an identified issue for decision.  (Tr. 99-100).

**ANSWER: Defendant neither admits nor denies the allegations contained therein, to the extent that they characterize or allege specifics contained in the underlying evidentiary administrative record, including ALJ Smith's Decision and Order, which speaks for itself. To the extent that the allegations do not accurately characterize or allege facts relating to the underlying administrative record, they are denied. To the extent that T.M. alleges that the District failed to draft and implement appropriate IEPs and/or had appropriately trained staff to implement the IEPs for T.M., the District denies these allegations as untrue and leaves T.M. to her proofs.**

**Defendant neither admits nor denies the allegations contained therein, to the extent it asserts a legal conclusion, rather than a factual allegation, which does not require a response and, therefore, leaves Plaintiff to her proofs thereon with a final determination by the Court. To the extent that Plaintiff's allegations contain a factual assertion, Defendant denies these allegations as untrue and leaves Plaintiff to her proofs.**

301.    The third issue the ALJ erroneously deemed out of the scope of review was S.C.'s transition plan.  Transition plans are a required part of IEPs and proper to consider as to whether the IEP was appropriate.  The ALJ likewise overruled defense counsel's objection that the transition plan was outside the agreed-upon scope of the hearing.  (*Id.*)

**ANSWER: Defendant neither admits nor denies the allegations contained therein, to the extent that they characterize or allege specifics contained in the underlying evidentiary administrative record, including ALJ Smith's Decision and Order, which speaks for itself. To the extent that the allegations do not accurately characterize or allege facts relating to the underlying administrative record, they are denied. To the extent that T.M. alleges that the District failed to draft and implement appropriate IEPs and/or had appropriately trained staff to implement the IEPs for T.M., the District denies these allegations as untrue and leaves T.M. to her proofs.**

**Defendant neither admits nor denies the allegations contained therein, to the extent it asserts a legal conclusion, rather than a factual allegation, which does**

not require a response and, therefore, leaves Plaintiff to her proofs thereon with a final determination by the Court. To the extent that Plaintiff's allegations contain a factual assertion, Defendant denies these allegations as untrue and leaves Plaintiff to her proofs.

302.    For the foregoing reasons, the District failed to provide a free appropriate public education to Plaintiff.

**ANSWER: Defendant neither admits nor denies the allegations contained therein, to the extent that they characterize or allege specifics contained in the underlying evidentiary administrative record, including ALJ Smith's Decision and Order, which speaks for itself. To the extent that the allegations do not accurately characterize or allege facts relating to the underlying administrative record, they are denied. To the extent that T.M. alleges that the District failed to meet its obligation to provide a free appropriate public education to T.M., the District denies these allegations as untrue and leaves T.M. to her proofs.**

**Defendant neither admits nor denies the allegations contained therein, to the extent it asserts a legal conclusion, rather than a factual allegation, which does not require a response and, therefore, leaves Plaintiff to her proofs thereon with a final determination by the Court. To the extent that Plaintiff's allegations contain a factual assertion, Defendant denies these allegations as untrue and leaves Plaintiff to her proofs.**

303.    As a direct and proximate cause of MDE's violations of the IDEA, Plaintiff has suffered substantial harm to, among other things, her educational experience and opportunity, academic and intellectual progress, and future earning capacity.

**ANSWER: As it relates to the allegation that MDE's violations of the IDEA, which Defendant presumes is the Michigan Department of Education, is the direct and proximate cause of Plaintiff's claims, Defendant neither admits nor denies this allegation for lack of knowledge upon which to form a belief.**

**Defendant further denies that it is legally responsible for any actions of a third party to this litigation. To the extent that the allegations contained therein are actually intended to be asserted against Defendant, Defendant denies these allegations as they are untrue and leaves T.M. to her proofs.**

**COUNT II**
**Discrimination based on disability**
**in violation of Section 504 of the**
**Rehabilitation Act, 29 U.S.C. § 794 *et seq.***

304.    Plaintiff re-alleges all prior paragraphs as though fully set forth herein.

**ANSWER: Defendant hereby incorporates its responses to the foregoing paragraphs as though fully restated and set forth herein.**

305.    Section 504 of the Rehabilitation Act of 1973 ("Section 504") and its implementing regulations provide, in pertinent part, that "[n]o otherwise qualified individual with a  disability . . . shall, solely by reason of his or her disability, be excluded from the  participation in, be denied the benefits of, or be subjected to discrimination under any   program or activity receiving Federal financial assistance." 20 U.S.C. § 794(a); see also 34 C.F.R. § 104.4(a).

**ANSWER: Defendant neither admits nor denies the allegations contained therein, to the extent it asserts a legal conclusion, rather than a factual allegation, which does not require a response and, therefore, leaves Plaintiff to her proofs thereon with a final determination by the Court. To the extent that Plaintiff's allegations contain a factual assertion, Defendant denies these allegations as untrue and leaves Plaintiff to her proofs.**

306.    A person is an "individual with a disability" under Section 504 if that person experiences  "a physical or mental impairment which substantially limits one

or more major life activities."  29 U.S.C. § 705(20)(B) (incorporating definition in

42 U.S.C. § 12102 by reference).

**ANSWER: Defendant neither admits nor denies the allegations contained therein, to the extent it asserts a legal conclusion, rather than a factual allegation, which does not require a response and, therefore, leaves Plaintiff to her proofs thereon with a final determination by the Court. To the extent that Plaintiff's allegations contain a factual assertion, Defendant denies these allegations as untrue and leaves Plaintiff to her proofs.**

307.    "Major life activities" include, but are not limited to, "caring for

oneself, performing manual tasks, seeing, hearing, eating, sleeping, walking,

standing, lifting, bending, speaking, breathing, learning, reading, concentrating,

thinking, communicating, and working." 42 U.S.C. § 12102(2)(A).

**ANSWER: Defendant neither admits nor denies the allegations contained therein, to the extent it asserts a legal conclusion, rather than a factual allegation, which does not require a response and, therefore, leaves Plaintiff to her proofs thereon with a final determination by the Court. To the extent that Plaintiff's allegations contain a factual assertion, Defendant denies these allegations as untrue and leaves Plaintiff to her proofs.**

308.    In the context of public K-12 education, a "qualified individual with a

disability" under Section 504 includes an individual with a disability of an age

during which persons who do not experience disabilities are provided K-12 public

education.  34 C.F.R. § 104.3(1)(2).

**ANSWER: Defendant neither admits nor denies the allegations contained therein, to the extent it asserts a legal conclusion, rather than a factual allegation, which does not require a response and, therefore, leaves Plaintiff to her proofs thereon with a final determination by the Court. To the extent that Plaintiff's allegations contain a factual assertion, Defendant denies these allegations as untrue and leaves Plaintiff to her proofs.**

309.     A "program or activity" includes public K-12 school districts and a "department, agency, special purpose district, or other instrumentality of a State or of a local government."  29 U.S.C. § 794(b) (referencing 20 U.S.C. § 7801(30)).

**ANSWER: Defendant neither admits nor denies the allegations contained therein, to the extent it asserts a legal conclusion, rather than a factual allegation, which does not require a response and, therefore, leaves Plaintiff to her proofs thereon with a final determination by the Court. To the extent that Plaintiff's allegations contain a factual assertion, Defendant denies these allegations as untrue and leaves Plaintiff to her proofs.**

310.     Pursuant to 29 U.S.C. § 794(a), the predecessor to the U.S. Department of Education promulgated regulations regarding application of Section 504's antidiscrimination mandate to K-12 schools that receive federal funding.  The obligations under these regulations are in addition to the general antidiscrimination requirements of 29 U.S.C. § 794.

**ANSWER: Defendant neither admits nor denies the allegations contained therein, to the extent it asserts a legal conclusion, rather than a factual allegation, which does not require a response and, therefore, leaves Plaintiff to her proofs thereon with a final determination by the Court. To the extent that Plaintiff's allegations contain a factual assertion, Defendant denies these allegations as untrue and leaves Plaintiff to her proofs.**

311.   Under these regulations school districts must, *inter alia*:

a.   provide a free appropriate public education to each qualified (individual with  a disability] who is in the recipient's jurisdiction, regardless of the nature or severity of the person's [disability]," 34 C.F.R. § 104.33(a);

b.   "educate, or ... provide for the education of, each qualified [individual with a disability] in its jurisdiction with persons who [do not experience disabilities] to the maximum extent appropriate to the needs of the [individual with a  disability]." 34 C.F.R. § 104.34(a);

c.   "place [an individual with a disability] in the regular educational environment  operated by the recipient unless it is demonstrated by the recipient that the education of the person in the regular environment with the use of supplementary aids and services cannot be achieved satisfactorily. Whenever a recipient places a person in a setting other than the regular educational  environment pursuant to this paragraph, it shall take into account the proximity of the alternate setting to the person's home." 34 C.F.R. § 104.34(a);

d.   "ensure that [individuals with disabilities] participate with non [disabled]   persons in [nonacademic and extracurricular services and activities, including   meals, recess periods, and other nonacademic

services] to the maximum extent appropriate to the needs of the [individual with a disability] in question." 34 C.F.R. § 104.34(b). These nonacademic services include, but are not limited to: counseling services, athletics, transportation, health services, recreational activities, special interest groups or clubs sponsored by the recipients, and others. 34 C.F.R. § 104.37(a)(2);

e. conduct evaluations in accordance with 34 C.F.R. § 104.35(b) "before taking any action with respect to the initial placement of the person [with a disability] in regular or special education and any subsequent significant change in placement." 34 C.F.R. § 104.35(a);

f. provide procedural safeguards, including, inter alia, notice, an opportunity to examine records, an impartial hearing, and a hearing review process. 34 C.F.R. § 104.36.

**ANSWER: Defendant neither admits nor denies the allegations contained therein, to the extent it asserts a legal conclusion, rather than a factual allegation, which does not require a response and, therefore, leaves Plaintiff to her proofs thereon with a final determination by the Court. To the extent that Plaintiff's allegations contain a factual assertion, Defendant denies these allegations as untrue and leaves Plaintiff to her proofs.**

312.    Under Section 504, FAPE requires the provision of regular or special education and related aids and services that (i) are designed to meet individual educational needs of [a child with a disability] as adequately as the needs of [non-

disabled students] are met and (ii) are based upon adherence to procedures that satisfy the requirements of [34 C.F.R.] § 104.34, 104.35, and 104.36."

**ANSWER: Defendant neither admits nor denies the allegations contained therein, to the extent it asserts a legal conclusion, rather than a factual allegation, which does not require a response and, therefore, leaves Plaintiff to her proofs thereon with a final determination by the Court. To the extent that Plaintiff's allegations contain a factual assertion, Defendant denies these allegations as untrue and leaves Plaintiff to her proofs.**

313. Section 504's K-12 education regulations apply to "preschool, elementary, secondary, and adult education programs or activities that receive Federal financial assistance and to recipients that operate, or that receive Federal financial assistance for the operation of, such programs or activities." 34 C.F.R. § 104.31.

**ANSWER: Defendant neither admits nor denies the allegations contained therein, to the extent it asserts a legal conclusion, rather than a factual allegation, which does not require a response and, therefore, leaves Plaintiff to her proofs thereon with a final determination by the Court. To the extent that Plaintiff's allegations contain a factual assertion, Defendant denies these allegations as untrue and leaves Plaintiff to her proofs.**

314. The District is a "program or activity" under Section 504 and a recipient of federal financial assistance for the provision of elementary and secondary education and are therefore obligated to comply with Section 504 and the regulations under 34 C.F.R. Part 104.

**ANSWER: Defendant neither admits nor denies the allegations contained therein, to the extent it asserts a legal conclusion, rather than a factual allegation, which does not require a response and, therefore, leaves Plaintiff to her proofs thereon with a final determination by the Court. To the extent that Plaintiff's allegations contain a factual assertion, Defendant denies these allegations as untrue and leaves Plaintiff to her proofs.**

315.    At all times pertinent to this Complaint, T.M. was eligible for enrollment at the District, and eligible for the receipt of public K-12 education from the District, including a FAPE under Section 504.

**ANSWER: Defendant admits that during the time period covered by the underlying administrative due process hearing, T.M. was eligible for enrollment in the District and eligible for the receipt of public K-12 education from the District, including a FAPE under Section 504. As it relates to the remaining allegations contained therein, Defendant neither admits nor denies those allegations for lack of knowledge upon which to form a belief and, therefore, leaves Plaintiff to her proofs.**

316.    Through the acts and omissions set forth herein, the District, acting under color of law, discriminated against T.M. based on disability and in violation of Section 504, including, but not limited to, the following:

      a. The District denied T.M. the opportunity to participate in the benefits of public education equal to that provided to persons who do not experience disabilities, including having access to educational instruction in an amount equal to that of her same-age, non-disabled peers.

b. The District failed to provide T.M. an opportunity to participate in or benefit from the public education equal to that provided to persons who do not experience disabilities.

c. To the extent the District provided any public educational services to T.M. during the time pertinent to this Complaint, such services were not appropriate or reasonably calculated to provide T.M. an opportunity to participate in or benefit from the public education equal to that provided to persons who do not experience disabilities.

d. The District failed to educate T.M., or provide for T.M.'s education, equal to that provided for persons who do not experience disabilities to the maximum extent appropriate to T.M.'s needs.

**ANSWER: Defendant denies the allegations contained therein for the reason that they are untrue.**

317. The District denied T.M. a FAPE in violation of Section 504 regulations, based upon the foregoing allegations and such other violations of Section 504 as may be discovered during the course of this matter.  All such claims are hereby reserved.

**ANSWER: Defendant denies the allegations contained therein for the reason that they are untrue.**

318.     The District's violations of Section 504 have caused, and continue to

cause, actual and proximate harm to T.M.

**ANSWER: Defendant denies the allegations contained therein for the reason that they are untrue.**


319.     At the time the District violated T.M.'s rights under Section 504 as set

forth above, the District, and its respective agents, had knowledge that a harm to a

federally protected right was substantially likely, and were deliberately indifferent

to that risk.

**ANSWER: Defendant denies the allegations contained therein for the reason that they are untrue.**


320.     The District, and its respective agents, acted with reckless or callous

indifference to T.M.'s federally protected rights under Section 504.

**ANSWER: Defendant denies the allegations contained therein for the reason that they are untrue.**

321.     These repeated violations constitute a continuing violation of Section

504 of the Rehabilitation Act.

**ANSWER: Defendant neither admits nor denies the allegations contained therein, to the extent it asserts a legal conclusion, rather than a factual allegation, which does not require a response and, therefore, leaves Plaintiff to her proofs thereon with a final determination by the Court. To the extent that Plaintiff's allegations contain a factual assertion, Defendant denies these allegations as untrue and leaves Plaintiff to her proofs.**

322.     As a direct and proximate cause of the District's violation of Section 504, Plaintiff has suffered substantial harm to, among other things, her educational experience and opportunity, academic and intellectual progress, and future earning capacity.

**ANSWER: Defendant denies the allegations contained therein for the reason that they are untrue.**

**COUNT III**
**Discrimination based on disability in**
**violation of Title II of the Americans with**
**Disabilities Act, 42 U.S.C. § 12101** *et seq.*

323.     Plaintiff re-alleges all prior paragraphs as though fully set forth herein.

**ANSWER:  Defendant hereby incorporates its responses to the foregoing paragraphs as though fully restated and set forth herein.**

324.     42 U.S.C. § 12132 provides that "no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity."

**ANSWER: Defendant neither admits nor denies the allegations contained therein, to the extent it asserts a legal conclusion, rather than a factual allegation, which does not require a response and, therefore, leaves Plaintiff to her proofs thereon with a final determination by the Court. To the extent that Plaintiff's allegations contain a factual assertion, Defendant neither admits or denies the allegations for lack of knowledge upon which to form a belief and, therefore, leaves Plaintiff to her proofs.**

325.     The District is a public entity subject to Title II.

**ANSWER: Admitted.**

326.     Plaintiff is a person with a disability within the meaning of the ADA. 42 U.S.C. § 12102.

**ANSWER: Admitted.**

327.     The District intentionally violated Plaintiff's rights under the ADA and its regulations by denying her access to equal educational opportunities afforded to students with disabilities; by excluding her from participation in and denying them the benefits of the District's and State's services, programs, and activities; and by subjecting her to discrimination. 42 U.S.C. § 12132.

**ANSWER:  Defendant denies the allegations contained therein for the reason that they are untrue.**

328.     The District otherwise intentionally discriminated against Plaintiff in violation of 42 U.S.C. § 12132.

**ANSWER: Defendant denies the allegations contained therein for the reason that they are untrue.**

329.     Disability discrimination under Title II also includes a public entity's failure to make reasonable modifications necessary to avoid disability discrimination.  28 C.F.R. § 35.130(b)(7).

**ANSWER: Defendant neither admits nor denies the allegations contained therein, to the extent it asserts a legal conclusion, rather than a factual allegation, which does not require a response and, therefore, leaves Plaintiff to her proofs thereon with a final determination by the Court. To the extent that Plaintiff's allegations contain a factual assertion, Defendant neither admits or denies the allegations for lack of knowledge upon which to form a belief and, therefore, leaves Plaintiff to her proofs.**

330.     ADA regulations specify, inter alia, that it is unlawful discrimination for a public entity either directly or through contractual, licensing, or other arrangements to:

    a. "Deny a qualified individual with a disability the opportunity to participate in or benefit from the aid, benefit, or service;"

    b. "[a]fford a qualified individual with a disability an opportunity to participate in or benefit from the aid, benefit, or service that is not equal to that afforded others;"

    c. "[p]rovide a qualified individual with a disability with an aid, benefit, or  service that is not as effective in affording equal opportunity to obtain the same result, to gain the same benefit, or to reach the same level of achievement as that provided to others,"

d. "Aid or perpetuate discrimination against a qualified individual with a disability by providing significant assistance to an agency, organization, or person that discriminates on the basis of disability in providing any aid, benefit, or service to beneficiaries of the public entity's program;"

e. "Otherwise limit a qualified individual with a disability in the enjoyment of any right, privilege, advantage, or opportunity enjoyed by others receiving the aid, benefit, or service." 28 C.F.R. § 35.130(b)(1).

**ANSWER: Defendant neither admits nor denies the allegations contained therein, to the extent it asserts a legal conclusion, rather than a factual allegation, which does not require a response and, therefore, leaves Plaintiff to her proofs thereon with a final determination by the Court. To the extent that Plaintiff's allegations contain a factual assertion, Defendant neither admits or denies the allegations for lack of knowledge upon which to form a belief and, therefore, leaves Plaintiff to her proofs.**

331.    Under the ADA regulations, "[a] public entity may not, directly or through contractual or other arrangements, utilize criteria or methods of administration: (1) That have the effect of subjecting qualified individuals with disabilities to discrimination on the basis of disability; [or] (ii) That have the purpose or effect of defeating or substantially impairing accomplishment of the objectives of the public entity's program with respect to individuals with disabilities . . . ." 28 C.F.R. § 35.130(b)(3).

**ANSWER: Defendant neither admits nor denies the allegations contained therein, to the extent it asserts a legal conclusion, rather than a factual allegation, which does not require a response and, therefore, leaves Plaintiff to her proofs thereon with a final determination by the Court. To the extent that Plaintiff's allegations contain a factual assertion, Defendant neither admits or denies the allegations for lack of knowledge upon which to form a belief and, therefore, leaves Plaintiff to her proofs.**

332.     ADA regulations require public entities to "administer services, programs, and activities in the most integrated setting appropriate to the needs of qualified individuals with disabilities." 28 C.F.R. § 35.130(d). Pursuant to statutory authority, the U.S. Attorney General defined the "most integrated setting" as "a setting that enables individuals with disabilities to interact with non-disabled persons to the fullest extent possible." *Nondiscrimination on the Basis of Disability in State and Local Government Services*, 56 Fed. Reg. 35696, 35705 (July 26, 1991) (incorporated at 28 C.F.R. pt. 35, App. B); *see also* 5 U.S.C. § 301.

**ANSWER: Defendant neither admits nor denies the allegations contained therein, to the extent it asserts a legal conclusion, rather than a factual allegation, which does not require a response and, therefore, leaves Plaintiff to her proofs thereon with a final determination by the Court. To the extent that Plaintiff's allegations contain a factual assertion, Defendant neither admits or denies the allegations for lack of knowledge upon which to form a belief and, therefore, leaves Plaintiff to her proofs.**

333.    "Individual with disability" and "major life activities" have the same meaning under Title II of the ADA and under Section 504 as set forth above. 20 U.S.C. § 12102.

**ANSWER: Defendant neither admits nor denies the allegations contained therein, to the extent it asserts a legal conclusion, rather than a factual allegation, which does not require a response and, therefore, leaves Plaintiff to her proofs thereon with a final determination by the Court. To the extent that Plaintiff's allegations contain a factual assertion, Defendant neither admits or denies the allegations for lack of knowledge upon which to form a belief and, therefore, leaves Plaintiff to her proofs.**

334.    Under Title II of the ADA, a public entity includes any state or local government and any "department, agency, special purpose district, or other instrumentality of a State or States or local government." 28 C.F.R. § 35.104.

**ANSWER: Defendant neither admits nor denies the allegations contained therein, to the extent it asserts a legal conclusion, rather than a factual allegation, which does not require a response and, therefore, leaves Plaintiff to her proofs thereon with a final determination by the Court. To the extent that Plaintiff's allegations contain a factual assertion, Defendant neither admits or denies the allegations for lack of knowledge upon which to form a belief and, therefore, leaves Plaintiff to her proofs.**

335.    "Qualified individual with a disability" under ADA Title II means "an individual with a disability who, with or without reasonable modifications to rules, policies, or practices, the removal of architectural, communication, or transportation barriers, or the provision of auxiliary aids and services, meets the essential eligibility

requirements for the receipt of services or the participation in programs or activities provided by a public entity." 28 C.F.R. § 35.104.

**ANSWER: Defendant neither admits nor denies the allegations contained therein, to the extent it asserts a legal conclusion, rather than a factual allegation, which does not require a response and, therefore, leaves Plaintiff to her proofs thereon with a final determination by the Court. To the extent that Plaintiff's allegations contain a factual assertion, Defendant neither admits or denies the allegations for lack of knowledge upon which to form a belief and, therefore, leaves Plaintiff to her proofs.**

336.    Through the acts and omissions described herein, The District acting under color of law, is discriminating against T.M. in violation of the ADA, including, but not limited to  the following ways:

a. Denying T.M. the opportunity to participate in or benefit from educational services equal to that afforded to others;

b. Denying T.M. educational services that are as effective in affording equal opportunity to obtain the same result, gain the same benefit, or reach the same level of achievement as that provided other students;

c. Denying T.M. the opportunity to receive educational programs and services in the most integrated setting appropriate to her needs;

d. Failing to make reasonable modifications to its programs and services necessary to avoid discrimination against T.M.;

e. Utilizing methods of administration that have the effect of defeating or substantially impairing the accomplishment of the objectives of the District's educational programs with respect to T.M.

**ANSWER: Defendant denies the allegations contained therein for the reason that they are untrue.**

337. At the time the District violated T.M.'s rights under the ADA as set forth above, the District, and its respective agents, had knowledge that a harm to a federally protected right was substantially likely, and were deliberately indifferent to that risk.

**ANSWER: Defendant denies the allegations contained therein for the reason that they are untrue.**

338. The District, and its respective agents, acted with reckless or callous indifference to T.M.'s federally protected rights under the ADA.

**ANSWER: Defendant denies the allegations contained therein for the reason that they are untrue.**

339. As a direct and proximate cause of the District's violation of the ADA, Plaintiff has suffered substantial harm to, among other things, her educational experience and opportunity, academic and intellectual progress, and future earning capacity.

**ANSWER: Defendant denies the allegations contained therein for the reason that they are untrue.**

## COUNT IV
### Discrimination based on disability
### in violation of Michigan's
### Persons with Disabilities Civil Rights Act
### M.C.L. § 37.1101 *et seq*.

340.     Plaintiff re-alleges all prior paragraphs as though fully set forth herein.

**ANSWER:  Defendant hereby incorporates its responses to the foregoing paragraphs as though fully restated and set forth herein.**

341.     The District is an education institution as defined in the Persons with

Disabilities Civil Rights Act ("PDCRA").  M.C.L. 37.1401 *et seq.*

**ANSWER: Defendant neither admits nor denies the allegations contained therein, to the extent that they assert a legal conclusion rather than a factual allegation, which does not require a response. To the extent that a response is required, the allegations are only admitted to the extent that they accurately state governing law, and otherwise it is denied and Plaintiff is left to her proofs.**

342.     Plaintiff is a person with a disability within the meaning of PDCRA.

*Id*.

**ANSWER: Defendant neither admits nor denies the allegations contained therein, to the extent that they assert a legal conclusion rather than a factual allegation, which does not require a response. To the extent that a response is required, the allegations are only admitted to the extent that they accurately state governing law, and otherwise it is denied and Plaintiff is left to her proofs.**

343.     PDCRA prohibits discrimination in educational institutions or facilities because of a disability.  M.C.L. 37.1302; M.C.L. 37.1402.

**ANSWER: Defendant neither admits nor denies the allegations contained therein, to the extent that they assert a legal conclusion rather than a factual allegation, which does not require a response. To the extent that a response is required, the allegations are only admitted to the extent that they accurately state governing law, and otherwise it is denied and Plaintiff is left to her proofs.**

344.     PDCRA prohibits educational institutions from discriminating against an individual in the full utilization of or benefit from the institution, or the services, activities, or programs provided by the institution because of a disability.  M.C.L. 37.1402(a).

**ANSWER: Defendant neither admits nor denies the allegations contained therein, to the extent that they assert a legal conclusion rather than a factual allegation, which does not require a response. To the extent that a response is required, the allegations are only admitted to the extent that they accurately state governing law, and otherwise it is denied and Plaintiff is left to her proofs.**

345.     PDCRA prohibits places of public accommodation, including educational facilities, from denying an individual the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations because of a disability.  M.C.L. 37.1302(a).

**ANSWER: Defendant neither admits nor denies the allegations contained therein, to the extent that they assert a legal conclusion rather than a factual**

**allegation, which does not require a response. To the extent that a response is required, the allegations are only admitted to the extent that they accurately state governing law, and otherwise it is denied and Plaintiff is left to her proofs.**

346.     The District's failure to accommodate T.M. and failure to provide T.M. with a full and equal enjoyment of its services constitute discrimination under PDCRA.

**ANSWER: Defendant neither admits nor denies the allegations contained therein, to the extent that they assert a legal conclusion rather than a factual allegation, which does not require a response. To the extent that a response is required, Defendant denies those allegations as untrue and leaves Plaintiff to her proofs.**

347.     The District denied T.M. access to a public education on the basis of her disability in violation of PDCRA.

**ANSWER: Defendant denies the allegations contained therein as they are untrue.**

348.     As a direct and proximate cause of the District's violation of PDCRA, Plaintiff has suffered substantial harm to, among other things, her educational experience and opportunity, academic and intellectual progress, and future earning capacity.

**ANSWER: Defendant denies the allegations contained therein as they are untrue.**

    **WHEREFORE,** Defendant asks that this Honorable Court enter an order by which Plaintiff take nothing by way of the Complaint and that the case be dismissed,

judgment be rendered for Defendant, and that Defendant be awarded all costs, attorneys' fees and such other relief as this Honorable Court may deem equitable and just.

## AFFIRMATIVE DEFENSES

Defendant, Detroit Public Schools Community District, by its Counsel, Clark Hill PLC, hereby asserts and reserves the following affirmative defenses:

A. Plaintiff's Complaint fails to set forth a claim or cause upon which relief can be granted as prayed.

B. To the extent that Plaintiff's claims under Section 504 and the ADA raise issues that were not addressed in the underlying administrative hearing conducted under the IDEA, those claims are barred by Plaintiff's failure to exhaust administrative remedies under IDEA.

C. Plaintiff's claims are barred by the Statute of Limitations.

D. Plaintiff has failed to mitigate her damages, if any.

E. Any damages complained of by Plaintiff were not proximately caused by Defendant.

F. The Court lacks personal and subject matter jurisdiction over some or all of Plaintiff's claims.

G. Plaintiff is barred by the doctrine of laches.

H. Plaintiff has waived her claims, in part, by agreeing to accommodations and supports that were provided and has not raised complaints sooner, as well as agreeing to the terms of the settlement agreement reached by the parties.

I. Plaintiff is estopped from making the claims in her lawsuit.

J. Defendant is entitled to governmental immunity and is therefore immune from suit for civil damages for this claim as set forth in the case law and statutes of this State.

K. Defendant reserves the right to amend its Answer, including additional Affirmative Defenses, upon completion of investigation and discovery of this cause.

WHEREFORE, Defendant, Detroit Public Schools Community District ask that Plaintiff take nothing by way of the Complaint and that the case be dismissed, judgment be rendered for Defendant, and that Defendant be awarded all costs, attorneys' fees and such other relief as this Honorable Court may deem equitable and just.

Dated: September 11, 2023          Respectfully Submitted,

**s/ Vickie L. Coe**
Clark Hill PLC
Attorneys for Defendant
215 South Washington Square, Suite 200.
Lansing, MI 48933
(517) 318-3013
vcoe@clarkhill.com

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on September 11, 2023, I caused the foregoing to be electronically filed by the Clerk of the Court using the electronic filing system, which will send notification of such filing to all counsel of record at their respective addresses as disclosed on the pleadings.

Dated: September 11, 2023   **<u>s/ Vickie L. Coe</u>**
         Vickie L. Coe (P72489)
         Clark Hill PLC
         Attorneys for Defendant
         Detroit Public Schools Community District
         215 South Washington Square, Suite 200.
         Lansing, MI 48933
         (517) 318-3013
         vcoe@clarkhill.com