UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

T.M.,

    Plaintiff,

v.

DETROIT PUBLIC SCHOOLS
COMMUNITY DISTRICT,

    Defendant.

Case No. 2:23-cv-10852-GCS-KGA

Hon. George Caram Steeh III

Mag. Kimberly J. Altman

---

Elizabeth K. Abdnour (P78203)
*Attorney for Plaintiffs*
ABDNOUR WEIKER LLP
500 E. Michigan Ave., Ste. 130
Lansing, MI 48912
P: (517) 994-1776
F: (614) 417-5081
liz@education-rights.com

Jacquelyn Kmetz (P83575)*
*Attorney for Plaintiffs*
BARGER & GAINES
90 N. Broadway, Ste. 320
Irvington, NY 10533
P: (734) 864-4514
F: (914) 902-5917
jacquelyn@bargergaines.com

*in the process of seeking admission to the U.S. District Court for the Eastern District of Michigan

Vickie L. Coe (P72489)
*Attorney for Defendant*
Clark Hill PLC
215 S. Washington Square, Suite 200
Lansing, MI 48933
(517) 318-3013
vcoe@clarkhill.com

# **FED. R. CIV. P. 26(F) JOINT DISCOVERY PLAN & CASE MANAGEMENT PLAN**

Plaintiff and Defendant Detroit Public Schools Community District, by and through their counsel pursuant to Fed. R. Civ. P. 26(f), present to this Court the following Joint Discovery Plan.

A Rule 16 Scheduling Conference, before the Hon. Judge George Caram Steeh III, has not been scheduled yet. Pursuant to Hon. Judge George Caram Steeh III's Order, entered on September 20, 2023, upon receipt of this Joint Discovery Plan, the Court will determine at that time if a Scheduling Conference needs to be set or will enter a Scheduling Order based off this Joint Discovery Plan. Should a Scheduling Conference be necessary, appearing for the parties will be: Elizabeth Abdnour for Plaintiff and Vickie L. Coe for Defendant Detroit Public Schools Community District.

(1) Jurisdiction: Plaintiff asserts jurisdiction is conferred upon this Court by the IDEA, 20 U.S.C. §§ 1415(i)(2)(A) and 1415(i)(3)(A); pursuant to 28 U.S.C. § 1331, based upon the federal question raised herein, and 28 U.S.C. § 1343; and pursuant to the ADA, as amended, 42 U.S.C. § 12101 et seq., and Section 504, 29 U.S.C. § 794. Defendant does not dispute that the Court has jurisdiction over the sort of claims raised by Plaintiff; subject to the Defendant's affirmative defenses, Defendant does not dispute the Court's jurisdiction over Plaintiff's federal claims.

(2) <u>Jury or Non-Jury</u>: The parties dispute whether the IDEA confers a right to a jury trial over an appeal of administrative due process hearing decision. Plaintiff's non-IDEA claims are to be tried before a jury.

(3) <u>Judicial Availability</u>: The parties do not agree to have a United States Magistrate Judge conduct any and all further proceedings in the case, including trial, and to order the entry of final judgment.

(4) <u>Geographic Transfer</u>: Not advised by the parties.

(5) <u>Statement of the Case</u>:

**Plaintiffs' Statement of the Case**:  Plaintiff brings claims against the Detroit Public Schools Community District for violations of the Individuals with Disabilities Education Act (IDEA), Section 504 of the Rehabilitation Act of 1973 (Section 504), and the Americans with Disabilities Act of 1990 (ADA). Plaintiff is a former student of Detroit Public Schools Community District (DPSCD).

During her school career at DPSCD, Plaintiff was eligible for special education services and entitled to receive a free appropriate public education (FAPE).  However, DPSCD failed to properly identify and evaluate all of Plaintiffs disability-related needs and failed to provide Plaintiff a FAPE. A routine psychoeducational evaluation would have provided DPSCD with the necessary information for creating an appropriate educational program for Plaintiff. DPSCD failed to perform basic evaluations and reevaluations, and subsequently failed to

appropriately review and revise Plaintiff's IEPs to provide appropriate goals, supports, and services to meet her needs, such that Plaintiff was denied a FAPE for several years.

**Defendant's Statement of the Case**: This action is an appeal from Administrative Law Judge ("ALJ") Paul Smith's January 13, 2023 Decision and Order denying the Plaintiff's multi-issue due process hearing complaint. The Decision and Order followed multiple days of hearing, extensive documentation, and cross-briefing by the parties after which time the ALJ determined that Plaintiff had not met her burden of proof with regards to the issues identified for hearing. The ALJ correctly held that Defendant had not deprived Plaintiff of a free appropriate public education. More specifically, correctly held that Defendant properly evaluated Plaintiff; drafted appropriate individualized education programs that provided her with supports and services that were reasonably calculated to enable her to make progress in light her individual circumstances; reviewed and revised the individualized education programs for Plaintiff, as appropriate; and properly implemented the individualized education programs developed for Plaintiff. In conclusion, the ALJ correctly held that Defendant had met is federal and state obligations toward Plaintiff. In addition, the ALJ correctly held that Plaintiff was not

4

permitted to belatedly expand the scope of the due process hearing. Defendant denies liability and damages.[1]

(6) <u>Pendent State Claims</u>: This case includes pendent state claims under the Michigan Persons with Disabilities Civil Rights Act ("PDCRA"), M.C.L. 37.1101 et seq.

(7) <u>Joinder of Parties and Amendment of Pleadings</u>: The parties agree to file all motions for joinder of parties to this action and to file all motions to amend the pleadings by **December 8, 2023**.

(8) <u>Disclosures and Exchanges</u>: Rule 26(a) mandates particular disclosures that apply on a self-executing timetable in the absence of contrary court order.

(i) Fed. R. Civ. P. 26(a)(1) Initial disclosures: **December 8, 2023**.

(ii) Fed. R. Civ. P. 26(a)(2) Expert disclosures:

    Plaintiffs' expert disclosures:   **March 15, 2024.**

    Defendant's expert disclosures: **April 15, 2024.**

    Rebuttal expert disclosures: **May 6, 2024.**

(iii) Fed. R. Civ. P. 26(a)(3) Pretrial disclosures: <u>To be determined once trial has been scheduled.</u>

---

[1] In a separate case, *T.M. v Michigan Department of Education*, Case No. 1:23-cv-00762 (W.D. Mich. 2023), Plaintiff alleges that the Michigan Department of Education is culpable and responsible for the alleged failures that she has levied against the Defendant and has asked for identical remedies.

5

(iv) The parties are unable to agree on voluntary production at this time.

(9) <u>Discovery</u>: The parties believe that all fact discovery can be completed by **<u>August 5, 2024</u>**.

The parties recommend the following discovery plan:

<u>Scope of Discovery</u>: The parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, including, but not limited to: Plaintiff's educational experience at DPSCD and Plaintiff's damages; Defendant's affirmative and other defenses; all other relevant subject areas as necessary. The parties agree that discovery should not be conducted in phases.

<u>Expert Discovery</u>: Plaintiffs may offer experts on both liability and damages. Defendant may offer experts on both liability and damages.

(10) <u>Disclosure or Discovery of Electronically Stored Information:</u> The parties intend to enter into a proposed stand-alone stipulated protective order governing the handling of ESI as well as the handling of confidential information that may be produced in this litigation.

(11) <u>Assertion of Claims of Privilege or Work-Product Immunity After Production:</u> The parties agree that claims of privilege or work product will not be waived in the event of any inadvertent disclosure of such information. The parties agree to deal with claims of privilege or work-product immunity in the manner set

6

forth in Fed. R. Civ. P. 26(b)(5). If work product, attorney client, or trial preparation privileges are asserted and a document withheld in its entirety, a privilege log will be contemporaneously prepared. If a document is redacted for privilege, the redaction shall state on its face the privileged claimed. As needed, the parties agree to develop in good faith a stipulated protective order covering claims of privilege or work-product. Both parties reserve the right to file a motion for protective order should they fail to agree to a stipulated order.

(12) Motions: The parties anticipate that all dispositive motions will be filed by **September 20, 2024**. The parties acknowledge that it is the policy of this Court to prohibit the consideration of non-dispositive discovery motions unless accompanied by a certification that the moving party has made a reasonable and good faith effort to reach agreement with opposing counsel on the matters set forth in the motion.

(13) Alternative Dispute Resolution: The parties agree to engage in settlement negotiations and will request the following method(s) of alternative dispute resolution if and when the parties believe appropriate: voluntary facilitative mediation ("VFM"). The parties' preference is that VFM occur after the Court decides the IDEA claim to provide clarity to the parties and to maximize the likelihood that the parties will be able to reach a resolution through the VFM process.

7

The parties do not agree to submit this matter to case evaluation or early neutral evaluation.

(14) Length of Trial: Counsel estimate the trial will last approximately 8 days, total, allocated as follows: 5 days for Plaintiff's case and 3 days for Defendant's case.

(15) Prospects of Settlement: The status of settlement negotiations is: The parties have not yet engaged in settlement discussions but are open to doing so at an early stage in this case.

(16) Electronic Document Filing System: Counsel are reminded that Local Civil Rule 5.7(a) now requires that attorneys file and serve all documents electronically, by means of the Court's CM/ECF system, unless the attorney has been specifically exempted by the Court for cause or a particular document is not eligible for electronic filing under the rule. The Court expects all counsel to abide by the requirements of this rule.

Respectfully submitted,

 w/ consent /s/ Elizabeth K. Abdnour  
Elizabeth K. Abdnour (P78203)  
*Attorney for Plaintiffs*  
ABDNOUR WEIKER LLP  
500 E. Michigan Ave., Ste. 130  
Lansing, MI 48912  
P: (517) 994-1776  
F: (614) 417-5081  
liz@education-rights.com  

w/ consent /s/ Jacquelyn Kmetz  
Jacquelyn Kmetz (P83575)*  

/s/Vickie L. Coe  
Vickie L. Coe (P72489)  
Attorney for Defendant  
Clark Hill PLC  
215 S. Washington Square, Suite 200  
Lansing, MI 48933  
(517) 318-3013  
vcoe@clarkhill.com

*Attorney for Plaintiffs*
BARGER & GAINES
90 N. Broadway, Ste. 320
Irvington, NY 10533
P: (734) 864-4514
F: (914) 902-5917
jacquelyn@bargergaines.com

*in the process of seeking admission to the U.S. District Court for the Eastern District of Michigan

**Dated: October 23, 2023**